Thornton Davidson, Esq., SBN 166487
THORNTON DAVIDSON, P.C.
1195 West Shaw Ave, Suite A
Fresno, California 93711
Tel: (559) 476-5064
Fax: (559) 421-0368
E-mail: thornton@thorntondavidsonlaw.com

Attorneys for Plaintiff MAHESH GOGRI

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

\* \* \* \* \*

| | |
|---|---|
| MAHESH GOGRI,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>KARAN GOGRI, an individual, SHILPA GOGRI, an individual, RENE GRADY, an individual, SANJIV PATEL, an individual, JOHN DOE NUMBERS 1-5, individuals, and JOHN DOE NUMBERS 6-10, entities,<br><br>　　　　　Defendants. | Case No.:<br><br>**PLAINTIFF MAHESH GOGRI'S COMPLAINT UNDER FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT (18 U.S.C. §1964(C)): VIOLATION OF 18 U.S.C. §§ 1962(a), (b), (c), AND (d)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MAHESH GOGRI ("Mahesh" or "Plaintiff") submits this Complaint for civil violations of the Federal Racketeer Influenced and Corrupt Organization Act (18 U.S.C. §1964(c)) ("RICO"), against Defendants KARAN GOGRI ("Karan"), an individual, SHILPA GOGRI ("Shilpa"), an individual, RENE GRADY ("Grady"), an individual, SANJIV PATEL ("Patel"), an individual, as follows:

Federal RICO Action

1

I.    NATURE OF THE CASE

1.    Mahesh and Shilpa are a long-term married couple in the midst of an acrimonious divorce in Alameda Superior Court, In Re: Marriage of Gogri, Case No. HF21118124.  Karan is their adult son.  Prior to and following the demise of the marriage, Shilpa and Karan devised a racketeering enterprise to damage Mahesh, various real estate lenders, title companies, and title insurers, by engaging in a series of schemes involving forged signatures, fraudulent notarization, a phony "gift" letter, a restaurant franchise transfer agreement, impersonation, identity theft, and manipulation of corporate documents filed with the California Secretary of State.

2.    To achieve the goal of their racketeering enterprise of damaging Mahesh and the lenders and other entities, Shilpa and Mahesh conspired with Grady, a California licensed notary, and Patel, a former partner of Mahesh's, to participate in the schemes for their own financial gain.  By virtue of their ongoing racketeering enterprise, Shilpa and Karan obtained $8M-$9M in loan proceeds and assets owned by Mahesh and did significant damage to the lenders, title companies, and title insurers.

3.    This conspiracy involved multiple schemes to embezzle real estate assets and franchise interests, forge real estate documents, and steal millions of dollars.  Shilpa and Karan utilized the services of co-conspirator Grady to forge Mahesh's name to over 20 individual real estate documents, which included the theft of Mahesh's personal identifying information.  Shilpa and Karan fraudulently transferred Mahesh's interest in 10 Jack-in-the-Box restaurant franchises ("JITB") which were owned by the community to Karan without consideration.  Shilpa and Karan also conspired with Patel through an entity owned by him and Mahesh, PG14, LLC, to steal over $1M from Mahesh through the fraudulent modification of documents filed with the California Secretary of State that laid the groundwork for  the encumbrance of property owned by PG14.

4.    Mahesh was not the only victim of the Defendants' conspiracy.  Shilpa, Karan, and Grady also conspired to harm several non-institutional (so-called "hard money") lenders, title companies, and trustees, including SDC Capital, LLC, FCI Lender Services, Lawyers Title Company, Lawrence Marion, Fidelity National Title Company, Inc., and Del Toro Loan

Federal RICO Action

2

Servicing. The fraudulent scheme to harm these parties was to borrow monies secured against community property by forging Mahesh's signatures on deeds of trust. Upon discovery of this scheme Mahesh filed a lawsuit against these parties, Gogri v. SDC et al., Alameda Superior Court Case No. 23CV046119, to declare the deeds of trust void as a matter of law and to quiet title to remove the fraudulent deeds of trust. As a result of the unenforceability of the deeds, the lenders, the transactions' title policy issuers, and the trustees, will be deprived of the security interests which is the lenders' primary protection to ensure repayment of the loans. Many of these loans are now in default without the available remedy to the lenders of non-judicial foreclosure given the fraudulent nature of the deeds of trust.

5.      Shilpa and Karan used the fraudulently obtained proceeds through their criminal enterprise to buy out Patel from Black Bear Diner franchises ("BBD") in El Cajon and San Rafael, wherein Patel was a knowing and willing co-conspirator in the fraud. The loan proceeds were also used to support JITB and other franchise locations which needed capital for improvement and/or were losing money, as well as to open additional restaurant franchises in McKinleyville, Eureka, Vista, Oceanside, La Mesa, El Cajon, San Diego, California. There is a continuing threat in that Defendants' enterprise has existed since 2019 (perhaps earlier) and continues to this day with investment into more real estate and restaurant businesses in which Mahesh should have an interest but for the fraudulent conduct.

6.      This conduct constitutes criminal profiteering activity and a criminal enterprise within the meaning of RICO in that one or more persons engaged in a pattern of criminal activity which involved interstate commerce through mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. Specifically, many of the deeds of trust, grant deeds, and franchise licenses involved use of out-of-state wire transfers, use of the mail, and use of internet and electronic platforms within different states.

## II.      PARTIES AND JURISDICTION

7.      Plaintiff Mahesh Gogri is an adult male residing in Fremont, California.

8.      Defendant Shilpa Gogri is an individual residing in Fremont, California.

9.    Defendant Karan Gogri is an individual residing in San Diego, California, but also with Shilpa at her home in Fremont.

10.    Defendant Rene Grady is a resident of California who at all times relevant to this Complaint served as a notary for all the fraudulent real estate transactions and was a co-conspirator with Shilpa and Karan in the illegal acts alleged herein. At the time of the fraudulent transactions, Grady was licensed through the State of California as a Notary Public, Commission #2254935.

11.    Plaintiff alleges that each Defendant was acting as an agent, representative, co-conspirator, and criminal partner, of every other Defendant in doing all the acts described in this Complaint and at all times was acting within the course and scope of such agency, representative capacity, conspiracy, and criminal acts, in doing the acts described herein.

12.    The true names and capacities of Defendants named as JOHN DOES 1-10, inclusive, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff, who sues such Defendants by fictitious names, and will seek leave of court to further amend this Complaint to set forth the true names and capacities of such DOE Defendants when established. Plaintiff alleges upon information and belief that each DOE Defendant is obligated to Plaintiff in some manner and/or capacity for the claims and obligations set forth in this Complaint. Unless otherwise specified, a reference to "each Defendant" or "Defendants" shall be deemed to include each and every Defendant named in this Complaint, including all DOE Defendants.

13.    Any allegation about acts of any corporate or other legal entity which are Defendants means that such Defendant did the acts alleged through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

14.    At all relevant times, each Defendant named herein committed the acts, caused, or directed others to commit the acts, or permitted others to commit the acts alleged in this Complaint.

15.    At all relevant times, each Defendant knew or realized that the other Defendants were engaging in or planned to engage in the violations of the law alleged in this Complaint. Knowing or realizing that Defendants were engaging in or planning to engage in unlawful acts, each Defendant

Federal RICO Action

4

nevertheless facilitated the commission of these unlawful acts by participating in the pattern of racketeering and criminal enterprise referenced herein. Each Defendant intended to and did encourage, facilitate, and/or assist in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in these unlawful acts. Each Defendant encouraged, authorized, approved, accepted and/or ratified the statements, concealments, and acts of each of the other Defendants, and accepted and profited from the benefits of such statements, concealments, and acts.

16.     At all relevant times, Defendants have engaged in a conspiracy, common enterprise, and common course of conduct, the purpose of which was to engage in the violations of the law alleged in this Complaint. The conspiracy, common enterprise, and common course of conduct continues to the present.

### III.     JURISDICTION AND VENUE

17.     This Court has original subject-matter jurisdiction pursuant to 18 U.S.C. § 1964(c) and 28 U.S.C. § 1331 because this action arises under the Federal Racketeer Influenced and Corrupt Organizations Act.

18.     This Court has personal jurisdiction over Defendants Shilpa, Karan, Grady, and Patel, because the criminal enterprise was coordinated out of Shilpa's home office in Fremont, many of the notarizations occurred in Northern California, and a significant amount of the real estate involved in the criminal and fraudulent conduct is located in the geographic area covered by the Northern District of California.  Additionally, Shilpa, Karan, and Grady all reside fully or frequently within the same geographic area.

19.     This Court further has personal jurisdiction over Patel and Karan under 28 U.S.C. §1965(b) because in any action brought pursuant to RICO in a U.S. District Court, that Court may cause parties residing in another district to be summoned to that district if the "ends of justice require" it.  Given these facts, and that no other district has personal jurisdiction over all Defendants, the ends of justice require this Court's exercise of personal jurisdiction over any Defendant residing outside the aforesaid geographic area.

20.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district. Venue is further proper in this District pursuant to 18 U.S.C. § 1965(a) because each defendant is found and/or transacts affairs in this District given each Defendant's participation in the criminal enterprise, as alleged above.

## IV.    GENERAL ALLEGATIONS

21.    Mahesh and Shilpa Gogri were married on August 25, 1985. They are presently 61 and 57 years of age, respectively. They have a 33-year-old son Karan Gogri and a 29-year-old daughter Nidhi Gogri who is not directly involved in this litigation.

22.    Mahesh communicated his desire to divorce Shilpa between 2019-2021 and they officially separated on December 6, 2021.

23.    During the term of their marriage Mahesh and Shilpa purchased and operated restaurant franchises, including the JITB. They also owned numerous parcels of real property, both residential and commercial. Prior to the racketeering actions detailed herein, they owned 10 restaurants and over 25 parcels of real property.

24.    Unbeknownst to Mahesh, Karan and Shilpa conspired to have a separate civil court affirm their theft of Mahesh's interest in the JITB and other assets, Karan Gogri v. Mahesh Gogri et al., Alameda County Superior Court Case No. 22CV023043. The lawsuit was filed by Karan against both Shilpa and Mahesh, though the claims against Shilpa were a ruse to make the litigation appear legitimate. The lawsuit, which was served on Karan impersonating Mahesh, was settled between Karan and Shilpa in which Karan received half of Shilpa's interest in the JITB, giving him 75% of the total investment. The claims against Mahesh are on-going. Mahesh filed a cross-complaint against Shilpa and Karan in that action which has since been dismissed.

### Scheme No. 1 (Real Estate Fraud)

25.    Beginning in March 2019, Shilpa and Karan initiated a scheme to obtain over $4 million in cash and equity by borrowing against the substantial real property holdings that were community property belonging to Shilpa and Mahesh. They created their scheme to avoid

Federal RICO Action

6

obtaining the required consent from Mahesh, knowing that he would not approve. They planned to use the funds for operation and expansion of the restaurant business as well as to make other investments.

26.     To implement their scheme, Shilpa and Karan bribed notary Rene Grady to violate her legal obligations and fraudulently notarize real estate documents, including a Power of Attorney in which Mahesh granted Shilpa authority to transact all of his real estate interest. These documents included forged signatures of Mahesh by Shilpa, missing thumbprints, and forged thumbprints. Grady's Notary Journal fails to describe the majority of the notarized documents and includes over 20 signatures and thumbprints which are forgeries made by Shilpa and Karan. Soliciting a notary to perform improper acts is a violation of California Government Code section 8225.

27.     Between March 2, 2019, and October 1, 2020, Shilpa, Karan, and Grady willfully conspired to forge Mahesh's name to six deeds of trust, two grant deeds, a Power of Attorney for Real Estate Transactions ("Scheme No. 1"), as follows:

| Date | Document | Address | Amount |
|---|---|---|---|
| March 2, 2019 | Deed of Trust | 404 Miwok, Fremont | $180,000 |
| March 29, 2019 | Deed of Trust | 6920 Riverland Dr., #10, Redding | $600,000 |
| March 31, 2019 | POA | all real estate transaction | Unknown |
| April 11, 2019 | Deed of Trust | 74-76 Union St., San Jose | $679,000 |
| April 17, 2019 | Deed of Trust | 2304 A Street, Eureka | $250,000 |
| May 31, 2019 | Grant Deed | 975 9th St., Crescent City | $300,000 |
| August 25, 2019 | Deed of Trust | 155 N. Old Hill Rd., Fallbrook | $626,250 |
| November 12, 2019 | Deed of Trust | 1388 Alamo Dr., Vacaville | $225,000 |
| October 1, 2020 | Grant Deed | 500 Harding St., Crescent City | $151,250 (Est.) |

The mortgage fraud scheme transferred over $4 million in loan proceeds and equity in the properties, half of which belonged to Mahesh.

28.     To investigate the suspected fraud, Mahesh hired Patricia Fischer of Fischer Forensic (San Ramon, CA) to perform two handwriting analyses on April 23, 2023, and September 18, 2023.

Federal RICO Action

7

a.    The April 23, 2023, analysis examined 25 signatures by Mahesh in Grady's Notary Journals which included several of the aforementioned Deeds of Trust, a fraudulent Gift Letter transferring restaurant ownership, and the Minutes of the Annual Meeting.  Comparing the signatures to known signatures of Mahesh, Ms. Fischer determined that 22 of the signatures, multiples of the initials, and numerous of the dates, were forgeries in which Shilpa was the most likely forger.  A copy of Ms. Fischer's April 23, 2023, Opinion is attached hereto as Exhibit 1.

b.    The September 18, 2023, analysis examined Grady's Notary Journals between November 29, 2017, and August 15, 2019, determined that 12 forgeries of Mahesh's signature for which his right thumbprint was missing and 10 forgeries which included the thumbprint.  There were only 3 confirmed signatures by Mahesh, all of which included his thumbprint. A copy of Ms. Fischer's September 18, 2023, Opinion is attached hereto as Exhibit 2.

29.    On September 19, 2023, Kurt Kuhn of Forensic Consulting Service (Fullerton, CA) performed an analysis of the thumbprints in Grady's Notary Journals, which included numerous thumbprints by Mahesh, Shilpa, and Karan.  Mr. Kuhn determined that only 3 of the thumbprints were Mahesh's and 8 were made by another person.  Mr. Kuhn determined that one of Mahesh's fraudulent thumbprints, on an August 15, 2019, Deed for 155 Old Hill Rd., in Fallbrook, California, was Karan's right thumbprint.  On information and belief, the other 7 are alleged to be Shilpa's left thumb.  A copy of Mr. Kuhn's Report is attached hereto as Exhibit 3.

30.    In each of the enumerated real estate transactions in which Defendants committed acts of forgery and fraud between March 2, 2019 and October 1, 2020, they committed indictable acts of mail fraud and wire fraud.  Such instances included but were not limited to use of the wire, internet, and mail to negotiate fraudulent loans, execute deeds of trust and other documents, and close escrows on: a) March 2-6, 2019, between Defendants, Evergreen Capital Funding, and First American Title, regarding 404 Miwok, Fremont, California; b) March 28-29, 2019 between Defendants, SDC Capital, LLC, and Fidelity Title regarding 6920 Riverland Dr., #10, Redding, California; c) April 16-17, 2019, between Defendants, SDC Capital, LLC, and Lawyers Title Company regarding 2304 A Street, Eureka, California; and d) November 9-12, 2019 between

Defendants, Lawrence Marion, and Fidelity Title regarding 1388 Alamo Dr., Vacaville, · California. Defendant Grady utilized emails and mail when she forwarded the deeds of trust to the subject title companies.

31. In filing false mortgage loan documents, Defendants' criminal enterprise also victimized the lenders, title insurance companies, and trustees involved in the transactions. The lenders and trustees received false applications and did not receive valid deeds of trust as security for the loans. The title insurance companies are now responsible for defending the lenders and trustees arising from the void deeds of trust. The entities defrauded by Defendants' enterprise thus far include SDC Capital, LLC, FCI Lender Services, Lawyers Title Company, Lawrence Marion, Fidelity National Title Company, Inc., and Del Toro Loan Servicing. These entities were involved in lending and insuring title for the lenders in Eureka, Redding, and Vacaville.

32. Mahesh filed a Declaratory Relief Action, <u>Gogri v. SDC Capital, LLC,</u> Alameda County Superior Court Case No. 23CV046119, to have the deeds of trust declared null and void, leaving the lenders without their security and title insurers to expend monies to defend the title defects. Given that the title companies must now defend the lenders against title claims and Mahesh is obligated to incur legal fees to preserve his interest in the properties, Shilpa and Karan's criminal enterprise continues to cause significant economic harm.

33. In order to achieve Scheme No. 1, Shilpa, Karan, and Grady used mail, electronic wires, and electronic media to receive monies, record grant deeds and deeds of trust, and communicate with the lenders and title companies.

Scheme No. 2 (Theft of Franchise Interests)

34. After Shilpa learned that Mahesh intended to file for divorce, she and Karan conspired to transfer Mahesh's interest in the JITB to Karan, all without Mahesh's knowledge or consent. The illegal transfer of the JITB was accomplished through a forged "Gift Letter," dated March 31, 2021, forged Minutes of the Annual Meeting of Directors of Gogris Inc., Indmex, Inc., Gogris J447, Inc., Gogris J4366 Inc., and Gogris J424, Inc., as well as an Agreement and Consent DocuSigned by Shilpa for Mahesh without his knowledge or consent. Copy of the forged Gift

Letter, the manipulated Corporate Documents, and the forged DocuSign document are attached hereto as Exhibits 4, 5, and 6, sequentially.

35. The 10 JITB Franchises were owned by 10 different legal entities as follows:

    a. On or around March 31, 2021, Shilpa, along with Karan, effectuated the transfer of Mahesh's ownership interest in several of the parties' community property franchise interests in JITB to Karan, including the following restaurant Location Nos.: 409, 429, 462, 531, 551, 447, 424, 4366, 4317, and 4327.

    b. On or around 6/21/2021, Shilpa along with Karan, effectuated:

        i. The gifting of all of Mahesh's shares in the community properties Gogris Corporation and Indmex Corporation to Karan.

        ii. The gifting of a portion of Shilpa's community shares in the Gogris Corporation and Indmex Corporation to Karan;

        iii. Transferred the JIB Location No. 424 from Gogris Corporation to Gogris J424 Corporation, the JIB Location No. 447 from Gogris Corporation to Gogris J447 Corporation, and JIB Location No. 4366 from Gogris Corporation to Gogris J4366 Corporation;

        iv. Approved Karan as the new operator of the JIB Location Nos. 424, 4366, and all Indmex restaurants. This was accomplished by way of an "Ownership Change Agreement" dated June 21, 2021, without Mahesh's knowledge or consent.

36. In order to complete the theft of Mahesh's ownership interest in the JITB companies, Karan filed a Complaint for Declaratory Relief against Mahesh and Shilpa, Gogri v. Gogri et al., Alameda Superior Court Case No. 22CV023043. He did so in an attempt to insulate himself and Shilpa from Mahesh's claim that the transfer of the JITB was part of a criminal enterprise.

37.    To hide their efforts from Mahesh, Shilpa and Karan caused the Complaint against Mahesh to be served on Karan on December 6, 2022, and to cause a fraudulent proof of service to be filed with the Court attesting to the service.  Karan subsequently made a sham "settlement" with Shilpa to make the litigation appear legitimate.

38.    In the fraudulent transfer of Mahesh's interest in the five entities which owned the 10 JITB, namely Gogris Corporation, Gogris J424, Gogris J447, Gogris J4366, and Indmex Corporation, Shilpa and Karan committed acts of forgery on March 31, 2021, when Mahesh was removed from his management role with the entities.

39.    Shilpa and Karan also committed wire fraud in pursuing this scheme. They executed a DocuSign "Ownership Change Agreement," dated June 21, 2021, between Shilpa, Karan, and Different Rules, LLC, a Delaware Corporation.  Shilpa and Karan also accessed the California Secretary of State website on August 17, 2022, to remove Mahesh as a Director of the five companies that were being fraudulently transferred: Gogris Corporation, Gogris J424 Corp., Gogris J4366, Gogris J447, and Indmex Corporation. Copies of the modified corporate documents are attached hereto as Exhibit 5.

40.    The value of Mahesh's converted stock holdings is estimated to be $4 million.

<u>Scheme No. 3 (Theft of PG14, LLC)</u>

41.    Shilpa, along with Karan, effectuated the fraudulent transfer of Mahesh's ownership interest in several of the community property entities both prior to separation and while the dissolution was pending. These include but are not limited to the following transfers:

a.    In 2015 Mahesh and Shilpa formed PG14, LLC during the marriage; it was originally held by Mahesh and Defendant Patel as the only members. PG14, LLC holds the community real property located at 1025 Fletcher Parkway, El Cajon, CA 92020 ("Fletcher Property"). On or around December 29, 2022, approximately one year after the commencement of this dissolution proceeding, Karan unilaterally filed a "Statement of Information" with the California Secretary of State reflecting his unilateral

appointment of himself as the CEO of PG14, LLC and removing Sanjiv Patel as a member and registered agent, leaving he and Mahesh as the sole members of the LLC. This was without Mahesh's knowledge or consent, and without any required documents that reflected *any* buy-sell agreement of interests, changes to operating agreements or articles of organization, or any executed documents by the members would purport that this change had received consent.  On that same day, December 29, 2022, Karan filed a second "Statement of Information" with the California Secretary of State removing Mahesh as a member of the LLC. This again was without Mahesh's knowledge or consent.

b.  On January 5, 2023, Karan filed an Amendment to the Articles of Organization of PG14, LLC, marking the entity as "Manager-managed" and named himself as the sole Manager. This again was without Mahesh's knowledge or consent.

c.  On January 5, 2023, PG14, LLC recorded the encumbrance of the Fletcher Property with a loan in the amount of $2,420,000.00, of which Deed of Trust was executed by Karan as the Managing Member of PG14, LLC. This action by Karan was without Mahesh's consent.

42.  In the fraudulent transfer of Mahesh's interest in PG14, LLC, Defendants Shilpa, Karan, and Patel utilized mail, wire, and the internet fraud to remove Mahesh as the CEO of PG14 and then borrowed $2.42M against the property, none of which was used for Mahesh's benefit. The loan encumbered PG14's sole asset, 1025 Fletcher Parkway, El Cajon, CA 92020.  To accomplish this fraudulent scheme Karan used the Internet to manipulate corporate documents listed with the California Secretary of State and also the Articles of Organization in which he named himself as the sole Manager.  The loan proceeds that drew down the community equity in the property were hidden from Mahesh and not used for his benefit.  The lending process utilized wire, mail, and multiple internet forums/platforms to facilitate the loan.

Federal RICO Action

12

Scheme No. 4 – (Fraudulent Commercial Lease)

43.    Just five months ago, on September 1, 2023, Shilpa entered into a fraudulent lease for commercial property located at 19600 Hesperian Blvd., Hayward, California. The property, owned by Mahesh and Shilpa, had been vacant but is a valuable asset which could have been sold or developed for a national restaurant franchise. Instead, Shilpa entered into a fraudulent lease with tenants in the name of Shilpex, LLC, a defunct California entity that she once owned with Mahesh. At the time she entered into this lease Shilpex had no interest in the property. Shilpa entered into a long-term lease at a below-market rent without Mahesh's knowledge or consent. Shilpa then converted the security deposit and has been collecting rent to contribute further investment funds used by her and Karan.

44.    Critical to Shilpa's scheme was her failure to disclose the lease until it was discovered by Mahesh upon driving by the location and the tenants' activities. Once the unlawful lease was discovered, Mahesh alerted his attorney who objected to Shilpa's attorneys and advised that the lease be terminated as having been illegally formed involving an entity without any interest in the property.

45.    Despite Mahesh's objection to the lease, including written notice to the tenants, Shilpa has continued to convert the lease proceeds and refused to share with Mahesh his rightful interest. Additionally, Shilpa has reduced the market value of the property by entering into a long-term, below-market lease. Thus, by underutilizing the asset's value and converting the lease deposit and payments, Shilpa ensured that Mahesh was significantly and materially damaged.

46.    This most recent act of fraud by Shilpa confirms there can be no doubt that fraudulent business activities have become a regular way of doing business for her criminal enterprise with Karan.

Federal RICO Action

13

## V.    CLAIMS FOR RELIEF

### First Claim for Relief

(RICO 18 U.S.C. §1964)

47.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

48.    Mahesh alleges that Defendants' conduct, and the conduct of each Defendant named herein, constitutes racketeering as set forth in 18 U.S.C. § 1962.  Specifically, Congress has defined "racketeering" to include persons investing income in any enterprise derived from a pattern of racketeering activity (subd. (a)), using a pattern of racketeering activity to acquire or maintain control over an enterprise (subd. (b)), conducting the affairs of an enterprise through a pattern of racketeering (subd. (c)), and conspiring to violate subdivision (a), (b), and (c) (subd. d). Defendants' racketeering activity involved mail and wire fraud, primarily through the real estate transactions and those involving JITB.  Defendants are liable under each of these four sections of the statute.

49.    18 U.S.C. § 1964(c) allows "any person injured in his business or property by reason of a violation of section 1962 of this chapter" to "sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee…"

50.    Defendants used wires, the mail, and other electronic means for the receipt of monies withdrawn of properties and assets owned by Mahesh, including but not limited to transfers of ownership, recording of deeds of trust, entity transfers, real estate borrowing, as more fully described herein.

### Count One: Violation of 18 U.S.C. §1962(c)

(Against Shilpa Gogri and Karan Gogri)

51.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

Federal RICO Action

14

52.    U.S.C. § 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity..."

53.    Defendants violated RICO and Plaintiff was injured as a result. Each Defendant is a "person" capable of holding legal or beneficial interest in property within the meaning of 18 U.S.C. § 1961(3). Each Defendant violated 18 U.S.C. § 1962(c) by the acts described in the prior paragraphs, and as further described below.

54.    **The Enterprise**. As specifically relevant to 18 U.S.C. §1962(c), Defendants Shilpa, Karan, and Grady formed an association-in-fact racketeering enterprise consistent with the meaning of 18 U.S.C. § 1961(4). Their enterprise has the common and continuing purpose to commit crimes and civil offenses to both steal Mahesh's share of the family restaurant and real estate businesses, and to obtain financing for operation and expansion of those legitimate businesses without legal restraint. Shilpa and Karan relate to each other in the enterprise as partners who also share the family bond of mother and son; in the legitimate business Karan is the CEO and CFO and Shilpa holds the position of Secretary, functioning in a support role. The racketeering enterprise has existed for at least five years since the first fraud scheme was planned in 2019. This has been sufficient time for the enterprise to implement multiple racketeering schemes detailed above and it is likely to continue operating indefinitely. Grady was critical to the enterprise because the real estate documents were required by law to be notarized by a licensed Public Notary.

55.    **Interstate Commerce**. The racketeering enterprise is associated with legitimate restaurants and real estate businesses that engage in interstate commerce. The restaurants are franchised by an out-of-state franchise company, serve out-of-state customers, and obtain some of their equipment and food supplies from out-of-state sources.

Federal RICO Action

15

56.    **Pattern of Racketeering Activity**. Defendants, each of whom are persons associated with the enterprise, did knowingly, willfully, and unlawfully conduct or participate, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1), 1961(5), and 1962(c). Defendants had the specific intent to engage in the substantive RICO violations alleged herein.

57.    Predicate acts of racketeering activity are acts which are indictable under provisions of the U.S. Code enumerated in 18 U.S.C. § 1961(1)(B), as more specifically alleged below. Defendants each committed at least two such acts.

58.    The acts of racketeering were not isolated, but rather the acts of Defendants were related to each other in that a) they had the same purpose to implement a fraudulent scheme to steal the assets of Mahesh; b) they had the same participants, Karan, Shilpa, and Grady; and c) they had successful results.

59.    The acts of racketeering by Defendants have been continuous: they have implemented four distinct racketeering schemes beginning five years ago, with Shilpa implementing the most recent commercial leasing fraud scheme just five months ago. This highlights the continued threat of further schemes involving both criminal acts and civil offenses. It has become a central way of doing business for their racketeering enterprise.

60.    Plaintiff specifically alleges that Defendants participated in the operation and management of the association-in-fact enterprise by overseeing and coordinating the commission of multiple acts of racketeering as described below.

61.    **Predicate Acts**: Use of Mails and Wires to Defraud Mahesh in Violation of 18 U.S.C. §§ 1341 and 1343. Defendants committed acts constituting indictable offenses under 18 U.S.C. §§ 1341 and 1343 in that they devised schemes to obtain assets and money from Mahesh by means of false or fraudulent pretenses, representations or promises. For the purpose of executing their schemes, Defendants caused delivery of various documents and things by the U.S.

Federal RICO Action

16

mails or by private or commercial interstate carriers or received such therefrom. Specifically, Defendants engaged in the following acts in pursuit of their schemes:

➢ Shilpa and Karan made cell phone calls to each other and sent text and email messages to each other in Fremont, California in February and March 2019 to plan the loan fraud scheme.

➢ Shilpa and Karan made phone calls to their lenders and received cell phone calls in Fremont about the terms of the loans.

➢ Shilpa and Karan received email communications in Fremont with loan documents throughout 2019.

➢ Shilpa and Karan emailed financial and property information to the lenders throughout 2019.

➢ Shilpa withdrew money electronically in Fremont CA in March 2019 to pay a bribe to notary Rene Grady, a co-conspirator.

➢ In Fremont, on the nine dates listed in paragraph 27, Shilpa fraudulently signed Mahesh's name to loan documents and solicited Grady to fraudulently notarize those documents.

➢ On August 15, 2019, in Fremont, Karan forged a thumbprint of Mahesh by substituting his own thumbprint on a Deed for 155 Old Hill Rd., in Fallbrook, California.

➢ Both Karan and Shilpa used the Internet-based DocuSign service to sign an "Ownership Change Agreement" in Fremont, California on June 21, 2021, for franchisor Different Rules, LLC (a Delaware Corporation), after Shilpa mailed the fraudulent Gift Letter to Different Rules.

➢ On August 17, 2022, both Karan and Shilpa electronically accessed the California Secretary of State website to fraudulently remove Mahesh as a Director of all five companies owning the Jack-in-the-Box franchises: Gogris Corporation, Gogris J424 Corp., Gogris J4366 Corp., Gogris J447 Corp., and Indmex Corporation.

> ➤ On December 29, 2022, Karan again electronically accessed the California Secretary of State website to unilaterally make changes to the PG14 LLC corporate information. Without knowledge or consent of Mahesh or any corporate formalities, he 1) replaced Sanjiv Patel as a member and registered agent of the LLC with himself; 2) removed Mahesh as a member and changed the form of the LLC to manager-managed; and 3) appointed himself CEO.

> ➤ Shilpa executed a commercial lease in the name of a defunct limited liability company, without authorization from fellow owner Mahesh; she made cell phone calls and sent emails from Fremont in August 2023 to arrange this lease with the tenants.

62.     **Injuries**.  Mahesh was injured as a direct proximate cause of Defendants' actions in the multiple schemes.  In Scheme 1 he personally lost an estimated $2 million in equity in community real estate properties that was replaced by loan obligations; in Scheme 2 he lost an estimated $4 million in asset value of his stock holdings that were fraudulently transferred to Karan; in Scheme 3 he lost an estimated $1.2 million equity in PG14 that was replaced by loan obligations; and in Scheme 4 he lost an estimated $1M in converted lease payments and reduced property value.

Count Two: Violation of 18 U.S.C. §1962(b)

(Against Shilpa Gogri and Karan Gogri)

63.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

64.     18 U.S.C. § 1962(b) makes it "unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commence."

65.     Each Defendant, at all relevant times, is and has been a "person" within the meaning of 18 U.S.C. § 1961(3) because each Defendant is capable of holding, and does hold, "a legal or beneficial interest in property."

Federal RICO Action

18

66.    **The Enterprise**.  For the purpose of this USC 1962 (b) claim for relief, the enterprises consist of five California corporations based in Fremont: Gogris Corp., Indmex Corp., Gogris J424 Corp., Gogris J447 Corp., and Gogris J4366 Corp.  Each company was formed to legitimately own and operate restaurants, mostly Jack-in-the-Box fast food restaurant franchises.  Control of all five enterprises was transferred to Karan Gogri by means of racketeering activity.  Prior to the fraud, the Directors of all companies were Mahesh, Shilpa and Karan; Mahesh was removed as a result of fraudulent conduct. The officers were Karan and Shilpa before and after the fraud. The normal activities of the restaurant companies were acquiring franchises and operating restaurants. The racketeering activities constituted forgery, wire fraud, and mail fraud intended to illegitimately transfer company ownership. The enterprises did not benefit from this racketeering; only Karan Gogri benefited personally.

67.    **Predicate Acts**.  Both Defendants created a scheme to defraud Mahesh by forging documents to transfer his ownership interest in the enterprises to Karan, and also remove him as a Director (Scheme 2 above).   All acts described herein were intentionally performed by Shilpa and Karan. As specified in the incorporated paragraphs 55-59, the predicate acts were related as part of a fraudulent scheme, and they form part of the bigger picture of racketeering activity by the enterprise identified in paragraph 54 that has spawned four separate schemes to date and will continue into the future.

68.    Shilpa created two fraudulent documents in her Fremont home in March 2021: 1) a "Gift Letter" purportedly written and signed by Mahesh that transferred all of his stock holdings in the enterprises to Karan without consideration; and 2) fraudulent Minutes of the Annual Meeting of Directors of Gogris Inc. that was not attended by Mahesh.

The following additional acts effectuated the fraudulent acquisition of corporate ownership:

➤ On Tuesday, March 16, 2021, Shilpa made a cell phone call to notary Rene Grady offering her additional money in exchange for her fraudulent notarization of additional

documents, pursuant to her participation in the racketeering conspiracy that had begun in 2019.

➢ Shilpa and Karan made cell phone calls to each other and sent text messages to each other in Fremont, California, in March 2021 to plan the loan fraud scheme.

➢ Shilpa withdrew money electronically in Fremont CA in March 2021 to pay a bribe to notary Rene Grady, a co-conspirator.

➢ In Fremont, on March 31, 2021, Shilpa fraudulently signed Mahesh's name to the "Gift Letter" and co-conspirator Rene Grady notarized the Gift Letter with full knowledge of its fraudulent nature.

➢ Both Karan and Shilpa used the Internet-based DocuSign service to sign an "Ownership Change Agreement" in Fremont, California on June 21, 2021, for franchisor Different Rules, LLC (a Delaware Corporation), after Shilpa mailed the fraudulent Gift Letter to Different Rules.

➢ On August 17, 2022, both Karan and Shilpa electronically accessed the California Secretary of State website to fraudulently remove Mahesh as a Director of all five companies owning the Jack-in-the-Box franchises: Gogris Corporation, Gogris J424 Corp., Gogris J4366 Corp., Gogris J447 Corp., and Indmex Corporation.

69.     **Injuries**. As a direct and proximate consequence of the Defendants' actions in violation of section 1962(b), Mahesh suffered the loss of approximately $4 million in assets that were stolen from him by the fraudulent transfer of his shares of stock.

70.     Because of Defendants' violations of 18 U.S.C. § 1962(b), Defendants are liable to Plaintiff for three times the damages Plaintiff has sustained, plus the cost of this suit, including reasonable attorneys' fees.

<u>Count Three: Violation of 18 U.S.C. §1962(a)</u>

(Against Shilpa Gogri and Karan Gogri)

71.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

<u>Federal RICO Action</u>

20

72.    18 U.S.C. § 1962(a) makes it "unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

73.    Each Defendant, at all relevant times, is and has been a "person" within the meaning of 18 U.S.C. § 1961(3) because each Defendant is capable of holding, and does hold, "a legal or beneficial interest in property."

74.    Shilpa and Karan received estimated proceeds of $2 million from Scheme 1, $4 million in asset value of the five companies fraudulently acquired in Scheme 2, and $1.2 million in loan proceeds from Scheme 3.  In total, they received over $10 million in "income derived, directly or indirectly, from a pattern of racketeering activity."

75.    In violation of 18 U.S.C. §1962(a), Shilpa and Karan have now reinvested these ill-gotten gains into legitimate business investments and harmed Mahesh in the process. The fraudulently obtained loan funds are being used for several purposes: a) to cover losses from existing businesses, some of which were previously owned by Mahesh; b) to make capital improvements to those businesses; and c) to purchase additional real estate and restaurant franchises throughout California, including JITB in McKinleyville, Eureka, and other locations; Black Bear Diners in Vista, San Diego, and other locations; and Qdoba Mexican Eats in Oceanside, La Mesa, El Cajon, and other locations.

76.    Mahesh has been injured by this reinvestment of cash and assets stolen from him in several ways.  His first injury is from Karan using these "ill-gotten" proceeds to pay for maintenance and repairs of a Black Bear Diner – Karan would normally be responsible to pay for these expenses; instead, he is now using Mahesh's funds to subsidize his business.  His second injury is Karan's and Shilpa's expansion of JITB franchises and Qdoba has foreclosed Mahesh's own ability to expand as an owner. Franchisees are given a preference on locations that become available within a franchise area; opportunities taken by Karan and Shilpa are now not available to

Federal RICO Action

Mahesh.  His third injury is that the enormous proceeds from the racketeering acts have created an unlimited fund for Karan and Shilpa to litigate against Mahesh.

77.    Because of Defendants' violations of 18 U.S.C. § 1962(a), Defendants are liable to Plaintiff for three times the damages Plaintiff has sustained, plus the cost of this suit, including reasonable attorneys' fees.

Count Four: Violation of 18 U.S.C. §1962(d)

(Against Shilpa Gogri, Karan Gogri, Rene Grady, and Sanjiv Patel)

78.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

79.    18 U.S.C. § 1962(d) makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section."

80.    As alleged in the preceding sections, each Defendant, at all relevant times, is and has been a "person" within the meaning of 18 U.S.C. § 1961(3).

81.    Shilpa and Karan formed the initial racketeering conspiracy to steal Mahesh's assets and use the borrowing capacity of the real estate to fund rapid expansion of the restaurant and real estate businesses – all without Mahesh's knowledge or consent.  In March 2019 they formed an agreement with Defendant Rene Grady to fraudulently notarize documents for their mortgage loan scheme. Grady knowingly and intentionally agreed to notarize loan documents that contained forgeries of the signature of Mahesh Gogri in return for money.

82.    In December 2022, Sanjiv Patel formed an agreement with Shilpa and Karan conspire against Mahesh; he agreed to let Karan Gogri replace him as a Member of the PG14 LLC and he agreed to let Karan remove Mahesh completely from the LLC without informing Mahesh of what the two men were doing.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    Finding that all Defendants are jointly and severally liable for all damage caused to Plaintiff;

Federal RICO Action

2.    Awarding Plaintiff monetary damages in an amount not less than $8,000,000, said amount to be proven at trial;

3.    Awarding Plaintiff enhanced (treble) monetary damages pursuant to 18 U.S.C. § 1964(c);

4.    Awarding Plaintiff its litigation expenses, including reasonable attorneys' fees, costs, and disbursements;

5.    Awarding Plaintiff punitive damages in the sum of not less than $10,000,000 or an amount otherwise to be decided by a jury; and

6.    Granting such other relief as the case may require or as may be deemed proper and equitable. deems just and proper.

DATED:  February 7, 2024                    THORNTON DAVIDSON, P.C.

s/ Thornton Davidson
By: Thornton Davidson
Attorney for Plaintiff
MAHESH GOGRI

# **V E R I F I C A T I O N**

Verification of Pleading (Code Civ. Proc., § 446)
Declaration under Penalty of Perjury Form (Code Civ. Proc., §§ 446, 2015.5)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

I, MAHESH GOGRI, am the plaintiff in the above-entitled action. I have read the foregoing Verified Complaint Under Federal Racketeer Influenced and Corrupt Organization Act and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: February 7, 2024 _____/s/ *Mahesh Gogri*_____
MAHESH GOGRI

··∞··

Federal RICO Action

24

# Exhibit 1

Thornton Davidson, Esq., SBN 166487
THORNTON DAVIDSON, P.C.
1195 West Shaw Ave, Suite A
Fresno, California 93711
Tel: (559) 476-5064
Fax: (559) 421-0368
E-mail: thornton@thorntondavidsonlaw.com

Attorneys for Petitioner MAHESH GOGRI

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

\* \* \* \* \*

| | |
|---|---|
| In re: Marriage of: | Case No.: HF21118124 |
| MAHESH GOGRI, | **DECLARATION OF EXPERT FORENSIC DOCUMENT EXAMINER M. PATRICIA FISHER, M.J.** |
| Petitioner, | |
| and | |
| SHILPA GOGRI. | |
| Respondent. | |

I, M. PATRICIA FISHER, declare and say that:

1.      My name is M. Patricia Fisher, an adult residing in California with offices in San Ramon, California.

2.      For more than 30 years I have worked as a full time forensic document examiner. Since 1979 I have been qualified to testify in both federal and state courts in California, New York, and Nevada in over 300 cases. I have provided testimony in numerous arbitrations, hearings, and depositions. A copy of my Statement of Qualifications is attached hereto as Exhibit A.

3.      If called upon to testify as to the matters set forth in the declaration I would do so competently and willingly. Although I have not been formally retained as an expert witness in this

SWORN DECLARATION OF M. PATRICIA FISHER, M.J.

1

matter, I provide the following opinions as an expert consultant applying the same standards of forensic analysis as if I were formally retained. All of my opinions in this case are based on my education, training and over 30 years of full time experience.

4. I have been asked to examine certain documents pertinent to In re: Marriage of Gogri, Alameda County Superior Court Case No. HF21118124, by Mr. Mahesh Gogri's present counsel, Thornton Davidson. I originally began my work on this case in August 2022 when Mr. Gogri was represented by Attorney Jonathan Larose.

5. I was provided the following documents to review to determine the authenticity and probable author of certain signatures, initials, and dates contained on the following documents: Personal Guarantee, dated December 18, 1990; Lease (Assignors), dated July 7, 2012; Assignment (two signatures), dated July 7, 2012; California Driver's License, dated March 8, 2016; Promissory Note dated March 28, 2018; Prepayment Addendum to Note, dated March 28, 2018, Deed of Trust, dated May 28, 2019, Promissory Note, dated April 16, 2019; Prepayment Addendum to Note, dated April 16, 2019; Deed of Trust, dated April 16, 2019; Minutes of Annual Meeting, dated February 15, 2021; Gifting Letter, dated March 31, 2021; First Amendment to Promissory Note, dated June 7, 2021 (two documents); Memorandum of Understanding, dated January 22, 2021; List, dated January 22, 2021; Income and Expense Declaration, dated March 15, 2022; and Schedule of Assets and Debts, dated March 15, 2022.

6. I was asked to determine if each of the above signatures was signed by Mahesh Gogri, if Mr. Gogri wrote the handwritten date next to his signature when they were present on the document, and whether or not he initialed certain documents. Finally, if I determined that Mr. Gogri did not sign, date, or initial certain documents, I was asked to determine if these were written by Mrs. Gogri.

7. After intra-comparing the handwriting characteristics in the above signatures, I identified two different styles of signing Mr. Gogri's name. I created comparison charts to demonstrate the results of the intra-comparisons. Exhibit B contains ten signatures signed by one writer and Exhibit C contains nine signatures written by the second signer. Based on my

SWORN DECLARATION OF M. PATRICIA FISHER, M.J.

2

examination, I determined that Exhibit C contains nine known or verified signatures of Mr. Gogri and that Exhibit B contains signatures that were not signed by Mr. Gogri.

8.    I next examined initials on documents from March 28, 2018 to April 16, 2019, which are set forth on Exhibit D. The documents in question contained initials by both Mahesh Gogri and Shilpa Gogri. Based on my examination, I determined that the initials purported to be made by Mr. Gogri were written by Mrs. Gogri.

9.    It is clear that the initials made by Mrs. Gogri for her husband demonstrate a common occurrence in which someone attempts to simulate or copy the writings of another person. Once a person is simulating the writing of another person, eventually that person incorporates into the writing his or her own natural writing characteristics. This is evident in the bottom two sets of initials in Exhibit D. Instead of forming the curved back stroke of the initials as an extended oblong-like shape, the initials of Mr. Gogri are formed more like the initials of Mrs. Gogri. The curves are rounded and the final strokes became shorter from pages 1 through 4.

10.    I next examined handwritten dates appearing on documents from May 8, 2016 through June 7, 2021 (Exh. E. hereto) for the signatures in Exhibits B. In my opinion, all the handwritten dates were written by Mrs. Gogri. The variances between the dates, such as dots between the numbers versus forward slashes and an effort to represent certain days differently on individual documents (e.g., "07" and "7") were written to appear dissimilar but in fact share characteristics which attribute them to Mrs. Gogri.

11.    Lastly, I compared dates written by Mrs. Gogri adjacent to her known signatures with those dates verified to be from Mr. Gogri, which are set forth on Exhibit F. In my opinion these comparisons confirm that Mr. Gogri did not date any of the documents in question.

12.    Based on the totality of the evidence, it is my opinion that Mr. Gogri did not sign the signatures in Exhibit B and did not write the corresponding dates when they were handwritten on the documents such as in the Gifting Letter, dated March 31, 2021. Mr. Gogri did not initial the referenced documents listed in Exhibit D.

13. It is also my opinion that Mrs. Gogri is the most likely person signing the questioned signatures in Exhibit B. The style of signing Mr. Gogri's signatures is almost identical to the initials in Exhibit D that Mr. Gogri did not sign.

14.     The above is based on the records which have been provided to me to date. Should other records or information be provided to be, I reserve the right to alter, amend, or augment my opinion.

I declare under penalty of perjury according to the laws of the State of California that the foregoing is true and correct.

DATED: 4/13/2023

_M. Patricia_
M. Patricia Fisher

SWORN DECLARATION OF M. PATRICIA FISHER, M.J.

4

# EXHIBIT A



**FISHER**
**FORENSIC**
Document Laboratory, Inc.

## Statement of Qualifications
### *M. Patricia Fisher, M.J.*[1]
### *BFDE[2] - Board Certified Forensic Document Examiner*

## Overview
Over 30 years full time work as a forensic document examiner on cases involving a broad range of document examination problems that use **non-destructive** testing including:

- Handwriting/signature identification
- Fabricated and/or altered documents
- Identification problems involving typewriters, computer printouts, e-mail printouts, watermarks, papers, writing instruments and intersections of lines, among others.

Specializes in questioned documents in probate and financial elder abuse matters, altered and fabricated documents, and complex cases involving multiple document issues.

Qualified to testify in Federal and State Courts in California, New York, and Nevada in over 300 court proceedings since 1979. Additional testimony provided in arbitrations, hearings, and depositions.

## *Laboratory*
Standard testing procedures using state-of-the-art laboratory including the ESDA Lite for indented writing testing, the Video Spectral Comparator (VSC®80*i*) for testing requiring a range of light and infrared and ultraviolet sources for paper and ink examinations, and an Olympus stereo-zoom trinocular microscope with attached digital camera with 4K resolution.

## *Professional education and publications*
Actively participates on an annual basis in training workshops and continuing education related to the field of forensic document examination field. Extensive background in teaching and writing for presentation of document issues to the layperson and in writing laboratory reports. A frequent presenter at professional meetings. Twenty publications in the field.

## *Certification and Professional Associations*
Diplomate of and certified by the Board of Forensic Document Examiners (BFDE) and the Association of Certified Fraud Specialists (ACFS). Editor of the *Journal of Forensic Document Examination*- 2005-2018. Currently on the Editorial Board. Member of the International Graphonomics Society (IGS), an international organization of academics, researchers, pattern recognition scientists, and document examiner practitioners.

---

[1] Masters in Journalism, University of California, Berkeley
[2] The BFDE's certification program has been accredited by the Forensic Specialties Accreditation Board.

3/23

## *Academic background

**1994**    M.J., Master's Degree in Journalism, Graduate School of Journalism, University of California, Berkeley. Professional Project: On the Trail of the Trawniki Card (an independent investigation of an historical document in the State of Israel v. Ivan (John) Demjanjuk).

**1965**    California Secondary Teaching Credential, San Francisco State University. Currently holds California Lifetime Teaching Credential.

**1963**    B.A., Mills College, Oakland, California.

*Note: There is currently no academic degree in the United States for the examination of questioned documents.

## Certifications

**2003**   (recertified 2008, 2013, 2018, 2023) - Board of Forensic Document Examiners (BFDE). The BFDE's certification program is accredited by the Forensic Specialties Accreditation Board.

**2000**   Certified, Association of Certified Fraud Specialists.

**1999**   Certified by testing, Association of Forensic Document Examiners.

## Appointments/positions

**2005-2018**  Editor of the *Journal of Forensic Document Examination*, a peer Reviewed journal with International Editorial and Scientific Advisory Boards.

**2016 - present** - Vice-President, Board of Forensic Document Examiners.

**2019 - present** - Editorial Board for the *Journal of Forensic Document Examination.*

**2021** – Appointed as an Observer for the American Standards Board.

## Initial Training

**1982-1985**

Completed three years on-site training under the mentorship of George E. Posner, a specialist in forensic photography and questioned documents. The training included the use of infrared and ultraviolet examinations of inks and papers, advanced typewriting identification, sequencing of ink lines, the effective use of photographs in court exhibits, evidence handling, as well as training in other technical areas of forensic document examination. Prior to mentoring Ms. Fisher, Mr. Posner had completed a two week seminar on Questioned Documents and Photography at Georgetown University in Washington, D.C. in the mid 1970's, and he had published a paper titled, "Soaked, Charred or Altered Logs and Maintenance of Preservation and Restoration," in the 1980 Proceedings of the 11th International Seminar of the International Society of Air Safety Investigators. Mr. Posner routinely critiqued Ms. Fisher's work and prepared photographic exhibits for her reports and testimony.

## _Training and continuing education_

### 1984- 2022

Over 1000 hours of training workshops and continuing education seminars related to forensic document examination. Sponsors of these seminars include: the Association of Forensic Document Examiners (AFDE); the American Academy of Forensic Sciences (AAFS); the International Graphonomics Society (IGS); the Australasian Society of Forensic Document Examiners, Inc.(ASFDE); the National Forensic Science Technology Center; International Association of Forensic Sciences (IFS); National Institute of Standards and Technology (NIST); the Rochester Institute of Technology; the American Association for Laboratory Accreditation; and the Institute of Paper Chemistry.

### Special workshops and training programs (partial list)

**2021 -** Report writing (ASFDE)
**2019** Workshop on Write-on 3, Pikaso Software
Deciphering Complex Electrostatic Detection Apparatus Impressions (AAFS)
**2015** ISO/IEC 17025:2005 and Laboratory Accreditation, American Association
for Laboratory Accreditation; Classification of Typewritten Documents (AAFS).
**2014** Bias in Forensics and Questioned Document Examination and Enhancement of Evidence
Using Various Filter and Lighting Techniques (AAFS).
**2013** Signature Examination of Healthy and Impaired Writers (AAFS); Measurement Science
and Standards in Forensic Handwriting Analysis (NIST).
**2010** Determining common authorship amongst multiple simulated signatures, workshop
conducted by Bryan J. Found, Ph.D.(AFDE).
**2006** Fundamentals of Microscopy for Forensic Document Examiners, Hooke College of
Applied Sciences, the McCrone Group, Westmont, Illinois.
**2005** Examinations by Video Spectral Comparator (AAFS); Chinese
Handwriting Examination (IFS); and Disguise in Handwriting (AFDE).
**2003** Printing Process Identification and Image Analysis for Forensic Document Examiners, a
four day training session, Rochester Institute of Technology, New York, June.
**1996** Ten hour program titled, _The Forensic Application of Behavioral Artifacts: Handwriting Examination_, taught by Bryan J. Found, Research Scientist and Forensic Consultant (Seminar Held in El Paso, Texas). Certificate of participation awarded by LaTrobe University, Melbourne, Australia.
**1987** Nine-day training program titled, _Paper Fiber Analysis_, conducted by the Institute of Paper Chemistry in Appleton, Wisconsin.

## _Presentations, papers, and training at professional meetings (partial list)_

### Opening presentations

_Signatures of persons with parkinsonism and hepatic encephalopathy as comparison standards,_ co-authored with Carl E. Anderson, M.D., 9th Biennial Conference for the International Graphonomics Society, Singapore, June 1999. Selected as one of the opening papers for the conference.

3/23

*PI's and Experts in a Digital World,* opening presentation for the California Association of Licensed Investigators' Annual Conference, Indian Wells, California, June 2000.

### Special presentation

Co-authored with Leonard P. Chen, Ph.D. *Latent Images: the First Impression Primary or Secondary?* Presented at the 15th Triennial Conference of the International Association of Forensic Sciences, UCLA, August 1999 (Dr. Chen, presenter) and the Association of Forensic Document Examiner's Annual Symposium, Scottsdale, Arizona, November 1999 (Ms. Fisher, presenter)

Page | 4

### Invited speaker for presentations on questioned documents in probate, trust, and financial elder abuse cases

*Using Technology to Solve Disputed Documents in Probate, Trust, and Financial Elder Abuse Cases,* Estate Planning Council Mt. Diablo, Lafayette, California, January, 2022.

*Detecting and Resolving Questioned Documents in Probate, Trust, and Financial Elder Abuse cases: a Document Examiner's Perspective,* Litigation and Mediation Committee of the East Bay Trust and Probate Lawyers, Oakland, California 2019.

*Questioned Documents and Financial Elder Abuse,* training session of the Bay Area Chapter of Legal Nurse Consultants, South San Francisco, California, January 2015.

*Fraud by Forgery – Protecting the Estate,* Professional Fiduciary Association of California's annual conference, Burlingame, California, April 2015.

*Are your Clients' Transfer Documents the Result of Financial Elder Abuse?* Presented with Lizabeth N. de Vries, Esq. for the Legal Assistance for Seniors annual conference at Hastings Law School, San Francisco, California, May 2015.

*Training: The Role of the Investigator in Financial Elder Abuse Cases When Documents are in Dispute,* California Association of Private Investigators, East Bay District, Richmond, California, 2014.

*Questioned Documents in Complex Probate, Trust and Financial Elder Abuse cases,* Solano County Bar Association Trusts and Estates Section, 2011.

*Forgery and Financial Elder Abuse – Red Flags,* Litigation and Mediation Committee of the Alameda County Bar Association Trust and Estate Sections, Oakland, California, 2009.

*Extraordinary Roles and Remedies – Questioned Documents in Financial Elder Abuse Cases,* Contra Costa County Bar Association Elder Law Section MCLE, 2009.

*Forgery and Financial Elder Abuse,* Association of Certified Fraud Specialists, National Conference, San Francisco, California, September 2008.

*Questioned Documents in Probate Litigation,* Alameda County Bar Association's Litigation Section, Oakland, California, 2006.

3/23

Guest trainer on questioned documents in probate matters for the Training Conference of the California Association of Public Administrators, Public Guardians and Public Conservators, 1995.

*Questioned Documents in Probate Cases*, Attorneys Probate Association of San Francisco, 1994.

Page | 5

*Wills in Question*, Probate and Trust Section of the San Francisco Bar Association, 1990.

### Additional presentations and training for professionals (partial list)

*He Sold Me the Business. Look, I have the documents!* Alameda County Bar Association's Business Section, November 2022.

*Reflected Light and Scanning Electron Microscopy – Applications to a Writing Sequence Analysis,* Joseph G. Barabe & M. Patricia Fisher, Association of Forensic Document Examiners Annual Symposium, Phoenix, Arizona, October 2022.

*Write-On 3.0 in Action*, Association of Forensic Document Examiners Annual Symposium, Phoenix, Arizona, October 2022.

*Assisting Clients when Documents are in Dispute,* National Association of Licensed Investigators (NALI), Mid-Winter 2022 Virtual Conference, February.

*Laboratory Accreditation: ISO/IEC 17025 Demystified for the Sole Practitioner*, Co-presented with Karin Athanas, Program Manager of the American Association of Laboratory Accreditation, Association of Forensic Document Examiners Symposium, Myrtle Beach, South Carolina October 30, 2016.

*Document Examination for Defense Investigators,* Defense Investigators' Training Academy, Alan Hancock College, Criminal Justice program, Lompoc, California, August 2005 and June 2014.

*Case study: Identifying the Signer of a Questioned Electronic Signature*, 2011 Association of Forensic Document Examiners Annual Continuing Education Symposium, Louisville, Kentucky.

*Writing a Persuasive Report,* Association of Forensic Document Examiners Annual Educational Seminar, Tucson, Arizona, September 2007.

*Complexity, a Case Study*, Association of Forensic Document Examiners Annual Continuing Education Symposium, San Antonio, Texas, October, 2005.

## <u>Publications</u> (partial list by subject)

### Probate, trust, and financial elder abuse cases

Fisher, M.P. (2014). *Red Flags: questioned documents in financial elder abuse* cases. PI Magazine. 28 (4), 55-58.

3/23

Anderson, C.E., Fisher, M.P. (2000). *Signatures of persons with parkinsonism and hepatic encephalopathy as comparison standards.* J. Forensic Document Examination. *13*, 1-8.

Fisher, M.P. (1989). *Holographic will – genuine or fabricated?* Independent Association of Questioned Document Examiners Journal. *2(1)*, 4-13.

Page | 6

## Medical records

Chen, L.P, Fisher, M.P. (2001). *Latent images: the first impression, primary or secondary?* J. Forensic Document Examination. 14, 53-71.

## Trial preparation

Fisher, M.P. (1996). *Genuine Draft.* Los Angeles and San Francisco Daily Journal: Verdicts and Settlements Supplement. *May 31,* 1, 6.

## Documents in a sexual harassment case

Fisher, M.P. (2000). *Statement tips husband's hand.* California Association of Licensed Investigators Journal. *33(3-4),* 9-11.

## Daubert hearing in U.S. v. Starzecpyzel

Fisher, M.P. (1995). *A guide to the Daubert hearing in U.S. v. Starzecpyzel, Part I.* J. Questioned Document Examination. *4(2),* 3-13.

Fisher, M.P. (1996). *A guide to the Daubert hearing in U.S. v. Starzecpyzel, Part II.* J. Questioned Document Examination. *5(1),* 20-32.Fisher, M.P. (1996).

Fisher, M.P. (1996). A *guide to the Daubert hearing in U.S. v. Starzecpyzel, Part III.* J. Questioned Document Examination. *5(2),* 27-42.

## Fabricated documents

Fisher, M.P., Barabe, J.G., Rantanen, W. (2007). *"Rare 1972 Marilyn Monroe Oyama Photo Book" – Genuine or a Fabrication.* J. Forensic Document Examination. *18,* 41-62.

Fisher, M.P. (1992). *Case of the upside down watermark.* San Francisco Trial Lawyer. *12(1),* 1, 4, 6-7.

## Anonymous writings

Fisher, M.P. (1995). *Anonymous writings: at the workplace.* California Association of Licensed Investigators Newsletter. *28(6),* 11-12, 45.

## Obtaining request standards

Fisher, M.P., Posner, G.E. (1984). *Obtaining handwriting standards.* The Legal Investigator. *November XIV (2),* 17-20.

## Book reviews

Fisher, M.P. (2012). *Book Review: The Neuroscience of Handwriting: Applications for Forensic Document Examiners.* J. Forensic Document Examination. *22,* 65-68.

As Editor of the *Journal of Forensic Document Examination,* supervised the editorial board's commentary (2011). *Commentary: Revisited: The Scientific Examination of Questioned Documents: Second Edition (2006).* J. Forensic Document Examination. 21, 61-81.

## Interview with Bryan Found, PhD Neuroscience

Fisher, M. P (2015). *A discussion of issues around human factors and bias in forensic handwriting examinations: the present and future for practitioners.* J. Forensic Document Examination, 25, 5-16.

## *In the media*

**2020** - Document examiner interviewed in part four of a four part documentary on FX on Hulu titled, *The Most Dangerous Animal of All.* The title is based on the book of the same name, a **New York Times** best seller. Ms. Fisher critiqued the work of the document examiner who claimed the handwriting he was provided was that of the Zodiac killer.

**2018** - Interviewed for an article published 11/17/18 in **Mother Jones** related to signature comparisons on voting ballots.

**2004** - Interviewed by NPR's **All Things Considered** on document examiners' reactions to the questioned George W. Bush military letters featured on CBS's program "60 Minutes."

**1993** - *Proving False,* an article about M. Patricia Fisher's work as a document examiner, published in the October 1993, issue of **California Lawyer.**

3/23

# EXHIBIT B



Promissory Note Secured By A Deed Of Trust, page 3, - 3/28/2018



Prepayment Addendum to Note, page 4, - 3/28/2018



Deed Of Trust With Assignment Of Rents, page 5, - 3/28/2019



Promissory Note Secured By A Deed OF Trust, page 3, - 4/16/2019



Prepayment Addendum To Note, page 4, - 4/16/2019



Deed Of Trust With Assignment Of Rents, page 4, - 4/16/2019



Minutes of the Annuallly Meeteng of the directors - 2/15/2021



Gifting Letter - 3/31/2021



First Amendment To - 6/7/2021



First Amendment To - 6/7/2021

# EXHIBIT C



Personal Guarantee - 12/18/1990



Lease (Assignors) - 7/7/2012



Sig. 1



Sig.2
Assignment - 7/7/2012



California Drivers License - 3/8/16



Memorandum of Understanding - 1/22/2021



List - 1/22/2021



Income and Expense Declaration - 3/15/22



Schedule of Assets And Debts - 3/15/22

# EXHIBIT D

# Questioned Initials of Mahesh Gogri



Prepayment Addendum to Note, page 4, - 3/28/2018

        

Page 1                  Page 2                  Page 3

Promissory Note Secured By A Deed Of Trust - 3/28/2018

            

Page 1          Page 2          Page 3          Page 4

    

Page 5                  Page 6

Deed Of Trust With Assignment Of Rents - 3/28/2019

            

Page 1          Page 2          Page 3          Page 4

Shilpa

Page 1          Page 2          Page 3          Page 4

Promissory Note Secured By A Deed OF Trust - 4/16/2019

            

Page 1          Page 2          Page 3          Page 4

Shilpa

Page 1          Page 2          Page 3          Page 4

Deed of Trust With Assignment Of Rents, page 4, - 4/16/2019

4102
R.A.
4/12/2023

p.1

# EXHIBIT E



Lease (Assignors) - 7/7/2012



#1         #2

Assignment - 7/7/2012



Date

Gifting Letter for Karan Gogri - 3/31/2021

#1         #2

First Amendment To - 6/7/2021

#1         #2

First Amendment To - 6/7/2021

# EXHIBIT F

## Mahesh Gogri



Memorandum of Understanding - 1/22/2021



List - 1/22/2021



Schedule of Assets And Debts - 3/15/22



Income And Expense Declaration - 3/15/22



Application For a U.S. Passport - 4/11/21

## Shilpa Gogri



Memorandum of Understanding - 1/22/2021



List - 1/22/2021



Gifting Letter - 3/31/2021

# Exhibit 2



# FISHER
# FORENSIC
Document Laboratory, Inc

September 18, 2023

Page | 1

Thornton Davidson, Esq.
Thornton Davidson, P.C.
1195 W. Shaw Ave., Suite A
Fresno, CA 93711

**RE: Mahesh Gogri v. Shilpa Gogri**
    **Alameda County Superior Court Case No. HF21118124**
    **Supplemental Report**

Dear Mr. Davidson:

After preparing my April 13, 2023 Declaration in which I determined that Shilpa Gogri was the most likely person to have signed the questioned signatures of Mahesh Gogri, you provided seven original notary books from a notary referring to herself as *R. Grady*. You asked me to examine the signatures of Petitioner Mahesh Gogri to determine if he signed his 25 signatures throughout the notary books that are dated from 2017 through 2020. Scans of the pages of the notary book that contained the signatures of both Petitioner and Respondent are attached as Exhibit A.

As I was already familiar with the handwriting characteristics of Petitioner, I identified three signatures of the 25 signatures that Petitioner signed. These three signatures contain the characteristic initial stroke that forms the letter "*M*" when Petitioner signs his name. Demonstrative Exhibit 1 illustrates these three genuine signatures.



Journal (08/06/2018 - 01/18/2019) - Page 28 - 9/13/2018

Journal (09/28/2020 - 10/28/2020) - Page 4 - 9/28/2020

## Demonstrative Exhibit 1

RE: Mahesh Gogri v. Shilpa Gogri/Supplemental Report
Alameda County Superior Court Case No. HF21118124
Fisher Forensic Document Laboratory, Inc.
September 18, 2023

Twenty-two signatures of Petitioner were not signed by him. Rather than forming the initial stroke as an "M," the initial stroke is either a tightly retraced stroke or a looped stroke. Demonstrative Exhibit 2 below and on the following two pages are scans from the original notary books for 12 signatures that were not signed by Petitioner. These signatures contain the handwriting style of Respondent signing Petitioner's name. The columns for the Right thumbprints are blank.

Page | 2



Journal, Page 68 - 3/2/ 2019



Journal - Page 100- 3/28/2019

RE: Mahesh Gogri v. Shilpa Gogri/Supplemental Report
Alameda County Superior Court Case No. HF21118124
Fisher Forensic Document Laboratory, Inc.
September 18, 2023

Page | 3



Journal - Page 100 - 3/28/2019



Journal (08/06/2018-01/18/2019) - Page 102  - 3/28/2019

RE: Mahesh Gogri v. Shilpa Gogri/Supplemental Report
Alameda County Superior Court Case No. HF21118124
Fisher Forensic Document Laboratory, Inc.
September 18, 2023

Page | 4



Journal (08/06/2018-01/18/2019) - Page 104  - 3/31/2019



Journal - Page 106 - 11/9/2019



Journal, Page 108 - 5/23/2019

## Demonstrative Exhibit 2

**RE: Mahesh Gogri v. Shilpa Gogri/Supplemental Report**
**Alameda County Superior Court Case No. HF21118124**
**Fisher Forensic Document Laboratory, Inc.**          Page | 5
**September 18, 2023**

An additional ten signatures of Petitioner were not signed by him. These signatures contained fingerprints for the Right Thumbprint column seen in Demonstrative Exhibit 3 below and on the following two pages.



Journal, Page 92 - 11/29/2017

Office: 925-273-7733 | Cell: 510-987-8129 | Patricia@FisherDocLab.com | 2010 Crow Canyon Place, Ste 100, San Ramon, CA 94583

RE: Mahesh Gogri v. Shilpa Gogri/Supplemental Report
Alameda County Superior Court Case No. HF21118124
Fisher Forensic Document Laboratory, Inc.
September 18, 2023

Page | 6



Journal, Page 4 - 4/6/2019

Office: 925-273-7733 | Cell: 510-987-8129 | Patricia@FisherDocLab.com | 2010 Crow Canyon Place. Ste 100, San Ramon. CA 94583

RE: Mahesh Gogri v. Shilpa Gogri/Supplemental Report
Alameda County Superior Court Case No. HF21118124
Fisher Forensic Document Laboratory, Inc.
September 18, 2023

Page | 7



Journal, Page 118 - 8/15/2019



Journal, Page 118 - 8/15/2019

**Demonstrative Exhibit 3**

RE: Mahesh Gogri v. Shilpa Gogri/Supplemental Report
Alameda County Superior Court Case No. HF21118124
Fisher Forensic Document Laboratory, Inc.
September 18, 2023

Page | 8

Very little variation is present in the handwriting characteristics in Petitioner's signatures signed by Respondent. Incorporating little variation is a frequent occurrence when signatures have been simulated or copied from a model or model signatures. In contrast, the genuine signatures of Petitioner in Demonstrative Exhibit 4 contain more variations from signature to signature. The top two known signatures of Petitioner are dated the same date. The bottom two signatures are also dated the same, but a different date, than the top signatures.



**Known signatures of Mahesh Gogri**

Memorandum of Understanding - 1/22/2021

List - 1/22/2021

Application For a U.S. Passport - 4/11/21

Income and Expense Declaration - 3/15/22

Schedule of Assets And Debts - 3/15/22

**Demonstrative Exhibit 4**

Office: 925-273-7733 ▌Cell: 510-987-8129 ▐ Patricia@FisherDocLab.com ▐2010 Crow Canyon Place, Ste 100, San Ramon, CA 94583

RE: Mahesh Gogri v. Shilpa Gogri/Supplemental Report
Alameda County Superior Court Case No. HF21118124
Fisher Forensic Document Laboratory, Inc.
September 18, 2023

Page | 9

I have not examined the fingerprints adjacent to the signatures of Petitioner in the notary journals of R. Grady. Examining fingerprints is outside the scope of my assignment and expertise. The fingerprint analysis is being conducted by Kurt Kuhn of Forensic Consulting Service of Fullerton, California.

If my testimony becomes necessary for court. I can further demonstrate the basis for my opinion that Defendant signed Plaintiff's signatures, not only in the notary books but in the documents presented as exhibits in my April 13, 2023 Declaration.

Sincerely,

M. Patricia Fisher
Diplomate. Board of Forensic Document Examiners

# EXHIBIT A

Case 3:24-cv-00732-TLT   Document 1   Filed 02/07/24   Page 59 of 104

MARY FRANCES PEARCE
? Lin Amig ?
PINOLE, CA 91? 23
CA N044579 ?
?/01/20?? - ?/14/20??
DOB 12/14/1932
Mary Pearce

RAYMOND JAMES PENTLEY
364 NEWBURY St
HERCULES, CA 94547
CA D1334807
3/14/2014 - 8/24/2018
DOB 8/24/1985

SHILPA MAHESH GOGRI
404 MIWINK Ct
FREMONT, CA 94551
CA A2632447
7/29/2013 - 7/20/2018
DOB 7/20/1964

MAHESH GOGRI
404 MIWINK Ct
FREMONT, CA 94591
CA C187-7030
3/3/2016  6/9/2020
DOB 6/9/1962

Shilpa Mahesh Gogri
404 MIWINK Ct
FREMONT CA 94551
CA A2632447
7/29/2013  7/20/2018
DOB 7/20/1964

MAHESH GOGRI
404 MIWINK Ct
FREMONT, CA
CA C1877030
3/3/2016  6/9/2020
DOB 6/9/1962

ARNEL DARREN COLLINS
3400 STEVENSON Bl  C34
FREMONT, CA 94530
CA Y8151907
7/21/2017 - 8/22/2019
DOB 3/29/1966
Arnel D. Collins

MURIEL BRANHAM
WOLVERTON
4115 CROOKED CREEK
LOS ALTO, CA 94024
CA B2051170
11/9/2017 - 11/13/20??
DOB 11/13/1931
Muriel Wolverton

Case 3:24-cv-00732-TLT Document 1 Filed 02/07/24 Page 60 of 104

| Name / Address | Identity established by satisfactory evidence | | Signature |
|---|---|---|---|
| MAREN NANCY [illegible] 21314 GARY DR Unit 217 HAYWARD CA [illegible] | Identity established by satisfactory evidence ✓1-Driver's license  3-Other ID (describe)  5-Personally known  2-Passport  4-Other ID (describe)  6-Credible witness(es) CA DMV [illegible]077 11/2[illegible]/2017 - 12/2[illegible]/2[illegible] DOB 12/22/1941 | | x Maren Nancy [illegible] |
| Shilpa GOGRI 404 MIWOK CT. FREMONT, CA 94539 | Identity established by satisfactory evidence ✓1-Driver's license  3-Other ID (describe)  5-Personally known  2-Passport  4-Other ID (describe)  6-Credible witness(es) CA DMV A2632447 07/20/2018 - 07/20/2023 DOB 07/20/1967 | | x [illegible] |
| SHILPA GOGRI 404 MIWOK Ct FREMONT, CA 94539 | Identity established by satisfactory evidence ✓1-Driver's license  3-Other ID (describe)  5-Personally known  2-Passport  4-Other ID (describe)  6-Credible witness(es) CA DMV A2632447 07/10/2018 - 07/20/2023 DOB 07/20/1967 | | x [illegible] |
| MAHESH GOGRI 404 MIWOK CT FREMONT, CA 94539 | Identity established by satisfactory evidence ✓1-Driver's license  3-Other ID (describe)  5-Personally known  2-Passport  4-Other ID (describe)  6-Credible witness(es) CA DMV C1877030 03/08/2016 - 06/09/2020 DOB 06/09/1962 | | x [illegible] |
| MAHESH GOGRI 404 MIWOK CT FREMONT, CA 94539 | Identity established by satisfactory evidence ✓1-Driver's license  3-Other ID (describe)  5-Personally known  2-Passport  4-Other ID (describe)  6-Credible witness(es) CA DMV C1877030 03/08/2016 - 06/09/2020 DOB 06/09/1962 | | x [illegible] |
| Lisa C. PATRICK RAMOS 920 SHELVIN Dr. EL CERRITO, CA 94530 | Identity established by satisfactory evidence ✓1-Driver's license  3-Other ID (describe)  5-Personally known  2-Passport  4-Other ID (describe)  6-Credible witness(es) CA DMV A1694978 10/09/2018 - 10/21/2023 DOB 10/21/1968 | | x [illegible] Patrick Ramos |
| Bradley JOSE RAMOS 920 SHELVIN Dr. EL CERRITO, CA 94530 | Identity established by satisfactory evidence ✓1-Driver's license  3-Other ID (describe)  5-Personally known  2-Passport  4-Other ID (describe)  6-Credible witness(es) CA DMV N9803428 11/03/2018 - [illegible] 09/02/2023 DOB 09/02/1963 | | [illegible] |
| CORAZON YANDOC RAMOS 6338 CLAREMONT Ave. RICHMOND, CA 94805 | Identity established by satisfactory evidence ✓1-Driver's license  3-Other ID (describe)  5-Personally known  2-Passport  4-Other ID (describe)  6-Credible witness(es) CA DMV S0851810 12/19/2017 - 01/01/2023 DOB 01/01/1940 | | x [illegible] Ramos |

Case 3:24-cv-00732-TLT   Document 1   Filed 02/07/24   Page 61 of 104

| Name / Address | Identity established by satisfactory evidence | Signature |
|---|---|---|
| Andrew Clifford Price<br>3325 Walnamoro Dr<br>Hayward, CA 94541 | ✓ 1-Driver's license  3-Other ID (describe)  5-Personally known<br>2-Passport  4-Other ID (describe)  6-Credible witness<br>CA DL C7064163<br>09/21/2018 - 09/22/2022<br>DOB 09/22/1969 | x  Andrew Price |
| Marlene Elizabeth<br>Eustis<br>21866 Main St<br>Hayward, CA 94541 | ✓ 1-Driver's license  3-Other ID (describe)  5-Personally known<br>2-Passport  4-Other ID (describe)  6-Credible witness<br>CA DMV Y4704917<br>04/07/2017 - 07/31/2021<br>DOB 07/31/1954 | x  Marlene E Eustis |
| Marlene<br>Marlene | Identity established by satisfactory evidence<br>1-Driver's license  3-Other ID (describe)  5-Personally known<br>2-Passport  4-Other ID (describe)  6-Credible witness | x  Marlene E Eustis |
| Marlene | Identity established by satisfactory evidence<br>1-Driver's license  3-Other ID (describe)  5-Personally known<br>2-Passport  4-Other ID (describe)  6-Credible witness | x  Marlene E Eustis |
| Mahesh Gogri<br>404 Miwok Ct<br>Fremont, CA 94538 | ✓ 1-Driver's license  3-Other ID (describe)  5-Personally known<br>2-Passport  4-Other ID (describe)  6-Credible witness<br>CA DMV C1877030<br>03/08/2016 - 06/09/2020<br>DOB 06/09/1962 | x |
| Mahesh Gogri | Identity established by satisfactory evidence<br>1-Driver's license  3-Other ID (describe)  5-Personally known<br>2-Passport  4-Other ID (describe)  6-Credible witness | x |
| Mahesh Gogri | Identity established by satisfactory evidence<br>1-Driver's license  3-Other ID (describe)  5-Personally known<br>2-Passport  4-Other ID (describe)  6-Credible witness | x |
| Mahesh Gogri | Identity established by satisfactory evidence<br>1-Driver's license  3-Other ID (describe)  5-Personally known<br>2-Passport  4-Other ID (describe)  6-Credible witness | x |

Case 3:24-cv-00732-TLT   Document 1   Filed 02/07/24   Page 62 of 104

| Name / Address | Identity established by satisfactory evidence | | Signature |
|---|---|---|---|
| muhesu | 1 Driver's license  3 Other ID (describe)  5 Personally known<br>2 Passport  4 Other ID (describe)  6 Credible witness(es) | x | |
| ~~Shilpa~~ GOGRI, Manest<br>Ho-1 Miwok Ct<br>FRemont CA 94539 | ✓ 1 Driver's license  3 Other ID (describe)  5 Personally known<br>2 Passport  4 Other ID (describe)  6 Credible witness(es)<br>CA DMV ~~A2632447~~<br>~~07/20/2018 - 07/20/2022~~<br>DOB 07/20/1967 | x | |
| Shilpa GoGRI<br>404 Miwok Ct<br>FREmont, CA 94539 | ✓ 1 Driver's license  3 Other ID (describe)  5 Personally known<br>2 Passport  4 Other ID (describe)  6 Credible witness(es)<br>CA DMV A2632447<br>07/20/2018  07/20/2023<br>DOB 07/20/1967 | (x) | Giup |
| Shilpa | 1 Driver's license  3 Other ID (describe)  5 Personally known<br>2 Passport  4 Other ID (describe)  6 Credible witness(es) | (x) | Giup |
| Shilpa | 1 Driver's license  3 Other ID (describe)  5 Personally known<br>2 Passport  4 Other ID (describe)  6 Credible witness(es) | x | Giup |
| Shilpa | 1 Driver's license  3 Other ID (describe)  5 Personally known<br>2 Passport  4 Other ID (describe)  6 Credible witness(es) | x | Giup |
| Shilpa | 1 Driver's license  3 Other ID (describe)  5 Personally known<br>2 Passport  4 Other ID (describe)  6 Credible witness(es) | (x) | Giup |
| Shilpa | 1 Driver's license  3 Other ID (describe)  5 Personally known<br>2 Passport  4 Other ID (describe)  6 Credible witness(es) | x | Giup |

104

[...] LOUISE RIVERA
44 JUNEAU ST
[LEANDRO] CA 94517

Identity established by satisfactory evidence
☑ Driver's license   3-Other ID describe   5-Personally known
2-Passport   4-Other ID describe   6-Credible witness

CA DMV N2078496
N/06/2018 - 05/31/2023

x _Caren L. Rivera_

---

[CE]LIA ELIZABETH RIVERA
44 JUNEAU ST
[LE]ANDRO, CA 94517

Identity established by satisfactory evidence
☑ Driver's license   3-Other ID describe   5-Personally known
2-Passport   4-Other ID describe   6-Credible witness

CA DMV A9491973
08/14/2015 - 02/03/2020
DOB 02/05/1975

x _Sheila Rivera_

---

[MI]CHAEL ANTHONY RIVERA
44 JUNEAU ST.
[LE]ANDRO, CA 94577

Identity established by satisfactory evidence
☑ Driver's license   3-Other ID describe   5-Personally known
2-Passport

CA DMV E0880831
09/14/2017 - 10/21/2022
DOB 10/21/1952

x _Michael A. Rivera_

---

[Mic]hael

Identity established by satisfactory evidence

x _Michael a Rivera_

---

[Mic]hael

Identity established by satisfactory evidence
1-Driver's license   3-Other ID describe   5-Personally known

x _Michael a Rivera_

---

[Mic]hael

Identity established by satisfactory evidence
1-Driver's license   2-Other ID describe   5-Personally known
3-Passport   6-Credible witness

x _Michael a Rivera_

---

[...]

Identity established by satisfactory evidence
1-Driver's license   3-Other ID describe   5-Personally known

x

---

[MAR]SHALL EDMOND CORNBLUM
UNION SQ APt 389
[...] City, CA 94581

Identity established by satisfactory evidence
☑ Driver's license   3-Other ID describe   5-Personally known
2-Passport   4-Other ID describe   6-Credible witness

CA DMV D0080701O
08/14/2015 - 08/31/2020
DOB 05/31/1937

x _Marshall Cornblum_

Case 3:24-cv-00732-TLT   Document 1   Filed 02/07/24   Page 63 of 104

Case 3:24-cv-00732-TLT   Document 1   Filed 02/07/24   Page 64 of 104

William Huora B. LAM
430 REVERE AVE.
SAN FRANCISCO. CA 94125

Identity established by satisfactory evidence
X 1-Driver's license   3-Other ID (describe)   5-Personally known
2-Passport             4-Other ID (describe)   6-Credible witness(es)

CA A1941851
11/20/2013 – 01/06/209
DOB 04/06/1971

(x) O. Willian Li

---

Xiu YuNG Ho
74 MORNINGSIDE Dr
Daly City. CA 94015

Identity established by satisfactory evidence
X 1-Driver's license   3-Other ID (describe)   5-Personally known
2-Passport             4-Other ID (describe)   6-Credible witness(es)

CA B760 5300
04/04/2016 – 04/24/2021
DOB 04/24/1963

x

---

XiA oLAN HoNG
465 Cherry WAY
HAYWARD, CA 94541

Identity established by satisfactory evidence
X 1-Driver's license   3-Other ID (describe)   5-Personally known
2-Passport             4-Other ID (describe)   6-Credible witness(es)

China G58297644
2/13/2012 – 2/12/2022
DOB 9/4/1980

x

---

PETER SHi LONG ZHU
2441 RENWICK ST
OAKLAND CA 94601

Identity established by satisfactory evidence
1-Driver's license   3-Other ID (describe)   5-Personally known
2-Passport             4-Other ID (describe)   6-Credible witness(es)

CA B4537354
11/30/2016 – 01/05/2022
DOB 01/05/1975

(x) Peter Z.

---

ROSANE NG
2441 RENWICK St.
OAKLAND, CA 94601

Identity established by satisfactory evidence
1-Driver's license   3-Other ID (describe)   5-Personally known
2-Passport             4-Other ID (describe)   6-Credible witness(es)

CA D9763037
06/13/2016 – 10/10/2021
DOB 10/10/1981

x

---

Shilpa GOGRi
404 MiWOK Ct
FREMONT, CA 94539

Identity established by satisfactory evidence
1-Driver's license   3-Other ID (describe)   5-Personally known
2-Passport             4-Other ID (describe)   6-Credible witness(es)

CA A2632447
07/20/2016 – 07/20/1967
DOB 07/20/1967

x Gogi

---

MAHESH GOGRi
404 MiWOK Ct
FREMONT, CA 94539

Identity established by satisfactory evidence
X 1-Driver's license   3-Other ID (describe)   5-Personally known
2-Passport             4-Other ID (describe)   6-Credible witness(es)

CA C1877030
05/08/2016 – 06/04/2020
DOB 06/04/1962

x)

---

KARAN KANJi GOGRi
404 MiWOK Ct
FREMONT, CA 94539

Identity established by satisfactory evidence
X 1-Driver's license   3-Other ID (describe)   5-Personally known
2-Passport             4-Other ID (describe)   6-Credible witness(es)

CA D4252875
08/20/2015 – 8/16/2020
DOB 08/16/1990

x Gogi

Case 3:24-cv-00732-TLT   Document 1   Filed 02/07/24   Page 65 of 104

MAHESH GOGRI
404 MIWOK
FREMONT. CA 94539

Identity established by satisfactory evidence
1-Driver's license   3-Other ID described   5-Personally known
2-Passport   4-Other ID described   6-Credible witness

CA DMV C1470.30
03/08/2016 - 06/05/2020
DOB  06/04/1962

Mahesh Gogri

Identity established by satisfactory evidence
1-Driver's license   3-Other ID described   5-Personally known
2-Passport   4-Other ID described   6-Credible witness

SHILPA GOGRI
404 MIWOK
FREMONT. CA 94539

Identity established by satisfactory evidence
1-Driver's license   3-Other ID described   5-Personally known
2-Passport   4-Other ID described   6-Credible witness

CA DMV A263244T
07/20/2018 - 07/20/2023
DOB (07/20/1967)

Identity established by satisfactory evidence
1-Driver's license   3-Other ID described   5-Personally known
2-Passport   4-Other ID described   6-Credible witness

SHILPA GOGRI

Identity established by satisfactory evidence
1-Driver's license   3-Other ID described   5-Personally known
2-Passport   4-Other ID described   6-Credible witness

Case 3:24-cv-00732-TLT   Document 1   Filed 02/07/24   Page 66 of 104

103

| Name and address | Identity established by satisfactory evidence | | Signature |
|---|---|---|---|
| Kelly Lynn Simmons<br>26965 Cole Ave<br>Hayward, CA 94542 | CA DMV F8105488<br>03/19/2019 - 03/31/2024<br>DOB 03/31/1919 | 1 Driver's license  3 Other ID described  5 Personally known<br>2 Passport  4 Other ID described  6 Credible witness | ☺ Jean |
| MARSHALL EDMOND MCRAEBlum<br>34 Union Sq Apt 385<br>Union City CA 94587 | CA DMV D0807070<br>08/14/2013-08/31/2020<br>DOB 08/31/1937 | ✓1 Driver's license  3 Other ID described  5 Personally known<br>2 Passport  4 Other ID described  6 Credible witness | x [signature] |
| MAHESH | | 1 Driver's license  3 Other ID described  5 Personally known<br>2 Passport  4 Other ID described  6 Credible witness | x [signature] |
| MAHESH | | 1 Driver's license  3 Other ID described  5 Personally known<br>2 Passport  4 Other ID described  6 Credible witness | x [signature] |
| Shilpa Gouri | | 1 Driver's license  3 Other ID described  5 Personally known<br>2 Passport  4 Other ID described  6 Credible witness | x [signature] |
| Shilpa Gouri | | 1 Driver's license  3 Other ID described  5 Personally known<br>2 Passport  4 Other ID described  6 Credible witness | x [signature] |
| Arthur JOHN VARGAS<br>LANDOC<br>31 Martin Luther King Dr<br>Hayward CA 94541 | CA DMV B5805437<br>03/05/2018 -03/19/2023<br>DOB 03/19/1976 | ✓1 Driver's license  3 Other ID described  5 Personally known<br>2 Passport  4 Other ID described  6 Credible witness | x [signature] |
| | | 1 Driver's license  3 Other ID described  5 Personally known<br>2 Passport  4 Other ID described  6 Credible witness | x [signature] |

Case 3:24-cv-00732-TLT    Document 1    Filed 02/07/24    Page 67 of 104



AVIYA FRUMIN

Identity established by satisfactory evidence
1 Driver's License    3 Other ID (describe)    5 Personally known
2 Passport    4 Other ID (describe)    6 Credible witness sworn

CA DMV Y4281003
10/05/2016 - 09/09/2020
DOB 09/09/1978

MAHESH GOGRI

CA DMV C1877030
03/08/2016 - 06/09/2020
DOB 06/09/1962

SHILPA GOGRI

CA DMV A2632447
07/20/2018 - 07/20/2023
DOB 07/20/1967

JUAN ANTONIO GOMEZ DE LA CRUZ

CA DMV F1808998
12/19/2018 - 12/03/2023
DOB 12/03/1992

JUAN ANTONIO GOMEZ DE LA CRUZ

CA DMV F1808998
12/19/2018 - 12/03/2023
DOB 12/03/1992

Case 3:24-cv-00732-TLT   Document 1   Filed 02/07/24   Page 68 of 104

DEBRA JANE MEDEIROS
29 STONE CT.
DANVILLE, CA 94526

| Identity established by satisfactory evidence | | |
|---|---|---|
| 1-Driver's license | 3-Other ID (describe) | 5-Personally known |
| 2-Passport | 4-Other ID (describe) | 6-Credible witness(es) |

CA DMV N0295904
12/06/2012 - 12/31/2022
DOB 12/31/1954

(x) Debra G. Medeiros

| Identity established by satisfactory evidence | | |
|---|---|---|
| 1-Driver's license | 3-Other ID (describe) | 5-Personally known |
| 2-Passport | 4-Other ID (describe) | 6-Credible witness(es) |

(x) Debra G. Medeiros

| Identity established by satisfactory evidence | | |
|---|---|---|
| 1-Driver's license | 3-Other ID (describe) | 5-Personally known |
| 2-Passport | 4-Other ID (describe) | 6-Credible witness(es) |

(x) Debra G. Medeiros

| Identity established by satisfactory evidence | | |
|---|---|---|
| 1-Driver's license | 3-Other ID (describe) | 5-Personally known |
| 2-Passport | 4-Other ID (describe) | 6-Credible witness(es) |

(x) Debra G. Medeiros

| Identity established by satisfactory evidence | | |
|---|---|---|
| 1-Driver's license | 3-Other ID (describe) | 5-Personally known |
| 2-Passport | 4-Other ID (describe) | 6-Credible witness(es) |

(x) Debra G. Medeiros

| Identity established by satisfactory evidence | | |
|---|---|---|
| 1-Driver's license | 3-Other ID (describe) | 5-Personally known |
| 2-Passport | 4-Other ID (describe) | 6-Credible witness(es) |

(x) Debra G. Medeiros

MAHESH Kumar GOGEI
464 MIWOK CT.
FREMONT, CA 94539

| Identity established by satisfactory evidence | | |
|---|---|---|
| ✓ 1-Driver's license | 3-Other ID (describe) | 5-Personally known |
| 2-Passport | 4-Other ID (describe) | 6-Credible witness(es) |

CA DMV C1877030
02/20/2020 - 06/09/2025
DOB 06/09/1962

MAHESH KUMAR GOGEI

| Identity established by satisfactory evidence | | |
|---|---|---|
| ✓ 1-Driver's license | 3-Other ID (describe) | 5-Personally known |
| 2-Passport | 4-Other ID (describe) | 6-Credible witness(es) |

CA DMV C1877030
02/20/2020 - 06/09/2025
DOB 06/09/1962

Case 3:24-cv-00732-TLT   Document 1   Filed 02/07/24   Page 69 of 104

Barbara ANN Williams

☒ CA DMV N0193423
09/10/2018 - 11/10/2023
DOB 11/10/1947

⊙ Barbara A. William

Barbara ANN Williams

CA DMV N0193423
09/10/2018 - 11/10/2023
DOB 11/10/1947

⊙ Barbara A. William

Barbara Ann Williams

CA DMV N0193423
09/10/2018 - 11/10/2023
DOB 11/10/1947

⊙ Barbara A. William

Mahesh Gogri
#04 Miwok Ct.
Fremont

CA DMV C1877030
03/08/2016 - 06/09/2020
DOB 06/09/1962

Ⓧ

Mahesh Gogri

Ⓧ

Mahesh Gogri

⊙

Mahesh Gogr

Ⓧ

Shilpa Gogri
04 Miwok Ct.
Fremont

CA DMV A2632447
07/20/2018 - 07/20/2023
DOB 07/20/1967

# Exhibit 3



# FORENSIC CONSULTING SERVICE

**2271 W. Malvern Avenue
Suite 117
Fullerton, CA 92833**

(562) 882-2201
EMAIL: kurtekuhn@earthlink.net
WEBSITE: forensicconsultingservice.net

## LABORATORY EXAMINATION REPORT

**F.C.S. Case 4248**

Examinations were conducted on the fingerprint impressions appearing on the below listed items:

Machine reproductions (pdf files) of Notary Journal entries of Rene Grady, Commission Number 2254953/2419667.

1. 11/19/2017 – Book 1 – Page 91/92
   Entry 4 – DOT/Mortgage
   Entry 6 – Declaration/Uninsured Deed
   Above entries bear the name, signature and a fingerprint attributed to Mahesh Gogri.
2. 9/13/2018 – Book 3 – Page 27/28
   Entry 7 – Identity Affidavit and Instructions for Funds Due to Borrower/Owner
   The above entry bears the name, signature and a fingerprint attributed to Mahesh Gogri.
3. 9/13/2018 – Book 3 – Page 27/28
   Entry 8 – Non Applicant Affidavit and Instructions for Funds Due to Borrower/Owners
   The above entry bears the name, signature and a fingerprint attributed to Karan Kanji Gogri.
4. 4/16/2019 – Book 4 – Page 3/4
   Entry 1 – DOT/Mortgage
   Entry 2 – Sig./Name Aff.
   Entry 3 – Occupancy Statement
   Entry 4 – Errors & Omissions and Compliance Agreement
   The above entries bear the name, signature and a fingerprint attributed to Mahesh Gogri.
5. 8/15/2019 – Book 7 – Page 117/118
   Entry 4 – Borrower's Affidavit
   Entry 5 – Sig./Name Aff.
   Entry 6 – Certification of Non-Owner Occupancy and Indemnity
   Entry 7 – DOT/Mortgage
   The above entrries bear the name, signature and a fingerprint attributed to Mahesh Gogri.
6. 9/28/2020 – Book 6 – Page 3/4
   Entry 7 – Own. Aff.
   Entry 8 – Deed-G
   The above entries bear the name, signature and a fingerprint attributed to Mahesh Gogri.

7. Original Applicant fingerprint card bearing the name and signature Mahesh Gogri, dated 9/14/2023.

1

## Examination and Methodology

Friction ridge (fingerprint) examinations are conducted using the Analysis, Comparison and Evaluation (ACE) process. This examination procedure includes an analysis, comparison and evaluation process that is summarized as follows:

- Analysis - the assessment of a friction ridge impression accounting for the quantity and quality of the features located in the impression. These features will also be evaluated for their spatial relationships to each other which may be affected by factors such as pressure and movement when the impression is placed on the surface.
- Comparison - the direct side by side observation of the friction ridge (fingerprint) impressions to determine whether the features observed during the analysis are in agreement or disagreement. When making this determination, the examiner takes into account variation that may exist in their appearance due to factors such as pressure and movement.
- Evaluation - the formation of a conclusion based upon the examiner's observations and assessments.

The possible reported conclusions include:

- Identification - the determination that two friction ridge impressions originated from the same source because there is sufficient agreement in the quantity and quality of corresponding features.
- Exclusion - the determination that two friction ridge impressions did not originate from the same source because there is sufficient disagreement in the quantity and quality of the corresponding features.
- Inconclusive - the determination that an identification or exclusion cannot be reached because there is insufficient quantity or quality in the corresponding features.

Based upon an examination of the above listed evidence, it is my opinion that:

- The fingerprint impressions appearing on the 9/13/2018 Notary Journal Entry 7 (Item 2); and the 9/28/2020 Notary Journal Entry 7 and Entry 8 (Item 6) attributed to Mahesh Gogri; and the right thumb impression appearing on the Applicant fingerprint card (Item 7) are from a common source – an Identification. These impressions were made by Mahesh Gogri.
- Mahesh Gogri is excluded as the source of the fingerprint impressions appearing on the 11/19/2017 Notary Journal Entry 4 and Entry 6 (Item 1).
- Mahesh Gogri is excluded as the source of the fingerprint impressions appearing on the 4/16/2019 Notary Journal Entry 1, Entry 2, Entry 3 and Entry 4 (Item 4).
- Mahesh Gogri is excluded as the source of the fingerprint impressions appearing on the 8/15/2019 Notary Journal Entry 4, Entry 5, Entry 6 and Entry 7 (Item 5).
- The fingerprint impressions appearing on the 9/13/2018 Notary Journal Entry 8 (Item 3) attributed to Karan Kanji Gogri; and on the 8/15/2019 Notary Journal Entry 4, Entry 5, Entry 6 and Entry 7 (Item 5) attributed to Mahesh Gogri are from a common source – an Identification. These impressions were all made by the same individual.
- The fingerprint impressions appearing on the 11/19/2017 Notary Journal Entry 4 and Entry 6 (Item 1); and the 4/16/2019 Notary Journal Entry 1, Entry 2, Entry 3, and Entry 4 (Item 4) are from a common source – an Identification. These impressions were all made by an unknown individual.

    It should be noted that the fingerprint pattern appearing in the above listed entries is not a common pattern type appearing in the right thumb. This particular fingerprint patter type is typically seen on the left hand.

    It is my recommendation that all parties involved in this matter submit full 10 print fingerprint cards for additional examination.

2

These opinions are based upon examination of the above evidence utilizing appropriate magnification and lighting equipment; the consideration of the basic tenets of friction ridge identification – uniqueness and permanence; the examination of the individual friction ridge features including first, second and third level detail in accordance with accepted discipline practice; and the consistency of these features as they relate to type, location, direction and the intra and inter-relationships that exist in the questioned and known fingerprint impressions.

The undersigned, if called as a witness, would testify, under penalty of perjury, under the laws of the State of California, that he did perform the examinations, tests, and analyses necessary to reach the findings, opinions, or conclusions stated above.

**Examiner**

**Kurt E. Kuhn**

**Date** 19 September 2023

3

| Notarization Date and Time | | Compliance Agmt. | E & O | Proof of ID Aff. | Adv. Health. Dir. | SDB Verification | @ 404 MIWOK CT |
|---|---|---|---|---|---|---|---|
| M/29/2017   1³⁰ pm | | Correction Agmt. | Occ. Aff. | Sig./Name Aff. | Trust - Irr. / Living | Vehicle - O+VIN / TT | FREMONT, CA |
| Date on Document(s) Reference # | | DOT / Mortgage | Own. Aff. | Survey Aff. | Will - LWT / Living | | |
| 025100110 | | Deed - G / QC / W | POA - L / D | | | Other ▼ | |
| Fees | Paid? | | | | | | |
| $ | | | | | | | |

| Notarization Date and Time | | Compliance Agmt. | E & O | Proof of ID Aff. | Adv. Health. Dir. | SDB Verification | @ 404 MIWOK CT |
|---|---|---|---|---|---|---|---|
| M/29/2017   8³⁵ | | Correction Agmt. | Occ. Aff. | Sig./Name Aff. | Trust - Irr. / Living | Vehicle - O+VIN / TT | FREMONT, CA |
| Date on Document(s) Reference # | | DOT / Mortgage | Own. Aff. | Survey Aff. | Will - LWT / Living | | |
| | | Deed - G / QC / W | POA - L / D | | | Other ▼ | |
| Fees | Paid? | DECLARATION / UNINSURED DEED (A) | | | | | |
| $ | | | | | | | |

| Notarization Date and Time | Compliance Agmt. | E & O | Proof of ID Aff. | Adv. Health. Dir. | SDB Verification | @ |
|---|---|---|---|---|---|---|

| MAHESH GOGRI | Identity established by satisfactory evidence | |
|---|---|---|
| 404 Miwok Ct | X 1-Driver's license   3-Other ID (describe)   5 Personally known | |
| FREMONT, CA 94539 | 2-Passport   4-Other ID (describe)   6 Credible witness(es) | |
| | CA C1877030 | |
| | 3/8/2016 - 6/9/2020 | x |
| | DOB 6/9/1962 | |

| MAHESH GOGRI | Identity established by satisfactory evidence | |
|---|---|---|
| 404 Miwok Ct | X 1-Driver's license   3-Other ID (describe)   5-Personally known | |
| FREMONT, CA | 2 Passport   4-Other ID (describe)   6 Credible witness(es) | |
| | CA C1877030 | |
| | 3/8/2016 - 6/9/2020 | x |
| | DOB 6/9/1962 | |

| | Notarization Date and Time 9/13/2016  8:45 pm | | Compliance Agmt. | | E & O | | Proof of ID Aff. | | Adv. Health. Dir. | | SDB Verification | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 | Date on Document(s)  Referenced # First Amento AI Notaries | | Correction Agmt. | | Occ. Aff. | | Sig./Name Aff. | | Trust - Irr. / Living | | Vehicle - O+VIN / TT | |
| | | | DOT / Mortgage | | Own. Aff. | | Survey Aff. | | Will - LWT / Living | | | |
| | Fees  $ | Paid? ☐ | Deed  QC/W | | POA - L / D | | | | | | Other | |

Identity Affidavit
Instructions for funds Due to borrower/owner (A)

| MAHESH GOGRI 404 Miwok Ct. FREMONT, CA 94539 | Identity established by satisfactory evidence ☒ 1-Driver's license ☐ 3-Other ID (describe) ☐ 5-Personally known ☐ 2-Passport  ☐ 4-Other ID (describe) ☐ 6-Credible witness(es) CA C1877030 03/08/2016 - 06/09/2020 DOB 06/09/1962 | x _____ | Right Thumbprint | 7 |
|---|---|---|---|---|

# Item 3

KARANJ KANJI GOBER
404 Minck Ct.
Freemont, CA 94539

CA D4252845
08/20/2015 - 8/16/2020
DOB 08/16/1950

Identity established by satisfactory evidence
1-Driver's license  3-Other ID (describe)  5-Personally known
2-Passport  4-Other ID (describe)  6-Credible witness(es)

Notarization Date and Time
Date in Documents  Reference
Fees
$  Paid

Compliance Agmt.  E&O  Proof of ID Aff.  Adv. Health Dir.  SDB Verification
Correction Agmt.  Occ. Aff.  Sig./Name Aff.  Trust - Inr / Living  Vehicle - O+VIN / TT
DOT / Mortgage  Own Aff.  Survey Aff.  Will - LWT / Living  Other
Deed G / QC / W  POA-L/D

Non Applicant Affidavit (s) instructions for funds owe to borrower/owners

Case 3:24-cv-00732-TLT    Document 1    Filed 02/07/24    Page 77 of 104

# Item 4

| 3 | Dates and Fees | Description of Document(s) or Proceeding | | | | | Additional Information |
|---|---|---|---|---|---|---|---|
| 1 | Notarization Date and Time: 4/16/2019  5:15PM<br>Date on Document(s) Reference #<br>Fees  Paid?  $ | Compliance Agmt.<br>Correction Agmt.<br>DOT / Mortgage<br>Deed - G / QC / W | E & O<br>Occ. Aff.<br>Own. Aff.<br>POA - L / D | Proof of ID Aff.<br>Sig./Name Aff.<br>Survey Aff. | Adv. Health. Dir.<br>Trust - Irr. / Living<br>Will - LWT / Living | SDB Verification<br>Vehicle - O+VIN / TT<br>Other ▽ | @ STARBUCKS<br>22288 Foothill Blvd.<br>Hayward. CA |
| 2 | Notarization Date and Time<br>Date on Document(s) Reference #<br>Fees  Paid?  $ | Compliance Agmt.<br>Correction Agmt.<br>DOT / Mortgage<br>Deed - G / QC / W | E & O<br>Occ. Aff.  7<br>Own. Aff.<br>POA - L / D | Proof of ID Aff.<br>Sig./Name Aff.<br>Survey Aff. | Adv. Health. Dir.<br>Trust - Irr. / Living<br>Will - LWT / Living | SDB Verification<br>Vehicle - O+VIN / TT<br>Other ▽ | |
| 3 | Notarization Date and Time<br>Date on Document(s) Reference #<br>Fees  Paid?  $ | Compliance Agmt.<br>Correction Agmt.<br>DOT / Mortgage<br>Deed - G / QC / W<br>OCCUPANCY STATEMENT (3) | E & O<br>Occ. Aff.<br>Own. Aff.<br>POA - L / D | Proof of ID Aff.<br>Sig./Name Aff.<br>Survey Aff. | Adv. Health. Dir.<br>Trust - Irr. / Living<br>Will - LWT / Living | SDB Verification<br>Vehicle - O+VIN / TT<br>Other ▽ | |
| 4 | Notarization Date and Time<br>Date on Document(s) Reference #<br>Fees  Paid?  $ | Compliance Agmt.<br>Correction Agmt.<br>DOT / Mortgage<br>Deed - G / QC / W<br>ERRORS AND OMISSIONS/occupancy<br>Compliance Agreement (A) | E & O<br>Occ. Aff.<br>Own. Aff.<br>POA - L / D | Proof of ID Aff.<br>Sig./Name Aff.<br>Survey Aff. | Adv. Health. Dir.<br>Trust - Irr. / Living<br>Will - LWT / Living | SDB Verification<br>Vehicle - O+VIN / TT<br>Other ▽ | |

Notarization Date and Time ... Compliance ... E & O ... Proof of ID Aff. ... Adv. Health. Dir. ... SDB Verification

Case 3:24-cv-00732-TLT   Document 1   Filed 02/07/24   Page 78 of 104

| Signer Name and Address | Method(s) of Identification | Signature and Thumbprint |
|---|---|---|
| MAHESH GOGRI<br>4404 MiWOK<br>FREMONT, CA 94539 | ☐ Identity established by satisfactory evidence<br>1-Driver's license  3-Other ID (describe)  5-Personally known<br>2-Passport  4-Other ID (describe)  6-Credible witness(es)<br><br>CA DMV C1877030<br>03/08/2016 – 06/09/2020<br>DOB 06/09/1962 | X _____ |
| | ☐ Identity established by satisfactory evidence<br>☐ 1-Driver's license ☐ 3-Other ID (describe) ☐ 5-Personally known<br>☐ 2-Passport ☐ 4-Other ID (describe) ☐ 6-Credible witness(es) | X _____ |
| | Identity established by satisfactory evidence<br>1-Driver's license  3-Other ID (describe)  5-Personally known<br>☐ 2-Passport ☐ 4-Other ID (describe) ☐ 6-Credible witness(es) | X _____ |
| Mahesh Gogri | Identity established by satisfactory evidence<br>1-Driver's license  3-Other ID (describe)  5-Personally known<br>☐ 2-Passport  4-Other ID (describe)  6-Credible witness(es) | X _____ |

# Item 5

**4**

8/5/2019 3:35 pm

Notarization Date and Time
Date on Document(s) Reference #
Fees $
Paid?

Breeuwers JFKDAN 1 C (3)

| Compliance Agmt. | Proof of ID Aff. | Adv. Health. Dir. | SDB Verification |
| E & O | Sig./Name Aff. | Trust - Irr. / Living | Vehicle - O+VIN / TT |
| Correction Agmt. | Occ. Aff. | Will - LWT / Living | Other |
| DOT / Mortgage | Own. Aff. | | |
| Deed - G / QC / W | Survey Aff. | POA - L/D | |

**3**

Notarization Date and Time
Date on Document(s) Reference #
Fees $
Paid?

| Compliance Agmt. | Proof of ID Aff. | Adv. Health. Dir. | SDB Verification |
| E & O | Sig./Name Aff. | Trust - Irr. / Living | Vehicle - O+VIN / TT |
| Correction Agmt. | Occ. Aff. | Will - LWT / Living | Other |
| DOT / Mortgage | Own. Aff. | | |
| Deed - G / QC / W | Survey Aff. | POA - L/D | |

**6**

Notarization Date and Time
Date on Document(s) Reference #
Fees $
Paid?

with heart as of NON-OWNR OCCWWXW Aral
undamatype (4)

| Compliance Agmt. | Proof of ID Aff. | Adv. Health. Dir. | SDB Verification |
| E & O | Sig./Name Aff. | Trust - Irr. / Living | Vehicle - O+VIN / TT |
| Correction Agmt. | Occ. Aff. | Will - LWT / Living | Other |
| DOT / Mortgage | Own. Aff. | | |
| Deed - G / QC / W | Survey Aff. | POA - L/D | |

**7**

Notarization Date and Time
Date on Document(s) Reference #
Fees $
Paid?

| Compliance Agmt. | Proof of ID Aff. | Adv. Health. Dir. | SDB Verification |
| E & O | Sig./Name Aff. | Trust - Irr. / Living | Vehicle - O+VIN / TT |
| Correction Agmt. | Occ. Aff. | Will - LWT / Living | Other |
| DOT / Mortgage | Own. Aff. | | |
| Deed - G / QC / W | Survey Aff. | POA - L/D | |

Notarization Date and Time    Compliance Agmt.    E & O    Proof of ID Aff.    Adv. Health Dir.    SDB Verification

| | Identity established by satisfactory evidence | |
|---|---|---|
| Mahesh Gogri<br>409 Miwok Ct.<br>Fremont | ☑1-Driver's license  ☐3-Other ID (describe)  ☐5-Personally known<br>☐2-Passport  ☐4-Other ID (describe)  ☐6-Credible witness(es)<br>CA DMV C1877030<br>03/08/2016 – 06/09/2020<br>DOB 06/09/1962 | (X) _____ 4 |
| Mahesh Gogri | Identity established by satisfactory evidence<br>☐1-Driver's license  ☐3-Other ID (describe)  ☐5-Personally known<br>☐2-Passport  ☐4-Other ID (describe)  ☐6-Credible witness(es) | (X) _____ 5 |
| Mahesh Gogri | Identity established by satisfactory evidence<br>☐1-Driver's license  ☐3-Other ID (describe)  ☐5-Personally known<br>☐2-Passport  ☐4-Other ID (describe)  ☐6-Credible witness(es) | (X) _____ 6 |
| Mahesh Gogri | Identity established by satisfactory evidence<br>☐1-Driver's license  ☐3-Other ID (describe)  ☐5-Personally known<br>☐2-Passport  ☐4-Other ID (describe)  ☐6-Credible witness(es) | (X) _____ 7 |

Case 3:24-cv-00732-TLT Document 1 Filed 02/07/24 Page 81 of 104

| Notarization Date and Time | Compliance Agmt. | E & O | Proof of ID Aff. | Adv. Health. Dir. | SDB Verification | @ 404 Miwok Ct. |
|---|---|---|---|---|---|---|
| 9/28/2020 945 PM | Correction Agmt. | Occ. Aff. | Sig./Name Aff. | Trust - Irr. / Living | Vehicle - O+VIN / TT | FREMONT, CA |
| Date on Document(s) Reference # | DOT / Mortgage | Own. Aff. | Survey Aff. | Will - LWT / Living | | MENTALLY COMPETENT. SAID HE IS |
| 903200037I | Deed - G / QC / W | POA - L / D | | | Other | SIGNING WILLINGLY BUT HE SEEMED |
| Fees $ | Paid? ☐ | | | | | IRRITATED |

| Notarization Date and Time | Compliance Agmt. | E & O | Proof of ID Aff. | Adv. Health. Dir. | SDB Verification | @ 404 Miwok Ct. not sure why |
|---|---|---|---|---|---|---|
| 9/28/2020 | Correction Agmt. | Occ. Aff. | Sig./Name Aff. | Trust - Irr. / Living | Vehicle - O+VIN / TT | FREMONT said nothing |
| Date on Document(s) Reference # | DOT / Mortgage | Own. Aff. | Survey Aff. | Will - LWT / Living | | to do with |
| 903200037I | Deed - G / QC / W | POA - L / D | | | Other | me. |
| Fees $ | Paid? ☐ | | | | | |

| MAHESH Kumar GOGRI | Identity established by satisfactory evidence | | |
|---|---|---|---|
| 404 Miwok Ct. | ✓1-Driver's license ☐3-Other ID (describe) ☐5-Personally known | | |
| FREMONT, CA 94539 | ☐2-Passport ☐4-Other ID (describe) ☐6-Credible witness(es) | | |
| | CA DMV C1877030 | | |
| | 02/20/2020 - 06/09/2025 | Ⓧ | _____ |
| | DoB 06/09/1962 | | |

| MAHESH KUMAR GOGRI | Identity established by satisfactory evidence | | |
|---|---|---|---|
| | ✓1-Driver's license ☐3-Other ID (describe) ☐5-Personally known | | |
| | ☐2-Passport ☐4-Other ID (describe) ☐6-Credible witness(es) | | |
| | CA DMV C1877030 | | |
| | 02/20/2020 - 06/09/2025 | Ⓧ | _____ |
| | DoB 06/09/1962 | | |

# Item 7

| APPLICANT | LEAVE BLANK | TYPE OR PRINT ALL INFORMATION IN BLACK | FBI | LEAVE BLANK |
|---|---|---|---|---|

*See Privacy Act Notice on Back*

FD-258 (Rev. 9-9-13) 1110-0046

LAST NAME NAM **GOGRI**    FIRST NAME **MAHESH**    MIDDLE NAME

SIGNATURE OF PERSON FINGERPRINTED

ALIASES AKA

ORI

DATE OF BIRTH DOB
Month 06 / Day 09 / Year 1962

RESIDENCE OF PERSON FINGERPRINTED
404 MIWOK CT. FREMONT CA. 94539

CITIZENSHIP CTZ **U.S.A.**

| SEX M | RACE ASIN | HGT. 6 FOOT | WGT. 208 | EYES BRW | HAIR BLK | PLACE OF BIRTH POB INDIA |
|---|---|---|---|---|---|---|

DATE 9-14-23   SIGNATURE OF OFFICIAL TAKING FINGERPRINTS

YOUR NO. OCA

LEAVE BLANK

EMPLOYER AND ADDRESS

FBI NO. FBI

CLASS

ARMED FORCES NO. MNU

REASON FINGERPRINTED
FORgeroi

SOCIAL SECURITY NO. SOC

REF.

MISCELLANEOUS NO. MNU

| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
|---|---|---|---|---|

| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |
|---|---|---|---|---|

| LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY | L. THUMB | R. THUMB | RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY |
|---|---|---|---|

# Fingerprint Impressions



Item 1          Item 2          Item 3

Item 4

Item 5

Item 6          Item 7

# Exhibit 4

Confidential - Gogris Corporation - 9/14/2022
Confidential - Shilpa Gogri 7/15/2022



# Mahesh Gogri

March 31, 2021

Effective immediately, I, Mahesh Gogri, am gifting my ownership in the following to Karan Gogri:

| Restaurant # | Ownership % | Previous Entity | New Entity (if applicable) |
|---|---|---|---|
| J0409 | 75% | Gogris Corporation | |
| J0429 | 75% | Gogris Corporation | |
| J0462 | 75% | Gogris Corporation | |
| J0531 | 75% | Gogris Corporation | |
| J0551 | 75% | Gogris Corporation | |
| J0447 | 75% | Gogris Corporation | Gogris J447 Corporation |
| J0424 | 75% | Gogris Corporation | Gogris J424 Corporation |
| J4366 | 75% | Gogris Corporation | Gogris J4366 Corporation |
| J4317 | 50% | Indmex Corporation | |
| J4327 | 50% | Indmex Corporation | |

_____    3/31/21
Mahesh Gogri                         Date



43575 Mission Bl. #707, Fremont, CA 94539;    510-377-3518; mahesh@gogris.com

Gogris Corporation 008989
MG000001

1176HK036016

# Exhibit 5

BA20220697197



## STATE OF CALIFORNIA
*Office of the Secretary of State*
## STATEMENT OF INFORMATION
## CORPORATION
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File No.: BA20220697197 |
| Date Filed: 8/17/2022 |

**Entity Details**

| | |
| --- | --- |
| Corporation Name | INDMEX CORPORATION |
| Entity No. | 2975790 |
| Formed In | CALIFORNIA |

**Street Address of Principal Office of Corporation**

| | |
| --- | --- |
| Principal Address | 404 MIWOK CT<br>FREMONT, CA 94539 |

**Mailing Address of Corporation**

| | |
| --- | --- |
| Mailing Address | 43575 MISSION BL, #707<br>FREMONT, CA 94539 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
| --- | --- |
| Street Address of California Office | 404 MIWOK CT<br>FREMONT, CA 94539 |

**Officers**

| Officer Name | Officer Address | Position(s) |
| --- | --- | --- |
| KARAN GOGRI | 43575 MISSION BL, #707<br>FREMONT, CA 94539 | Chief Executive Officer, Chief Financial Officer |
| Shilpa Gogri | 404 Miwok Ct<br>Fremont, CA 94539 | Secretary |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
| --- | --- | --- | --- |
| None Entered | | | |

**Directors**

| Director Name | Director Address |
| --- | --- |
| Karan Gogri | 43575 Mission Bl, #707<br>Fremont, CA 94539 |
| Shilpa Gogri | 43575 Mission Bl, #707<br>Fremont, CA 94539 |
| ~~Mahesh Gogri~~ | ~~43575 Mission Bl, #707~~<br>~~Fremont, CA 94539~~ |

The number of vacancies on Board of Directors is: 0

**Agent for Service of Process**

| | |
| --- | --- |
| Agent Name | SHILPA GOGRI |
| Agent Address | 404 MIWOK CT<br>FREMONT, CA 94539 |

**Type of Business**

| | |
| --- | --- |
| Type of Business | FAST FOOD FRANCHISE |

**Email Notifications**

| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

Labor Judgment

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

/Shilpa Gogri/

Signature

08/17/2022

Date

BA20220697149



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File No.: BA20220697149

Date Filed: 8/17/2022

---

**Entity Details**

| | |
|---|---|
| Corporation Name | GOGRIS J447 CORPORATION |
| Entity No. | 4017581 |
| Formed In | CALIFORNIA |

**Street Address of Principal Office of Corporation**

| | |
|---|---|
| Principal Address | 404 MIWOK CT<br>FREMONT, CA 94539 |

**Mailing Address of Corporation**

| | |
|---|---|
| Mailing Address | 43575 MISSION BL, #707<br>FREMONT, CA 94539 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
|---|---|
| Street Address of California Office | 404 MIWOK CT<br>FREMONT, CA 94539 |

**Officers**

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| KARAN GOGRI | 43575 MISSION BL, #707<br>FREMONT, CA 94539 | Chief Executive Officer, Chief Financial Officer |
| Shilpa Gogri | 43575 Mission Bl, #707<br>Fremont, CA 94539 | Secretary |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| None Entered | | | |

**Directors**

| Director Name | Director Address |
|---|---|
| Karan Gogri | 43575 Mission Bl, #707<br>Fremont, CA 94539 |
| Shilpa Gogri | 43575 Mission Bl, #707<br>Fremont, CA 94539 |
| ~~Mahesh Gogri~~ | ~~43575 Mission Bl, #707~~<br>~~Fremont, CA 94539~~ |

The number of vacancies on Board of Directors is: 0

**Agent for Service of Process**

| | |
|---|---|
| Agent Name | SHILPA GOGRI |
| Agent Address | 404 MIWOK CT<br>FREMONT, CA 94539 |

**Type of Business**

| | |
|---|---|
| Type of Business | FAST FOOD FRANCHISE |

**Email Notifications**

| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |
|---|---|

Labor Judgment

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

| /Shilpa Gogri/ | 08/17/2022 |
|---|---|
| Signature | Date |

BA20220697168



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File No.: BA20220697168

Date Filed: 8/17/2022

---

Entity Details

| | |
|---|---|
| Corporation Name | GOGRIS J4366 CORPORATION |
| Entity No. | 4017583 |
| Formed In | CALIFORNIA |

Street Address of Principal Office of Corporation

| | |
|---|---|
| Principal Address | 404 MIWOK CT<br>FREMONT, CA 94539 |

Mailing Address of Corporation

| | |
|---|---|
| Mailing Address | 43575 MISSION BL, #707<br>FREMONT, CA 94539 |
| Attention | |

Street Address of California Office of Corporation

| | |
|---|---|
| Street Address of California Office | 404 MIWOK CT<br>FREMONT, CA 94539 |

Officers

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| KARAN GOGRI | 43575 MISSION BL, #707<br>FREMONT, CA 94539 | Chief Executive Officer, Chief Financial Officer |
| Shilpa Gogri | 43575 Mission Bl, #707<br>Fremont, CA 94539 | Secretary |

Additional Officers

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| None Entered | | | |

Directors

| Director Name | Director Address |
|---|---|
| Karan Gogri | 43575 Mission Bl, #707<br>Fremont, CA 94539 |
| Shilpa Gogri | 43575 Mission Bl, #707<br>Fremont, CA 94539 |
| ~~Mahesh Gogri~~ | ~~43575 Mission Bl, #707~~<br>~~Fremont, CA 94539~~ |

The number of vacancies on Board of Directors is: 0

Agent for Service of Process

| | |
|---|---|
| Agent Name | SHILPA GOGRI |
| Agent Address | 404 MIWOK CT<br>FREMONT, CA 94539 |

Type of Business

| | |
|---|---|
| Type of Business | FAST FOOD FRANCHISE |

Email Notifications

| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |
|---|---|

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

**Electronic Signature**

☒ By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*/Shilpa Gogri/*                                                   *08/17/2022*

Signature                                                              Date

BA20220697099



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File No.: BA20220697099 |
| Date Filed: 8/17/2022 |

**Entity Details**

| | |
| --- | --- |
| Corporation Name | GOGRIS J424 CORPORATION |
| Entity No. | 4017582 |
| Formed In | CALIFORNIA |

**Street Address of Principal Office of Corporation**

| | |
| --- | --- |
| Principal Address | 404 MIWOK CT<br>FREMONT, CA 94539 |

**Mailing Address of Corporation**

| | |
| --- | --- |
| Mailing Address | 43575 MISSION BL, #707<br>FREMONT, CA 94539 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
| --- | --- |
| Street Address of California Office | 404 MIWOK CT<br>FREMONT, CA 94539 |

**Officers**

| Officer Name | Officer Address | Position(s) |
| --- | --- | --- |
| KARAN GOGRI | 43575 MISSION BL, #707<br>FREMONT, CA 94539 | Chief Executive Officer, Chief Financial Officer |
| Shilpa Gogri | 43575 Mission Bl, #707<br>Fremont, CA 94539 | Secretary |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
| --- | --- | --- | --- |
| None Entered | | | |

**Directors**

| Director Name | Director Address |
| --- | --- |
| Shilpa Gogri | 43575 Mission Bl, #707<br>Fremont, CA 94539 |
| ~~Mahesh Gogri~~ | ~~43575 Mission Bl, #707~~<br>~~Fremont, CA 94539~~ |
| Karan Gogri | 43575 Mission Bl, #707<br>Fremont, CA 94539 |

The number of vacancies on Board of Directors is: 0

**Agent for Service of Process**

| | |
| --- | --- |
| Agent Name | SHILPA GOGRI |
| Agent Address | 404 MIWOK CT<br>FREMONT, CA 94539 |

**Type of Business**

| | |
| --- | --- |
| Type of Business | Fast Food Franchise |

Email Notifications

| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |
|---|---|

Labor Judgment

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒ By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

/Shilpa Gogri

Signature

08/17/2022

Date

BA20220697133



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File No.: BA20220697133

Date Filed: 8/17/2022

---

**Entity Details**

| | |
|---|---|
| Corporation Name | GOGRIS CORPORATION |
| Entity No. | 1435061 |
| Formed In | CALIFORNIA |

**Street Address of Principal Office of Corporation**

| | |
|---|---|
| Principal Address | 404 MIWOK CT<br>FREMONT, CA 94539 |

**Mailing Address of Corporation**

| | |
|---|---|
| Mailing Address | 43575 MISSION BL, #707<br>FREMONT, CA 94539 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
|---|---|
| Street Address of California Office | 404 MIWOK CT<br>FREMONT, CA 94539 |

**Officers**

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| KARAN GOGRI | 43575 MISSION BL, #707<br>FREMONT, CA 94539 | Chief Executive Officer, Chief Financial Officer |
| Shilpa Gogri | 43575 Mission Bl, #707<br>Fremont, CA 94539 | Secretary |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| None Entered | | | |

**Directors**

| Director Name | Director Address |
|---|---|
| Karan Gogri | 43575 Mission Bl, #707<br>Fremont, CA 94539 |
| Shilpa Gogri | 43575 Mission Bl, #707<br>Fremont, CA 94539 |
| ~~Mahesh Gogri~~ | ~~43575 Mission Bl, #707~~<br>~~Fremont, CA 94539~~ |

The number of vacancies on Board of Directors is: 0

**Agent for Service of Process**

| | |
|---|---|
| Agent Name | SHILPA GOGRI |
| Agent Address | 404 MIWOK CT<br>FREMONT, CA 94539 |

**Type of Business**

| | |
|---|---|
| Type of Business | FAST FOOD FRANCHISE |

**Email Notifications**

| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |
|---|---|

Labor Judgment

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*/Shilpa Gogri/*                                          *08/17/2022*
Signature                                               Date

# Exhibit 6

Confidential - Gogris Corporation - 9/14/2022

Confidential - Shilpa Gogri 7/15/2022

DocuSign Envelope ID: 72145491-14CA-40FC-AEF8-28A5505497AC

Site Nos. 0409, 0429, 0462, 0531, 0551
(collectively, "Gogris Locations")

Site Nos. 4317, 4327 (collectively,
"Indmex Locations")

Site No. 0424 ("Gogris J424 Location")
Site No. 0447 ("Gogris J447 Location")
Site No. 4366 ("Gogris J4366 Location")

## AGREEMENT AND CONSENT

**THIS AGREEMENT AND CONSENT** ("Agreement and Consent") is made as of June 21, 2021 ("Effective Date") by and among DIFFERENT RULES, LLC, a Delaware limited liability company, successor in interest to Jack in the Box Inc., Jack in the Box Inc., and Jack in the Box Properties, LLC (collectively, "Company"); Gogris Corporation, a California corporation ("Gogris"), and Indmex Corporation, a California corporation ("Indmex"), [collectively "Franchisees"], and Shilpa Gogri, and Maheshkumar Gogri (collectively, "Current Owners"), who agree as follows:

## RECITALS

Pursuant to 10 franchise agreements (collectively the "Franchise Agreements"), 9 franchise lease agreements (collectively the "Franchise Lease Agreements"), and certain ancillary documents associated therewith (collectively the "Franchise Documents"), all of which may have been previously assigned and amended, Company has granted Franchisees the right to operate the Jack in the Box® restaurants listed on Exhibit "A", attached hereto and incorporated herein by this reference (collectively, "Restaurants").

Shilpa Gogri and Maheshkumar Gogri are personally obligated to Company pursuant to the terms and provisions of the Franchise Documents signed, or otherwise guaranteed, by such individuals, as applicable.

Company has received a request to: (i) consent to Maheskumar Gogri gifting all of his shares in the Franchisee entities to Karan Gogri; (ii) consent to Shilpa Gogri gifting certain shares in the Franchisee entities to Karan Gogri; (iii) consent to the transfer of the Gogris J424 Location, the Gogris J447 Location, and the Gogris J4366 Location to different franchise entities, as described herein; and, (iv) approve Karan Gogri as the new operator of the Gogris J424 Location, the Gogris J4366 Location and all of the Indmex Locations.

Now therefore, for good and valuable consideration, receipt of which is hereby acknowledged, the parties agree as follows:

1.    **Incorporation of Recitals.** Each party acknowledges and agrees that the recitals above are true and correct, and their terms and provisions are incorporated in this Agreement and Consent for all purposes.

1

1176HK036006

Gogris Corporation 008979
MG000002

Confidential - Gogris Corporation - 9/14/2022
Confidential - Shilpa Gogri 7/15/2022

DocuSign Envelope ID: 72145491-14CA-40FC-AEF8-28A5505497AC

2.    **Change of Ownership and Consent.**

a. As of the Effective Date, Company consents to: (i) Maheskumar Gogri gifting all of his shares in Gogris and Indmex to Karan Gogri; (ii) Shilpa Gogri gifting certain shares in Gogris and Indmex to Karan Gogri, as described on Exhibit "B", attached hereto and made a part hereof; and, (iii) consent to the transfer of the Gogris J424 Location, the Gogris J447 Location, and the Gogris J4366 Location, respectively, as described in paragraph 2.g. below.

b. As of the Effective Date, Gogris will be owned as follows:

| Owner of Franchisee | Percentage owned | Title Held |
|---|---|---|
| Shilpa Gogri | 25% | Secretary |
| Karan Gogri | 75% | President |

c. As of the Effective Date, Indmex will be owned as follows:

| Owner of Franchisee | Percentage owned | Title Held |
|---|---|---|
| Karan Gogri | 100% | President |
| Shilpa Gogri | 0% | Secretary |

d. Franchisee has provided to Company copies of all final executed governing documents to reflect the ownership changes described in paragraphs 2.b. and 2.c., above. Franchisees (and all owners) must submit any other information requested by Company relating to the change in ownership interests.

e. As of the Effective Date, Company consents to Karan Gogri as the new operator of the Gogris J424 Location, the Gogris J4366 Location, and all of the Indmex Locations.

f. The following constitutes conditions to Company's consents described above:

2

Ownership Change Agreement
Different Rules, LLC
Jack in the Box Restaurants

Gogris Corporation 008980
MG000003

1176HK036007

Confidential - Gogris Corporation - 9/14/2022

Confidential - Shilpa Gogri 7/15/2022

DocuSign Envelope ID: 72145491-14CA-40FC-AEF8-28A5505497AC

(i)    Franchisees, and each of the Current Owners will execute the General Release of All Claims required by Company.

(ii)    Karan Gogri will execute guarantees of the Franchise Documents, as required by Company, for the Gogris Locations and Indmex Locations. Any guarantee, or similar obligation, previously undertaken with respect to either the Gogris Locations and/or the Indmex Locations by the Current Owners, or any other parties not expressly released by the Company of liability, whether as a result of signing the Franchise Documents or a separate guaranty thereof, remain in full force or effect.

g.    As of the Effective Date, the Company consents to the transfer of: (i) JIB No. 424 from Gogris Corporation to Gogris J424 Corporation, a California corporation; (ii) JIB No. 447 from Gogris Corporation to Gogris J447 Corporation, a California corporation; and, (iii) JIB No. 4366 from Gogris Corporation to Gogris J4366 Corporation, a California corporation. As a condition to such consents, assignor and assignee must execute Assignment Agreements for the Franchise Documents, guarantees of the Franchise Documents, General Releases of All Claims, and all other documents required by the Company.

h.    Franchisees and Current Owners acknowledge and agree that they are and remain jointly and severally liable and responsible for the performance of all of Franchisees' obligations under the Franchise Documents for both Gogris and Indmex.

3.    **No Waiver.** Franchisees acknowledges and agrees that no failure of Company to exercise any power reserved to it or to insist upon strict compliance with any obligation or condition in the Franchise Documents, and no custom or practice of the parties at variance with the terms of those agreements will constitute a waiver of Company's right to demand exact compliance with any of the terms of those agreements. A waiver by Company of any particular default by Franchisees will not affect or impair Company's rights with respect to any subsequent default of the same, similar or different nature, nor will any delay, forbearance or omission of Company's to exercise any power or right arising out of any breach or default by Franchisees of any of the terms, provisions or covenants of any Franchise Documents affect or impair Company's right to exercise the same, nor will such constitute a waiver by Company of any right, or the right to declare any subsequent default of the Franchise Documents.

4.    **Entire Agreement.** This Agreement and any other agreement executed in furtherance of this Agreement constitute the entire, full and complete agreement between the parties concerning the matters covered by this Agreement and supersede any and all

3

Ownership Change Agreement
Different Rules, LLC
Jack in the Box Restaurants

Gogris Corporation 008981
MG000004

1176HK036008

Confidential - Gogris Corporation - 9/14/2022

Confidential - Shilpa Gogri 7/15/2022

DocuSign Envelope ID: 72145491-14CA-40FC-AEF8-28A5505497AC

prior or contemporaneous negotiations, discussions, understandings or agreements. There are no other representations, inducements, promises, agreements, arrangements, or undertakings, oral or written, between the parties relating to the matters covered by this Agreement other than those set forth in this Agreement.  No obligation or duties that contradict or are inconsistent with the express terms of this Agreement may be implied into this Agreement.  Except as expressly set forth herein, no amendment, change or variance from this Agreement will be binding on either party unless mutually agreed to by the parties and executed in writing.

5.    **Miscellaneous.**

**A.**    All capitalized terms that are not defined in this Agreement will have the meanings given to them in the Franchise Documents, as the context requires.

**B.**    All captions in this Agreement are intended solely for the convenience of the parties, and none will be deemed to affect the meaning or construction of any provision of this Agreement.

**C.**    This Agreement may be executed in counterparts, and each copy so executed and delivered will be deemed to be an original.  Any signature received by facsimile or electronic mail will be binding.

**IN WITNESS WHEREOF**, the parties have duly executed, sealed and delivered this Agreement as of the day and year first above written.

JACK IN THE BOX INC.,
a Delaware corporation

By: *Michael J Snider*
Name: Michael J. Snider
Title: Assistant Secretary
Date: June 21, 2021 | 10:05 AM PDT

JACK IN THE BOX, PROPERTIES, LLC, a Delaware limited liability company

By: *Michael J Snider*
Name: Michael J. Snider
Title: Assistant Secretary
Date: June 21, 2021 | 10:05 AM PDT

DIFFERENT RULES, LLC,
a Delaware limited liability company

By: *Michael J Snider*
Name: Michael J. Snider
Title: Assistant Secretary
Date: June 21, 2021 | 10:05 AM PDT

4

Ownership Change Agreement
Different Rules, LLC
Jack in the Box Restaurants

Gogris Corporation 008982
MG000005

1176HK036009

Confidential - Gogris Corporation - 9/14/2022

Confidential - Shilpa Gogri 7/15/2022

DocuSign Envelope ID: 72145491-14CA-40FC-AEF8-28A5505497AC

Departing Owner:

By:

Name: Maheshkumar Gogri

Remainder Owners:

By:

Name: Shilpa Gogri

By:

Name: Karan Gogri

Gogris Corporation, a California corporation

By:

Name: Karan Gogri

Title: President

By:

Name: Shilpa Gogri

Title: Secretary

Indmex corporation, a California corporation

By:

Name: Karan Gogri

Title: President

By:

Name: Shilpa Gogri

Title: Secretary

5

Ownership Change Agreement
Different Rules, LLC
Jack in the Box Restaurants

1176HK036010

Gogris Corporation 008983
MG000006

Confidential - Gogris Corporation - 9/14/2022

Confidential - Shilpa Gogri 7/15/2022

DocuSign Envelope ID: 72145491-14CA-40FC-AEF8-28A5505497AC

6

Ownership Change Agreement
Different Rules, LLC
Jack In the Box Restaurants

1176HK036011

Gogris Corporation 008984
MG000007

Confidential - Gogris Corporation - 9/14/2022

Confidential - Shilpa Gogri 7/15/2022

DocuSign Envelope ID: 72145491-14CA-40FC-AEF8-28A5505497AC

## EXHIBIT "A"

## RESTAURANTS

| JIB # | Address | FA Date | FL Date | Landlord Entity |
|---|---|---|---|---|
| 409 | 148 E San Carlos St, San Jose, CA 95112 | 5/16/2011 | 5/16/2011 | Jack in the Box Inc. |
| 429 | 3407 Mt Diablo Blvd., Lafayette, CA 94549 | 5/18/2011 | 5/18/2011 | Jack in the Box Inc. |
| 462 | 7265 Village Pkwy, Dublin, CA 94568 | 6/1/2015 | 6/1/2015 | Jack in the Box Properties, LLC |
| 531 | 31005 Mission Blvd., Hayward, CA 94544 | 4/7/2011 | 4/7/2011 | Jack in the Box Properties, LLC |
| 551 | 1035 Alamo Dr., Vacaville, CA 95687 | 3/1/2011 | N/A | N/A |
| 447 | 24175 Mission Blvd., Hayward, CA 94544 | 5/21/2021 | 5/21/2021 | Jack in the Box Properties, LLC |
| 424 | 25198 Hesperian Blvd., Hayward, CA 94545 | 7/19/2010 | 7/19/2010 | Jack in the Box Properties, LLC |
| 4366 | 40015 Mission Blvd., Fremont, CA 94539 | 7/19/2010 | 7/19/2010 | Jack in the Box Properties, LLC |
| 4317 | 1620 Broadway, Eureka, CA 95501 | 9/9/2005 | 9/9/2005 | Jack in the Box Properties, LLC |
| 4327 | 1233 6th St., Crescent City, CA 95531 | 9/9/2005 | 9/9/2005 | Jack in the Box Inc. |

7

Ownership Change Agreement
Different Rules, LLC
Jack in the Box Restaurants

1176HK036012

Gogris Corporation 008985
MG000008