Thornton Davidson, Esq., SBN 166487
THORNTON DAVIDSON, P.C.
1195 West Shaw Ave, Suite A
Fresno, California 93711
Tel: (559) 476-5064
Fax: (559) 421-0368
E-mail: thornton@thorntondavidsonlaw.com

Attorneys for Plaintiff MAHESH GOGRI

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

\* \* \* \* \*

| | |
|---|---|
| MAHESH GOGRI,<br><br>       Plaintiff,<br><br>vs.<br><br>KARAN GOGRI, an individual, SHILPA GOGRI, an individual, RENE GRADY, an individual, SANJIV PATEL, an individual, JOHN DOE NUMBERS 1-5, individuals, and JOHN DOE NUMBERS 6-10, entities,<br><br>       Defendants. | Case No. 3:24-cv-00732-TLT<br>Related Case No. 3:24-cv-03067-PHK<br><br>**DECLARATION OF PLAINTIFF MAHESH GOGRI'S ATTORNEY OF RECORD THORNTON DAVIDSON RE: ORDER TO SHOW CAUSE FOR IMPOSITION OF SANCTIONS FOR FAILURE TO COMPLY WITH LOCAL RULE 3.3(c)**<br><br>**Judge:  Trina L. Thompson** |

I, THORNTON DAVIDSON, declare and say:

1.    I am an attorney licensed to practice in all Courts in the State of California, including the District Court for the Northern District of California.  I am the attorney of record for the Plaintiff MAHESH GOGRI in the above-referenced matters.

<u>DECLARATION OF THORNTON DAVIDSON
IN RESPONSE TO OSC RE: SANCTIONS
PURSUANT TO CIVIL LOCAL RULE 3.3(c)</u>

1

2.    If called upon to testify as to the matters stated herein I would and could do so competently and willingly.  All matters stated herein are based on my personal knowledge; those which are not are based on information and belief to the best of my knowledge.

3.    I have no excuse for not filing a Motion to Relate Case No. 3:24-cv-00732-TLT, which I had dismissed, at the time I filed Case No. 3:24-cv-00732-TLT, which is a related case except that I honestly misconstrued the Court's May 9, 2024, Order.  In all likelihood, my medical condition at the time, which included a May 9th cardiac ablation which concluded an hour prior to the hearing, compromised the discharge of my duties for which I apologize to the Court and opposing counsel.

4.    For some context, I have had a life-long history of intermittent atrial fibrillation, which causes an erratic heartbeat.  Though treatable in early and mid-age through medication, the condition has required medical intervention over the last 25 years.

5.    As a result, prior to December 2023, I have received three cardiac ablations and well over a dozen cardioversions.  Nonetheless, I maintained an active litigation practice for the last 30 years, which included 10 years operating a national ERISA disability firm that required extensive travel.  My health had remained stable since my last cardiac ablation in late 2022.

6.    But in 2024 I experienced the return of his atrial fibrillation which required another cardioversion on January 22, 2024.  I was then hospitalized for severe kidney problems arising from an untreated illness which required insertion of bilateral stents on February 20, 2024.

7.    I then contracted a kidney infection, which on February 27, 2024, resulted in severe tachycardia and my hospitalization from February 27, 2024, through March 1, 2024.  That was followed by a bilateral ureteroscopy and kidney lithotripsy on March 21, 2024, which required another hospital stay of three plus days.

8.    Finally, I had another cardiac ablation at Stanford Medical Center on April 9, 2024.

9.    I then took two weeks off to recuperate from May 18-31, 2024.

DECLARATION OF THORNTON DAVIDSON
IN RESPONSE TO OSC RE: SANCTIONS
PURSUANT TO CIVIL LOCAL RULE 3.3(c)

2

10. During this time period I attempted to competently discharge his duties as a solo practitioner, performing as much work as I could under the circumstances and seeking assistance as needed.

11. Defendants' counsel will be heard to say and have communicated to me repeatedly – with some disrespect - that I was obviously well enough to file the new RICO action during my period of recuperation. That's true but only because I had previously prepared the revised pleading which was filed only after the Court had dismissed the prior action.

12. Here's the genesis of my misunderstanding as to the need to file the Relatedness Motion under Local Rule 3.3(c) and why sanctions are not appropriate in this instance.

13. Since I was having surgery on May 9th I asked Attorney Ty Kharazi to appear in my absence. Although I had just been discharged, I listened in to the hearing from the atrium of Stanford Medical Center. I attempted to speak during the hearing but was told that in light of Mr. Kharazi's appearance I could listen but not contribute.

14. During the hearing the Court set an Order to Show Cause re: Jurisdiction for May 23, 2024, which I would be recuperating. By then, I had obtained a taped statement from Defendant RENE GRADY in which she admitted to conspiring with Defendants Shilpa Gogri and Karan Gogri by notarizing numerous forgeries of Plaintiff's signatures. At my direction Mr. Kharazi requested that I be allowed to file an amended complaint, which the court declined. At that time, I understood to Court to say that 'Mr. Davidson could dismiss his case and refile' or words to that effect.

15. My medical condition has improved markedly, and I am prepared to fully participate in all aspects of this action.

16. With the new evidence concerning Ms. Grady's admissions, my absence, and what I took to be the Court's invitation, I dismissed the case and refiled. I did not file the Relatedness Motion because I believed it was not necessary as I was not re-filing the same case but making material additions to it.

<u>DECLARATION OF THORNTON DAVIDSON</u>
<u>IN RESPONSE TO OSC RE: SANCTIONS</u>
<u>PURSUANT TO CIVIL LOCAL RULE 3.3(c)</u>

3

17.    When Defendant Karan Gogri's counsel raised the issue of need for a Relatedness Motion I submitted a Declaration to Judge Kang, who had been assigned the new RICO action, indicating that the action was probably related to the prior action, which resulted in Judge Kang's order relating the new case to the prior one.

18.    If I was mistaken in my understanding of the need to file a Relatedness Motion even though the RICO action had been altered, I apologize to the Court.

19.    As the foregoing makes clear, I did not act willfully nor in bad faith fail to file the Motion.  As affirmed in <u>Zambrano v. City of Tustin</u>, 885 F.2d 1473 (9th Cir. 1989), a sanction for a violation of local rules must be "proportionate to the offense and commensurate with principles of restraint and dignity inherent in judicial power." "[A]bsent grossly negligent, reckless, or willful conduct, monetary penalties…cannot be fairly levied against counsel for a violation of the local rules." (p. 1480.)  See also <u>McLeod v. Zero Gravity Mgmt.</u>, 2024 U.S. Dist. LEXIS 94069, *9.

20.    For all that, if the Court believes that sanctions are appropriate, they will be paid promptly.

I declare under penalty of perjury according to the law of the United States that the foregoing is true and correct.

DATE: June 19, 2024, at Watsonville, CA

Thornton Davidson

<u>DECLARATION OF THORNTON DAVIDSON</u>
<u>IN RESPONSE TO OSC RE: SANCTIONS</u>
<u>PURSUANT TO CIVIL LOCAL RULE 3.3(c)</u>

4