July 17, 2024

**VIA ECF**

The Honorable Trina L. Thompson
U.S. District Court, Northern District of California
450 Golden Gate Avenue, Courtroom 9, 19th Floor
San Francisco, CA 94102

Re:   *Mahesh Gogri v. Karan Gogri, et al.*, Case No. 3:24-cv-00732-TLT
      Joint Discovery Letter Brief re Motion to Strike Deposition Testimony of Renee Grady

Dear Judge Thompson:

Defendant Karan Gogri ("Karan") and Plaintiff Mahesh Gogri ("Mahesh") jointly submit this letter brief pursuant to the Court's Standing Order regarding Discovery Disputes.

## I.   Nature and Status of Dispute

This is a Racketeer Influenced and Corrupt Organizations Act ("RICO") civil action brought by Mahesh against Karan, Shilpa Gogri ("Shilpa"), Renee Grady ("Grady"), Sanjiv Patel, John Doe Numbers 1-5, individuals, and John Doe Numbers 6-10, entities. Mahesh alleges that Karan, Shilpa, and Grady conspired to embezzle real estate assets and franchise interests, forge real estate documents, and steal millions of dollars from Mahesh.

A dispute has arisen over what Karan considers a deposition and Mahesh a taped statement taken of Grady on May 6, 2024. Having met and conferred on this issue, the parties are now at an impasse and submit this Joint Letter Brief per the Court's Discovery Standing Order. By way of this letter brief, Karan requests the Court issue an order striking Grady's deposition testimony in its entirety, enjoining Mahesh from its use, and imposing monetary sanctions on Mahesh.

In an effort to resolve this dispute, Mahesh and Karan, through their respective attorneys, met and conferred regarding the motion to strike. Declaration of Andrew Klair ("Klair Decl."), ¶ 8.

## II.   Karan's Position

Mahesh, without due notice to the other parties in this case, conducted the deposition of Grady prior to the Rule 26(f) discovery conference without a court order or stipulation of the parties, and in violation of Local Rule 30-1. Mahesh now seeks to benefit from his impropriety by using Grady's testimony against her co-defendants, including Karan, whom Mahesh deprived of the

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

- 1 -

opportunity to attend the deposition, object, or ask questions. This Court should sanction Mahesh pursuant to Rule 30(d)(2) by striking Grady's deposition testimony, enjoining Mahesh from its use, and awarding attorneys' fees and costs to Karan and Grady.

### A.      Factual and Procedural History

On December 2, 2022, Karan filed a civil action against Mahesh and Shilpa, captioned *Gogri vs. Gogri, et al.*, Case No. 22CV023043, in Alameda County Superior Court (the "Civil Action"). On August 7, 2023, Mahesh issued an "Amended Notice of Taking of Deposition of Renee Grady…" (the "Amended Notice") in the Civil Action. Klair Decl., ¶ 2. Mahesh did not serve Karan with the original notice. *Id.* at ¶ 3. On August 9, 2023, Karan objected to the Amended Notice as procedurally defective, and requested that Mahesh correct the defects. *Id.* at ¶ 4, Ex. 1. Mahesh refused to cure the defects and on August 11, 2023, Mr. Davidson informed counsel for Karan the deposition was off calendar. *Id.* at ¶ 5, Ex. 2. On August 24, 2023, after representing the deposition had been cancelled, Mr. Davidson deposed Grady. *Id.* at ¶ 6, Ex. 3. On May 6, 2024, Mr. Davidson again deposed Grady in this action without notifying the other parties. *Id.* at ¶ 7, Ex. 4.

### B.      The Taking of Grady's Deposition Warrants Sanctions Under Rule 30(d)(2)

Sanctions are warranted because Mahesh (1) failed to notify the other parties of the deposition; (2) took the deposition before the Rule 26(f) conference; (3) violated Local Rule 30-1 by failing to consult with the other parties regarding deposition scheduling; and (4) Mahesh's past behavior in conducting depositions justifies sanctions as a deterrence measure.

#### i.      Mahesh failed to give notice of the deposition

Sanctions are appropriate under Rule 30(d)(2) because Mahesh failed to notify any parties of the deposition. *See* Fed. R. Civ. P. 30(b)(1) (requiring reasonable written notice of a deposition to every party). On May 6, 2024, without *any* notice, Mahesh deposed Grady. Klair Decl., ¶ 7. Mahesh admitted his failure notify the other parties of the deposition while he was taking it, stating: "Karan Gogri has an attorney at Holland & Knight, but they have yet to make an appearance. […] Otherwise, if they had made an appearance, then I would be doing this formally as a deposition." *Id.* at ¶ 7, Ex. 4 at 5:12-16.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA  94105
Tel: 415.743.6900
Fax: 415.743.6910

- 2 -

Mahesh deprived Karan of his right to attend the deposition, object, or ask questions (*Bedwell v. Fish & Richardson P.C.*, No. 07-CV-0065-WQH (JMA), 2009 WL 10671331, at *3 (S.D. Cal. Mar. 30, 2009)), and to investigate privilege under the common interest doctrine based on Grady's position as a co-defendant in this action (*see Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007)). By failing to notify any parties of the deposition, Mahesh unfairly prejudiced Karan in this action by taking an improper deposition, depriving Karan of the opportunity to attend said deposition, and cross-examine Grady or obtain information from her. Grady is a key part of Mahesh's claims, given she is an alleged co-conspirator in Karan's purported scheme, and has information necessary to all parties in this action. Accordingly, Grady's deposition should be stricken and Mahesh should be enjoined from its use.

### ii.    Mahesh conducted Grady's deposition before the Rule 26(f) conference

Mahesh improperly deposed Grady prior to the Rule 26(f) conference. Under Rule 26(d), parties cannot take depositions until after they conduct the discovery planning conference mandated under Rule 26(f). *See* Fed.R.Civ.P. 26(d)(1). Here, Mahesh improperly deposed Grady before the Rule 26(f) conference, which has not yet occurred, without a court order permitting him to take an early deposition or a stipulation from the parties agreeing to the same. Klair Decl., ¶ 7.

### iii.    Mahesh violated Local Rule 30-1

Mahesh violated Local Rule 30-1 by failing to meet and confer regarding deposition scheduling. The Northern District requires the parties to meet and confer regarding scheduling depositions. *See* Civ. L.R. 30-1. Indeed, "[l]ocal rules have the 'force of law' and are binding upon the parties and upon the court." *Prof. Programs Grp. v. Dep't. of Com.*, 29 F.3d 1349, 1353 (9th Cir.1994). Here, Mahesh not only failed to give written notice of Grady's deposition, but also failed to confer with Karan about scheduling her deposition in the first place. Klair Decl., ¶ 7.

### iv.    Mahesh's has a history of discovery abuse

Mahesh has a history of discovery abuse. He was sanctioned for discovery abuse in both the Civil Action and the action captioned *Mahesh Gogri vs. Shilpa Gogri*, Case No. HF21118124, filed in the Superior Court of California for the County of Alameda. During the deposition in the Civil Action, Mahesh tried to dissuade Grady from obtaining counsel. Klair Decl., ¶ 6, Ex. 3 at 5:20-24

- 3 -

(Q: "Well, am I correct in assuming you are not represented by counsel;" A: "Right. Didn't know that I should get counsel." Q: "**You don't need to**.") (emphasis added). This is not the first time Mahesh has engaged in discovery abuse. Sanctions are necessary to deter him from such practices in the future and secure his compliance with the rules.

### C.    Mahesh is subject to monetary sanctions

Monetary sanctions should issue against Mahesh and his counsel to (i) reimburse Karan for his costs in moving to strike Mahesh's ill-gotten testimony, (ii) reimburse Grady for her costs in participating in an improper deposition and (iii) deter such practice in the future. Rule 30(d)(2) empowers the Court to award "attorney's fees incurred as a result of the improper conduct and the necessity of filing a motion with the Court." *Lee v. Pep Boys-Manny Moe & Jack of California*, No. 12-CV-05064-JSC, 2015 WL 9268118, at *3 (N.D. Cal. Dec. 21, 2015).

### III.    Mahesh's Position

Mahesh did not violate either FRCP Rule 26(d) or Rule 30 because his counsel did not conduct a deposition of Notary Renee Grady. Karan completely ignores the explanatory comments to Rule 26(d) in the 1993 amendments which state, "This subdivision is revised to provide that formal discovery - as distinguished from interviews of potential witnesses and other informal discovery - not commence until the parties have met and conferred as required by subdivision (f)." (Emphasis added.)

The interview with Renee Grady constituted informal discovery. Ms. Grady voluntarily contacted Mahesh's Counsel, Thornton Davidson, because she wanted to 'tell the truth' about her conduct and that of Karan and his mother Shilpa regarding forged real estate documents and her fraudulent notarization of them.  Dec. of Thornton Davidson, Exh. A (excerpts of Taped Statement of R. Grady), p. 6, line 24 to p. 7, line 5 ("SRG pp. 6:24-7:5").  Ms. Grady was not noticed for the taped interview and stated on the record: she did not have counsel (SRG p. 6:3-14); wanted to tell the truth (SRG pp. 6:20-7:5); had not been threatened or coerced to give the statement (SRG p.7:6-12); and understood that her statement was being transcribed and videotaped (SRG p. 7:13-18).

Interviews, even those under oath, before a court reporter, and without notice to opposing counsel, are not depositions under FRCP 30.  (See James Stewart Entm't, LLC v. L&M Racing, LLC (C.D. Cal. July 3, 2013, No. ED CV 12-49-JGB (SPx)) 2013 U.S.Dist.LEXIS 202419, citing

- 4 -

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA  94105
Tel: 415.743.6900
Fax: 415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

Curnow v. Ridgecrest Police, 952 F.2d 321 (9th Cir. 1991). ["defendants have not cited to any authority, and the court has not found any authority, holding that every out-of-court oral examination under oath is a deposition subject to the requirements of Rule 30 of the Federal Rules of Civil Procedure." (Id., at *6.)] Karan has not introduced any case law to the contrary.

In Jackson v. United Artists Theatre Circuit, Inc., 278 F.R.D. 586 (D.Nev. 2011), the plaintiff used a witness statement taken under oath outside the presence of opposing counsel. The defendant characterized it as an "ex parte deposition," essentially the same claim advanced here. The court rejected that argument, stating that the examination of the witness "did not constitute a deposition taken in violation of Rule 30." (Id. at 595.) In that case the court noted that either party could have taken the witness's statements - just as here, Holland & Knight wanted to speak with Ms. Grady before she spoke with Mr. Davidson.

Ms. Grady said that she had been called repeatedly by Karan's counsel (SRG, pp. 64:22-65:7). When she told a Holland & Knight Associate that she was speaking with Mr. Davidson, that individual:

- Tried to keep her from speaking with Mr. Davidson (SRG, p. 67:10-21);
- Asked if she had been noticed for a deposition, which she denied (DRG, pp. 67:22-68:3);
- Was "trying to talk to [her] before [she] spoke with [Mr. Davidson]." ("Oh, okay, because [Holland & Knight] would like to, you know, talk to you") (SRG, pp. 67:22-68:10).

Following those exchanges opposing counsel did not contact Mr. Davidson objecting to an unauthorized "deposition," nor asking to participate in the meeting between Grady and Davidson, nor even proposing a formal deposition. Karan's counsel did not do so because they realized that it was entirely lawful and ethical for Mr. Davidson to obtain a voluntary statement outside of their presence.

It is not uncommon for lawyers to obtain statements from both witnesses and parties outside the presence of opposing counsel. Indeed, Ms. Grady made it clear that Holland & Knight attempted to speak with her before she spoke with Mr. Davidson, and it seems evident they might have conducted a similar examination for their own benefit. But because Ms. Grady suspected the

- 5 -

firm did not want her to be truthful with Mr. Davidson, she proceeded with the taped statement to 'get the matter off her chest' (SRG, pp. 6:20-7:5).

It is the height of hypocrisy for Defendant Karan to submit a motion for sanctions based upon allegations regarding informal discovery in which his counsel attempted to engage themselves. In fact, as a co-conspirator with his mother Shilpa, the two have come perilously close to witness tampering: his mother told Ms. Grady that she would pay for her attorney and bail her out of jail if arrested, and Karan's counsel told her they wanted to speak with her before Plaintiff.

Dated: July 17, 2024

/s/ Andrew Klair
HOLLAND & KNIGHT LLP
David I. Holtzman
Andrew Klair
Ana Dragojevic
Isabella Granucci

Attorneys for Defendant Karan Gogri

Dated: July 17, 2024

/s/ Thornton Davidson
THORNTON DAVIDSON
Thornton Davidson

Attorneys for Plaintiff Mahesh Gogri

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA  94105
Tel: 415.743.6900
Fax: 415.743.6910

- 6 -

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatories above.

/s/ Andrew Klair
Andrew Klair

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA  94105
Tel: 415.743.6900
Fax: 415.743.6910

- 7 -