HOLLAND & KNIGHT LLP
David I. Holtzman (SBN 299287)
Andrew Klair (SBN 334960)
Isabella Granucci (SBN 351957)
560 Mission Street, Suite 1900
San Francisco, CA  94105
Telephone:  415.743.6900
Fax:  415.743.6910
E-mail:david.holtzman@hklaw.com
        andrew.klair@hklaw.com
        isabella.granucci@hklaw.com

Attorneys for Defendant Karan Gogri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAHESH GOGRI,<br><br>        Plaintiff,<br><br>        vs.<br><br>KARAN GOGRI, an individual, SHILPA GOGRI, an individual, RENEE GRADY, an individual, SANJIV PATEL, an individual, JOHN DOE NUMBER 1-5, individuals, and JOHN DOE NUMBERS 6-10, entities,<br><br>        Defendant. | Case Nos.: 3:24-cv-00732-TLT<br><br>**DECLARATION OF ANDREW KLAIR ISO JOINT DISCOVERY LETTER BRIEF RE MOTION TO STRIKE DEPOSITION TESTIMONY OF RENEE GRADY** |

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA  94105
Tel: 415.743.6900
Fax: 415.743.6910

- 1 -

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA  94105
Tel: 415.743.6900
Fax: 415.743.6910

I, Andrew Klair, declare:

1.    I am an attorney at law licensed to practice before this Court. I am an attorney at Holland & Knight LLP, counsel for Defendant Karan Gogri ("Karan"). Except as otherwise stated below, I have personal knowledge of the factual matters set out in this declaration. If called as a witness, I could and would testify to such matters, without waiver of any applicable privilege. I submit this declaration in support of the Parties' Joint Discovery Letter Brief re Motion to Strike Deposition Testimony of Renee Grady.

2.    On August 7, 2023, counsel for Plaintiff Mahesh Gogri ("Mahesh") served an Amended Notice of Taking of Deposition of Renee Grady (the "Amended Notice") on Karan in Case No. 22CV023043 pending before the Superior Court of Alameda County.

3.    I have reviewed my email inbox, the inboxes of my colleagues, and have reviewed the mail records of my office. To the best of my knowledge, Mahesh never served the original deposition notice of Renee Grady to my office nor to the best of my knowledge to Karan directly.

4.    On August 9, 2023, I sent a meet and confer letter to counsel for Mahesh, Thornton Davidson, re Karan's objections to the Amended Notice. A true and correct copy of this letter is attached hereto as **Exhibit 1**.

5.    On August 11, 2023, Mr. Davidson responded to Karan's meet and confer letter via email refusing to cure the defects noted in Karan's letter and taking the deposition off calendar. A true and correct copy of Mr. Davidson's email is attached hereto as **Exhibit 2**.

6.    Attached hereto as **Exhibit 3** is a true and correct copy of the cited excerpts from the transcript of the deposition of Renee Grady taken August 24, 2023, with cited passages highlighted for the Court's convenience.

7.    I have reviewed my email inbox, the inboxes of my colleagues, and have reviewed the mail records of my office. To the best of my knowledge, Mahesh never served any deposition notice regarding a May 6, 2024, deposition of Renee Grady, did not attempt to meet and confer with my colleagues or I about said deposition, nor to the best of my knowledge did he serve such notice on Karan. Attached hereto as **Exhibit 4** is a true and correct copy of the cited excerpts from the

deposition of Renee Grady taken May 6, 2024, with cited passages highlighted for the Court's convenience.

8.    On July 12, 2024, my colleague Ana Dragojevic and Mr. Davidson met and conferred via email regarding the Instant Dispute.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I have executed this declaration this 17th day of July, 2024, at San Francisco, California.

_____
Andrew Klair

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA  94105
Tel: 415.743.6900
Fax: 415.743.6910

- 3 -

A. KLAIR DECL. ISO JOINT DISCOVERY LETTER BRIEF                    CASE NOS.: 3:24-CV-00732-TLT

# Exhibit 1

# Holland & Knight

560 Mission Street, Suite 1900 | San Francisco, CA 94105 | T 415.743.6900 | F 415.743.6910
Holland & Knight LLP | www.hklaw.com

David I. Holtzman
+1 415-743-6909
David.Holtzman@hklaw.com

August 9, 2023

*Via E-mail (thornton@thorntondavidsonlaw.com)*

Thornton Davidson
Thornton Davidson, P.C.
1195 W. Shaw Ave. Ste. A
Fresno, CA 93711

> Re:     Meet and Confer Letter re Notice of Deposition of Renee Grady

Dear Mr. Davidson:

We are writing to meet and confer in anticipation of an *ex parte* motion for protective order regarding your client's, Mahesh Gogri's ("Mahesh"), notice of the deposition of Renee Grady served by email on August 7, 2023. Cal. Civ. Pro. Code § 2016.040 and § 2025.420.

Your notice of deposition of Renee Grady is defective for three reasons. First, Renee Grady is not a party to this case and mere notice of a deposition is insufficient for a nonparty. CCP § 2020.010. You are instead obligated to include with notice the underlying subpoena compelling Ms. Grady's attendance and testimony. CCP § 2025.240. Your failure to do so therefore violates CCP § 2025.240 and permits a protective order under section 2025.420.

Second, the deposition notice served August 7, 2023, is entitled "<u>Amended</u> Notice of Taking of Deposition of Renee Grady…" (emphasis added). You have not served the original deposition notice of Renee Grady. As such, the presence of the term "amended" without any prior notices makes the notice vague and thus unenforceable.

Third, the notice fails to state whether the deposition of Ms. Grady is pursuant to CCP § 2020.310 (nonparty deposition for testimony only); CCP § 2020.410-440 (nonparty deposition only for production of business records); or CCP § 2020.510 (nonparty deposition for both testimony and production of business records). This ambiguity makes the deposition notice defective.

In accordance with the above, Karan Gogri will move for an *ex parte* protective order pursuant to CCP § 2025.420. Specifically, we will move to delay the taking of the deposition of Renee Grady until such time that you have rectified the above deficiencies and given my client sufficient notice to conduct such discovery as necessary to prevent prejudice.

Thornton Davidson
August 9, 2023
Page 2


Please provide us with your availability to Meet and Confer by August 11, 2023.

Sincerely yours,

David I. Holtzman

# Exhibit 2

| | |
|---|---|
| **From:** | Thornton Davidson <thornton@thorntondavidsonlaw.com> |
| **Sent:** | Friday, August 11, 2023 1:59 PM |
| **To:** | Holtzman, David I (SFO - X56909); Klair, Andrew (SFO - X56962) |
| **Cc:** | Tish; Kern, John (SFO - X56918) |
| **Subject:** | RE: Gogri v. Gogri - Deposition of R. Grady |

*[External email]*
David:

Despite your apparent authority to object to the notice, I guess my question would be: Why?  But I'll leave the answer to that question to your professional judgment.  But after 30 years at this I know of nothing that prohibits my office from setting a deposition without first giving another party the "opportunity to seek discovery."  Again, if Karan wanted to conduct discovery as to Ms. Grady, just as it served on my client, it was never restricted from doing so.

As for your reference to RPC Rule 3.10, you have no right to wag a finger at me.  Firstly, I know the rule, which I have not violated because I didn't make any threat; I turned the lady in.  Secondly, the civil complaint was never served on Mahesh, incontrovertible proof of which I've provided.  I can only assume that it was your client who portrayed the individual who was served at the same moment that Shilpa was served.  If this was not information you knew at the time – and I presume you did not – your client certainly knows.  Thirdly, your office knowingly and unethically filed a complaint in Civil Court which interfered with community assets, including having your client enter into a settlement agreement with his mother which directly violated the jurisdiction of the Family Court.

So let's do this.  We'll agree to disagree.  But before you accuse me again of an ethical violation, you'd better check the composition of your own home.

I will not be resetting Ms. Grady's deposition in the case pending further notification.

Have a nice weekend,

Thornton Davidson, P.C.
THORNTON DAVIDSON, P.C.
1195 W. Shaw Ave., Ste. A
Fresno, California 93711
(559) 476-5064 (Asst. Tish)
(559) 476-5066 (Dir.)

Thornton Davidson, Esq.
c/o Sterling Pacific Lending
1205 Freedom Blvd.
Watsonville, California 95076
(831) 786-1980 (Recpt.)
(831) 536-7468 (Dir.)

**DIRECT ALL MAIL TO FRESNO ADDRESS**

**From:** Holtzman, David I (SFO - X56909) <David.Holtzman@hklaw.com>
**Sent:** Friday, August 11, 2023 12:20 PM
**To:** Thornton Davidson <thornton@thorntondavidsonlaw.com>; Klair, Andrew (SFO - X56962)
<Andrew.Klair@hklaw.com>

1

**Cc:** Tish <tish@thorntondavidsonlaw.com>; Kern, John (SFO - X56918) <John.Kern@hklaw.com>
**Subject:** RE: Gogri v. Gogri - Deposition of R. Grady

Mr. Davidson,

Thanks for your response. Although we still believe the rules call for at least a telephonic meet and confer, I did want to respond to your points below. I should note that we do not, in principle, object to Ms. Grady's deposition, simply to the manner in which Mahesh noticed it—improperly, without consultation as to the date and without any exchange of information beforehand.

First, you ask on what basis Karan would have standing to challenge a non-party deposition. Such standing is expressly conferred by CCP 1987.1(b)(1).

Second, you assert that Karan's potential need to take Ms. Grady's deposition is not prejudiced by Mahesh doing so. This is incorrect, as expressly stated in CCP 2025.610(a)("Once any party has taken the deposition of any natural person, including that of a party to the action, neither the party who gave, nor any other party who has been served with a deposition notice pursuant to Section 2025.240 may take a subsequent deposition of that deponent"). Mahesh and Karan must both be in position to take Ms. Grady's deposition to avoid conflict with the rule.

Third, you state that you have cancelled the deposition. As I mentioned above, we are not in principle opposed to the deposition of Ms. Grady. However, she must be served in accordance with the Code, and all parties must be given opportunity to seek discovery prior to the deposition. If any discovery has occurred in the family law case, that should be provided.

Fourth, we do not represent Ms. Grady and as such will not convey any messages to her. Your office is free to proceed how you deem best. However, I note that your threat against her seems directly prohibited by RPC 3.10, which prohibits presenting "administrative charges" to "obtain an advantage in a civil dispute."

Regards,

**David Holtzman** | **Holland & Knight**
Partner
Holland & Knight LLP
560 Mission Street, Suite 1900 | San Francisco, California 94105
Phone 415.743.6909 | Fax 415.743.6910
david.holtzman@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Thornton Davidson <thornton@thorntondavidsonlaw.com>
**Sent:** Friday, August 11, 2023 8:03 AM
**To:** Klair, Andrew (SFO - X56962) <Andrew.Klair@hklaw.com>
**Cc:** Tish <tish@thorntondavidsonlaw.com>; Kern, John (SFO - X56918) <John.Kern@hklaw.com>; Holtzman, David I (SFO - X56909) <David.Holtzman@hklaw.com>
**Subject:** RE: Gogri v. Gogri - Deposition of R. Grady

*[External email]*
Mr. Holtzman:

Boy we seem to look at the same matters differently – and not just because we represent different parties.

Notwithstanding the defects in the Notice, what standing would your firm have to assert those defects on behalf of Ms. Grady, whom I have every reason to believe is a fraud. She has been repeatedly requested to produce her notary book which she's obligated to do through the Department of Consumer Affairs. She has already conveyed to Mahesh's attorney in a matter venued in San Diego County that she's missing her book for a transaction involving Mahesh and Shilpa, which against she's obligated to report to the DofCA and did not. I know of nothing that allows your firm to assert defects in the notice which could be waived by Ms. Grady.

Your additional claim that the deposition is improper because 'Karan will be prejudiced because he's not been able to engage in discovery' is also hogwash. You and I both know that that reasoning is no basis for seeking the cancellation nor the delaying of a deposition. If Karan wants to take her deposition, I'm sure your office knows how.

Nonetheless, I have cancelled the deposition and will pursue a different course. For the record – in case your office or client is in touch with Ms. Grady – tell her that I have turned her into the Department and will vigorously seek to have her notary license suspended if not forfeited.

Call if you like.

Thornton Davidson, P.C.
THORNTON DAVIDSON, P.C.
1195 W. Shaw Ave., Ste. A
Fresno, California 93711
(559) 476-5064 (Asst. Tish)
(559) 476-5066 (Dir.)

Thornton Davidson, Esq.
c/o Sterling Pacific Lending
1205 Freedom Blvd.
Watsonville, California 95076
(831) 786-1980 (Recpt.)
(831) 536-7468 (Dir.)

**DIRECT ALL MAIL TO FRESNO ADDRESS**

---

**From:** Klair, Andrew (SFO - X56962) <Andrew.Klair@hklaw.com>
**Sent:** Wednesday, August 9, 2023 10:30 PM
**To:** Thornton Davidson <thornton@thorntondavidsonlaw.com>
**Cc:** Tish <tish@thorntondavidsonlaw.com>; Kern, John (SFO - X56918) <John.Kern@hklaw.com>; Holtzman, David I (SFO - X56909) <David.Holtzman@hklaw.com>
**Subject:** RE: Gogri v. Gogri - Deposition of R. Grady

Hello Thornton,

Attached please find a letter from David Holtzman regarding the notice of deposition of Ms. Grady.

Thank you,

**Andrew Klair | Holland & Knight**
Associate
Holland & Knight LLP
560 Mission Street, 19th Floor | San Francisco, California 94105

Phone 415.743.6962 | Mobile 415.683.8463

andrew.klair@hklaw.com | www.hklaw.com

Add to address book | View professional biography

---

**From:** Tish <tish@thorntondavidsonlaw.com>
**Sent:** Monday, August 7, 2023 1:23 PM
**To:** Kern, John (SFO - X56918) <john.kern@hklaw.com>; Holtzman, David I (SFO - X56909) <David.holtzman@hklaw.com>; Klair, Andrew (SFO - X56962) <Andrew.klair@hklaw.com>; Arlene Kock <adk@arlenekocklaw.com>; jennifer@arlenekocklaw.com; angela@arelenekocklaw.com; Randall Farrimond <rfarrimond@farrimondlaw.com>
**Subject:** Gogri v. Gogri - Deposition of R. Grady

*[External email]*
Please see the attached Amended Deposition notice for Ms. R. Grady.

Thank You,

*Tish Sanches*

Legal Secretary for

# THORNTON DAVIDSON, P.C.
CIVIL NEGOTIATION & LITIGATION

1195 W. Shaw Ave.
Suite A
Fresno, California 93711
Tel: (559) 476-5064
Fax: (559) 421-0368

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

4

# Exhibit 3

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

MAHESH GOGRI,                          )
                                       )
                Petitioner,            )
                                       )
        vs.                            )   Case No.:
                                       )   HF21118124
SHILPA GOGRI,                          )
                                       )
                Respondent.            )
_____)

REMOTE DEPOSITION OF

RENEE GRADY

THURSDAY, AUGUST 24, 2023

ATKINSON-BAKER, A Veritext Company

(818) 551-7300

www.veritext.com

FILE NO.:     AB 6072701

REPORTED BY:  MAXIMILLIAN A. CONTRERAS, CSR #13876

Page 1

Renee Grady
August 24, 2023

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

MAHESH GOGRI,                          )
                                       )
                    Petitioner,        )
                                       )
            vs.                        )   Case No.:
                                       )   HF21118124
SHILPA GOGRI,                          )
                                       )
                    Respondent.        )
_____)

          REMOTE DEPOSITION OF RENEE GRADY, taken
on behalf of Petitioner, via Zoom videoconference,
commencing at 2:00 PM and concluding at 2:08 PM,
Thursday, August 24, 2023, before Maximillian A.
Contreras, CSR #13876.

Page 2

Renee Grad

August 24, 2023

A P P E A R A N C E S

FOR PETITIONER:

THORNTON L. DAVIDSON, ESQ.                    (Via Zoom)
THORNTON DAVIDSON, P.C.
1195 West Shaw Avenue, Suite A
Fresno, California  93711
(559) 476-5064
thornton@thorntondavidsonlaw.com

BODEN N. DAVIDSON, ESQ.                       (Via Zoom)
LAW OFFICE OF BODEN DAVIDSON
1195 West Shaw Avenue, Suite A
Fresno, California  93711
(559) 272-5402
bd@bodendavidson.com

FOR RESPONDENT:

ARLENE D. KOCK, ESQ.                          (Via Zoom)
LAW OFFICES OF ARLENE D. KOCK, APLC
2500 Old Crow Canyon Road, Suite 214
San Ramon, California  94583
(925) 743-8666
akock@aol.com

ALSO PRESENT:

ROBERT P. TRAVIS, ESQ.                        (Via Zoom)
LAW OFFICE OF ROBERT P. TRAVIS
2443 Fillmore Street #380-5215
San Francisco, California  94115
(415) 314-8102
robert.p.travis@icloud.com

RANDALL S. FARRIMOND, ESQ.                    (Via Zoom)
FARRIMOND LAW OFFICE
90 New Montgomery Street, Suite 1250
San Francisco, California  94105
(415) 362-4900
rfarrimond@farrimondlaw.com

SHILPA GOGRI                                  (Via Zoom)

Page 3

Renee Grady
August 24, 2023

I N D E X

WITNESS:  Renee Grady

EXAMINATION BY ATTY. T. DAVIDSON..................... 5

E X H I B I T S

NO.           DESCRIPTION                          PAGE

(None)

CERTIFIED QUESTIONS:

PAGE          LINE

(None)

Page  4

Atkinson-Baker, A Veritext Company
(818) 551-7300                    www.veritext.com

Renee Grady
August 24, 2023

P R O C E E D I N G S

ZOOM VIDEOCONFERENCE

THURSDAY, AUGUST 24, 2023, 2:00 PM


                    RENEE GRADY,

          having first been duly sworn, was

          examined and testified as follows:


                    EXAMINATION

BY ATTY. T. DAVIDSON:

    Q.    Ms. Grady, we met off the record.
I'm Thornton Davidson.  This is a deposition being
conducted pursuant to the California Rules of Civil
Procedure in a matter concerning the marriage of Gogri,
which is Mahesh Gogri on the one hand and Shilpa Gogri
on the other.  Have you ever had your deposition taken,
ma'am?

    A.    No.  I've had a written deposition done,
but nothing like this.

    Q.    Okay.  Well, am I correct in assuming you
are not represented by counsel, you are just here by
yourself; correct?

    A.    Right.  Didn't know that I should get counsel.

    Q.    You don't need to.

    A.    Okay.

Atkinson-Baker, A Veritext Company
(818) 551-7300                        www.veritext.com

# Exhibit 4

EXAMINATION UNDER OATH OF

RENEE GRADY

MONDAY, MAY 6, 2024

REPORTED BY:

JAMIE ONUKI

CSR NO. 13904

**RENEE GRADY**

**May 06, 2024**

Examination under oath of Renee Grady, taken by Thornton Davidson via remote videoconference, commencing at 2:03 p.m., on Monday, May 6, 2024 before Jamie Onuki, Certified Shorthand Reporter No. 13904.

**A P P E A R A N C E S**

**THORNTON DAVIDSON, P.C.**

**BY:  THORNTON DAVIDSON, ESQ.**

**1195 West Shaw Avenue, Suite A**

**Fresno, California 93711**

**(559) 476-5064**

**RENEE GRADY**

**May 06, 2024**

                        I N D E X


WITNESS:  RENEE GRADY

EXAMINATION                                    PAGE

     BY MR. DAVIDSON                             4




                      E X H I B I T S


MARKED                   DESCRIPTION           PAGE

Exhibit 1    Deposition Subpoena of            39
             Renee Grady

Exhibit 2    Gift Letter                       48


Exhibits A   33-page document                  49
through K

**RENEE GRADY**

**May 06, 2024**

MONDAY, MAY 6, 2024

2:03 P.M.

* * *

RENEE GRADY,

Having first declared under penalty of perjury to tell the truth, was examined and testified as follows:

BY MR. DAVIDSON:

Q    So today you are here to give your very best testimony.  Do you understand that?

**A    I do.**

Q    Okay.  Additionally there is -- there are no other counsel present, and I want to explain the purpose of that.  You are aware that you have been sued by my client, Mahesh Gogri, in a case that is venued in the U.S. District Court for the Northern District of California and it is Case Number, just so I put it on the record, 24-cv-00732-tlt.

You are aware that you have been sued in that matter, correct?

**A    I am.**

Q    Okay.  And that you did not answer the complaint timely, and therefore, your default was taken.  Do you understand that?

RENEE GRADY

May 06, 2024

A       I do.

Q       Okay.  And you also understand that there are no other parties that have appeared in the case, which is to say, other people have been served, but no one has filed a responsive pleading.  Do you understand that?

A       No.

Q       Okay.  I will put on the record, Madam Reporter, that the other defendants in this case are Karan, K-A-R-A-N, Gogri, Shilpa Gogri, Renee Grady, of course, and Sanjiv, S-A-N-J-I-V, Patel, P-A-T-E-L.  Those parties -- Shilpa Gogri has been served but has not appeared.  Karan Gogri has an attorney at Holland & Knight, but they have yet to make an appearance.
And Mr. Patel has not made an appearance.  Otherwise, if they had made an appearance, then I would be doing this formally as a deposition.

A       Can I just correct something really quickly?

Q       Of course.

A       I didn't quite -- I didn't understand the question.  But yes, I was aware, based on what I was served, that Mahesh was suing me, his son Karan, and then there was somebody, Patel, on there.  So yes, I was aware of that.

Q       Okay.  I want to make sure the record is clear as to how this came about, how this statement came