HOLLAND & KNIGHT LLP
David I. Holtzman (SBN 299287)
Andrew Klair (SBN 334960)
Ana Dragojevic (SBN 341847)
Jacob Barrera (SBN 348272)
560 Mission Street, Suite 1900
San Francisco, CA 94105
Email:  David.holtzman@hklaw.com
Andrew.Klair@hklaw.com
Jacob.Barrera@hklaw.com

Attorneys for Karan Gogri

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

MAHESH GOGRI,

        Plaintiff,

    vs.

KARAN GOGRI, et al.

        Defendants.

) Case No.: 3:24-cv-00732-TLT
)
) Hearing Date: October 1, 2024
) Hearing Time: 2:00 pm
)
) **DEFENDANT KARAN GOGRI'S**
) **NOTICE OF MOTION AND MOTION**
) **TO DISMISS PLAINTIFF MAHESH**
) **GOGRI'S COMPLAINT;**
) **MEMORANDUM OF POINTS AND**
) **AUTHORITIES IN SUPPORT OF**
) **MOTION TO DISMISS**
)
)
)

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

- 1 -

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that on October 1, 2024, at 2:00 pm or as soon thereafter as the matter may be heard in Courtroom 9 – 19th Floor of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Karan Gogri ("Karan") will and hereby does move the Court for an Order dismissing Plaintiff Mahesh Gogri's ("Mahesh's") Complaint on the grounds that Mahesh's Complaint fails in its entirety for a failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction.

This Motion to Dismiss is made pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 12(b)(1), (6), and 41(a), and based upon six independent grounds as set forth in the accompanying Memorandum of Points and Authorities:

(1)      Mahesh voluntarily dismissed his claims twice and as such they are now barred by the "two dismissal" rule pursuant to FRCP 41(a);

(2)      This Court lacks subject matter jurisdiction over this action and should abstain from adjudication pursuant FRCP 12(b)(1) and the *Colorado River* and *Younger* abstention doctrines;

(3)      Mahesh's Racketeer Influenced and Corrupt Organizations Act ("RICO") claim under 18 U.S.C. § 1962(a) fails to allege a requisite "investment injury;

(4)      Mahesh's RICO claim under 18 U.S.C. § 1962(b) fails to identify an enterprise structure separate from the pattern of racketeering;

(5)      Mahesh's RICO claim under 18 U.S.C. § 1962(c) fails to distinguish the "enterprise" from the "persons"; and

(6)      Mahesh's RICO claim under 18 U.S.C. § 1962(d) fails because Mahesh's claims under sections 1962(a), (b), and (c) fail.

//

//

//

//

//

KARAN'S MOTION TO DISMISS                                   CASE NO.: 3:24-CV-00732-TLT

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

This Motion is brought pursuant to Federal Rules of Civil Procedure Rules 12(b)(1) and (6), and 41(a), and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support of this Motion, the accompanying request for judicial notice, the accompanying declaration of Andrew Klair, all pleadings filed with this Court, any oral argument that may be presented at a hearing in this matter, and any other matters this Court wishes to consider.

Dated: July 19, 2024                    Respectfully submitted,

                                        HOLLAND & KNIGHT LLP

                                        By: /s/ Andrew Klair

                                        David I. Holtzman
                                        Andrew Klair)
                                        Ana Dragojevic
                                        Jacob Barrera

                                        Attorneys for Karan Gogri

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

KARAN'S MOTION TO DISMISS                    CASE NO.: 3:24-CV-00732-TLT

# TABLE OF CONTENTS

                                                                                          Page

I.     INTRODUCTION ....................................................................................................9

II.    STATEMENT OF FACTS ........................................................................................9

       A.     The Gogri State Court Action ........................................................................9

       B.     The First Federal Court RICO Action ..........................................................10

       C.     The Second Federal Court RICO Action .......................................................10

III.   LEGAL STANDARDS ............................................................................................11

IV.    ARGUMENT ...........................................................................................................12

       A.     The RICO II Complaint Violates FRCP Rule 41 ..........................................12

              i.     Mahesh bases RICO II on the "same transactional nucleus of
                     facts" as RICO I and the Gogri State Action .....................................12

              ii.    RICO II asserts the "same rights" as those asserted in RICO I
                     and the Gogri State Action ................................................................14

              iii.   RICO II involves the same evidentiary facts as the prior
                     actions .............................................................................................15

       B.     A Motion to Dismiss Is Proper Under FRCP Rules 12(b)(1) & (6),
              and the *Colorado River* and *Younger* Doctrines ......................................15

              i.     The Court should abstain from adjudicating this matter under
                     the *Colorado River* abstention doctrine ..........................................16
                     1.     This action is parallel to the state action and can
                            resolve all issues before the federal court .........................17
                     2.     Abstention avoids piecemeal litigation .............................17
                     3.     The state court obtained jurisdiction first .........................18
                     4.     Alameda Superior Court can adequately protect
                            Mahesh ..............................................................................18
                     5.     Abstention will work to prevent further forum
                            shopping ............................................................................19
              ii.    The Court should abstain from adjudicating this matter under
                     the *Younger* abstention doctrine .....................................................19
                     1.     The Gogri State Action implicates important state
                            interests .............................................................................20
                     2.     The Gogri State Action Predates RICO II ........................21
                     3.     Mahesh had the opportunity to raise the RICO claims
                            in the Gogri State Action ..................................................21

       C.     Mahesh's RICO Claim Fails to Allege Necessary Facts .........................22

              i.     Mahesh Fails to Allege a Section 1962(a) "Investment Injury" ....22
              ii.    Mahesh Fails to Identify a Section 1962(b) Separate
                     Enterprise ........................................................................................23
              iii.   Mahesh's Fails to Allege Distinctiveness Under Section
                     1962(c) ............................................................................................25
              iv.    Mahesh Fails to Allege a RICO Conspiracy Under Section
                     1962(d) .............................................................................................26

V.     CONCLUSION ........................................................................................................27

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Bank of Credit & Com. Intern.l Depositors Litig.*
No. CV 91-4483, 1992 WL 696398, (C.D. Cal. 1992)...........................................................23

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007).............................................................................................................11

*Caviness v. Horizon Cmty. Learning Ctr., Inc.*,
590 F.3d 806 (9th Cir. 2010) ..............................................................................................11

*CBDM v. Redlands, LLC v. Prieto*,
No. 5:16-cv-02403, 2017 WL 1398667, (C.D. Cal. 2017) .................................................16

*Cedric Kushner Promotions, Ltd. v. King*,
533 U.S. 158 (2001)......................................................................................................25, 26

*Chang v. Chen*,
80 F.3d 1293 (9th Cir. 2003) ..............................................................................................24

*Cianci v. Superior Court*,
40 Cal.3d 903 (1985) .....................................................................................................19, 21

*Colorado River Water Cons. Dist. v. United States*,
424 U.S. 800, 816 (1976)............................................................................................ *passim*

*Commercial Space Mgmt. Co. v. Boeing Co.*,
193 F.3d 1074 (9th Cir. 1999) ............................................................................................12

*Constantini v. Trans World Airlines*,
681 F.2d 1199 (9th Cir. 1982) ............................................................................................14

*Courthouse News Service v. Planet*,
750 F.3d 776 (9th Cir. 2014) ..............................................................................................16

*Equity Lifestyle Props., Inc. v. Cty. of San Luis Obispo*,
548 F.3d 1184 (9th Cir. 2008) ............................................................................................16

*Gibson v. Berryhill*,
411 U.S. 564 (1973).............................................................................................................20

*Howard v. America Online Inc.*,
208 F.3d 741 (9th Cir. 2000) ........................................................................................26, 27

*Hyatt v. Yee*,
871 F.3d 1067 (9th Cir. 2017) ............................................................................................11

KARAN'S MOTION TO DISMISS                    CASE NO.: 3:24-CV-00732-TLT

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

*Johnson v. Riverside Healthcare Sys., LP*,
    534 F.3d 1116 (9th Cir. 2008) ..............................................................................................11

*Kenneally v. Lungren*,
    967 F.2d 329 (9th Cir. 1992) ................................................................................................20

*Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*,
    933 F.2d 724 (9th Cir. 1991) ...........................................................................................12, 14

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) ................................................................................................11

*Lee v. Thornburg Mortgage Home Loans Inc.*,
    2014 WL 4953966 (N.D. Cal. 2014) .................................................................................12, 15

*In re Marriage of Hillerman*,
    109 Cal.App.3d 334 (1980) .............................................................................................20, 21

*Marriage of: Mahesh Gogri and Shilpa Gogri*,
    Case No. HF21118124..........................................................................................................20

*Melamed v. Blue Cross of California*,
    557 Fed.Appx. 659 (9th Cir. 2014)....................................................................................12, 13

*Meredith v. Oregon*,
    321 F.3d 807 (9th Cir. 2003) ................................................................................................21

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*,
    457 U.S. 423 (1982)..............................................................................................................20

*Moore v. Sims*,
    442 U.S. 415 (1979)..............................................................................................................21

*Nakash v. Marciano*,
    882 F.2d 1411 (9th Cir. 1989) .........................................................................................16, 18

*Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*,
    981 F.2d 429 (9th Cir. 1992) ...........................................................................................22, 23

*Owens v. Kaiser Foundation Health Plan, Inc.*,
    244 F.3d 708 (9th Cir. 2001) ................................................................................................12

*R.R. Street & Co. Inc. v. Transport. Ins. Co.*,
    656 F.3d 966 (9th Cir. 2011) ...........................................................................................17, 18

*Rae v. Union Bank*,
    725 F.2d 478 (9th Cir. 1984) ................................................................................................25

*Revolon Monterey Energy LLC v. Peak Operator LLC*,
    No. CV 13-7048 PSG, 2013 WL 12123689 (C.D. Cal. 2013) ................................................16

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

- 6 -

*In re Rexplore, Inc. Securities Litig.*,
   685 F.Supp. 1132 (N.D. Cal. 1988) ....................................................................................22

*Sanford v. MemberWare, Inc.*,
   625 F.3d 550 (9th Cir. 2010) ...............................................................................................26

*Sciortino v. Pepsico, Inc.*,
   108 F.Supp.3d 780 (N.D. Cal. 2015) ..................................................................................17

*Smith & Hawken, Ltd. v. Gardendance, Inc.*
   No. C04-1664 SBA, 2004 WL 2496163, (N.D. Cal. 2004)....................................................24

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998)..............................................................................................................19

*Tafflin v. Levitt*,
   493 U.S. 455 (1990)......................................................................................................19, 21

*Taylor v. AlliedBarton Sec. Servs. LP*,
   No. 1:13-CV-01613-AWI, 2014 WL 1329415 (E.D. Cal. 2014) ...........................................18

*Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*,
   594 F.2d 730 (9th Cir. 1979) ..............................................................................................11

*Wagh v. Metris Direct, Inc.*,
   363 F.3d 821 (9th Cir. 2003) .........................................................................................22, 24

*Wagh v. Metris District, Inc.*,
   348 F.3d 1102 (9th Cir. 2003) ............................................................................................24

*Washington v. Los Angeles Cty. Sheriff's Dep't*,
   833 F.3d 1048 (9th Cir. 2016) ............................................................................................19

*Westways World Travel v. AMR Corp.*,
   182 F.Supp.2d 952 (C.D. Cal. 2001) ..................................................................................22

*Younger v. Harris*,
   401 U.S. 37 (1971)...................................................................................................... *passim*

**Statutes**

18 U.S.C.
   § 1961..........................................................................................................................*passim*
   § 1961(4).............................................................................................................................25
   § 1962 (a) ...................................................................................................................2, 22, 23
   § 1962(a)(b)(c) ...........................................................................................................2, 22, 27
   § 1962(b)....................................................................................................................2, 23, 25
   § 1962(c)....................................................................................................................2, 25, 26
   § 1962(d)...................................................................................................................2, 26, 27

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

KARAN'S MOTION TO DISMISS                CASE NO.: 3:24-CV-00732-TLT

**Other Authorities**

Fed. R. Civ. P

    12(b)(1) ........................................................................................................2, 11, 16, 19

    12(b)(6) ............................................................................................................2, 11, 16

    41.............................................................................................................................12, 22

    41(a) ...............................................................................................................................2

    41(a)(1)(b)............................................................................................................12, 15

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

KARAN'S MOTION TO DISMISS                           CASE NO.: 3:24-CV-00732-TLT

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Mahesh Gogri's ("Mahesh") claims in this case amount to nothing more than a gambit brought in retaliation for a declaratory relief action brought by Defendant Karan Gogri ("Karan"). The facts and allegations here are no different from those Mahesh has already brought, and dismissed, in California state court. Mahesh could, and has, brought these claims in state court, both in opposition to Karan's own suit against Mahesh and in related family-law and probate cases, all in Alameda County, California. Why then are we here in Federal Court, burdening the Federal judiciary with claims best adjudicated in several ongoing state cases? There is no good reason and for that fact alone this case must be dismissed. However, even ignoring the concurrent state court litigation between the parties, Mahesh's case here still cannot stand. Mahesh fails to allege facts sufficient to support his claims and, by willingly and repeatedly filing and dismissing duplicative claims, has foregone his opportunity to litigate before this Court. As such, the case must be dismissed with prejudice.

### II.    STATEMENT OF FACTS

Mahesh and his soon-to-be ex-wife, Shilpa Gogri ("Shilpa"), are the parents of Karan. *See* ECF 1, Complaint originally filed in Case No. 3:24-CV-00732-TLT at ¶ 26. Mahesh and Shilpa started and operated a chain of Jack-in-the-Box franchises throughout California while Karan was a youth. *Id.* at ¶ 28. Then, as Karan reached adulthood, he took on more and more responsibilities in the family's franchises. Simultaneously, Mahesh endangered the franchises by funding a franchise for a competing brand. The fallout of this led Jack-in-the-Box to demand Mahesh's removal as an operator of the franchises. Accordingly, Mahesh transferred his ownership of the various franchises, totaling some ten locations, to Karan in early 2021. At around this time, the marriage of Mahesh and Shilpa fell apart and the couple formally separated. *Id.* at ¶ 27.

#### A.    The Gogri State Court Action

During the divorce proceedings between the couple, on information and belief, Mahesh asserted a claim to the ownership interests in the Jack-in-the-Box franchises—interests he had already transferred to Karan. On December 2, 2022, upon learning of his father's attempt to take

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

ownership of the franchises, Karan filed a Complaint against Mahesh and Shilpa in Alameda County Superior Court (*Gogri v. Gogri, et al.* Case No. 22CV023043) (the "Gogri State Action"), seeking declaratory relief as to his ownership of the franchises. Request for Judicial Notice ("RJN"), Ex. 1. On April 13, 2023, Mahesh filed a Cross-Complaint against Karan and Shilpa in the Gogri State Action alleging fraud, conversion, accounting, and seeking declaratory relief against Karan. RJN, Ex. 2. Mahesh's Cross-Complaint contained multiple allegations of fraud, deceit, and conspiracy against both Karan and Shilpa. *See, e.g.,* RJN at Ex. 2, pp. 9-10. However, as the parties to the Gogri State Action exchanged discovery, Mahesh filed a Request for Dismissal of the Cross-Complaint in the Gogri State Action on February 7, 2024. RJN, Ex. 3. This dismissal was voluntary and without prejudice. Shortly before the dismissal, Karan instituted an action in Alameda probate court regarding the disposition of the estate of Mahesh's grandfather and Mahesh's role as trustee of that estate. RJN, Ex. 4.

### B.    The First Federal Court RICO Action

Without any communication to counsel for Karan, on May 28, 2024, Mahesh filed a Complaint in the District Court for the Northern District of California, Case No. 3:24-CV-00732-TLT, alleging violations of the Federal Racketeer Influenced and Corrupt Organization Act (18 U.S.C. § 1961, *et seq.*) (hereinafter, "RICO") against Karan, Shilpa, Renee Grady, Sanjiv Patel, and various "Doe" defendants ("RICO I"). RICO I, ECF 1 (hereinafter, the "RICO I Complaint"). The Court noted its concern that various abstention doctrines may inhibit the Court's jurisdiction to hear RICO I due to the Gogri State Action and, on May 9, 2024, issued an order to show cause regarding the Court's jurisdiction to hear RICO I and set a hearing date for May 28, 2024. ECF 21. However, instead of complying with the Court's order, Mahesh filed a Notice of Voluntary Dismissal of Entire Case in RICO I on May 14, 2024, five days after the Court ordered Mahesh to show cause and 14 days prior to the hearing on that order. ECF 22. The notice of dismissal was voluntary and without a stipulation. ECF 22.

### C.    The Second Federal Court RICO Action

On February 9, 2024, Mahesh filed a third Complaint, again in the District Court for the Northern District of California, Case No. 3:24-cv-03067-PHK ("RICO II"), alleging the same

- 10 -

RICO violations as RICO I and the same factual claims as the Gogri State Action. RICO II, ECF 1 (hereinafter, the "RICO II Complaint"). After Mahesh failed to file an Administrative Motion to relate RICO I and RICO II upon the filing of the RICO II Complaint, Karan filed a motion to relate the cases. ECF 25. On June 11, 2024, the Court ordered RICO I and II related and issued an order to show cause as to Mahesh's failure to file the motion himself. ECF 30. Karan now brings this Motion to dismiss the RICO II Complaint.

### III.    LEGAL STANDARDS

Rule 12(b)(1) allows a defendant to raise the defense that the court lacks jurisdiction over the subject matter of an entire action. When resolving a facial Rule 12(b)(1) challenge, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction. In so doing, the court may rely on undisputed facts or those judicially noticeable as matters of public record. *See Hyatt v. Yee*, 871 F.3d 1067, 1071, n.15 (9th Cir. 2017). If a defendant files a Rule 12(b)(1) motion attacking the existence of subject matter jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Under Rule 12(b)(6), a court may dismiss an action for failure to state a claim "based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks omitted). To survive a Rule 12(b)(6) motion, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). In evaluating a motion to dismiss under Rule 12(b)(6), a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast as factual allegations. *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). The court may consider documents or materials subject to judicial notice and those incorporated into the complaint by reference. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

## IV.    ARGUMENT

### A.    The RICO II Complaint Violates FRCP Rule 41

The Court should dismiss this Complaint because Mahesh previously filed and voluntarily dismissed two cases based on or including the same claim. Under Federal Rules of Civil Procedure ("FRCP") Rule 41, when a plaintiff voluntarily dismisses a state action and thereafter voluntarily dismisses a federal action, the second voluntary dismissal is an adjudication on the merits. Fed. R. Civ. P 41(a)(1)(b). This is known as the "two-dismissal rule." *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999). Where the two dismissal rule applies, the third action is barred and the case must be dismissed with prejudice. *See, e.g.*, *Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 725 (9th Cir. 1991); *Melamed v. Blue Cross of California*, 557 Fed.Appx. 659, 662 (9th Cir. 2014).

To determine whether lawsuits involve the same claims, courts look at four criteria: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve the infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. *Lee v. Thornburg Mortgage Home Loans Inc.*, 2014 WL 4953966, *5 (N.D. Cal. 2014).

Here, Mahesh's asserts in RICO II the same claims as the Gogri State Action and RICO I, against overlapping parties, and on the same evidence, potentially resulting in inconsistent rulings. As a result, the Court should dismiss Mahesh's RICO II Complaint with prejudice.

### i.    Mahesh bases RICO II on the "same transactional nucleus of facts" as RICO I and the Gogri State Action

Mahesh bases all his cases on the same theory: that his wife Shilpa and son Karan conspired to defraud Mahesh through various alleged forgeries and with various alleged co-conspirators. The "central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts". *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (internal citation omitted). The determination of whether a previously dismissed matter is "based on or including

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

- 12 -

the same claim" looks to the facts at issue and does not require that there be common causes of action. *Melamed*, *supra*, 557 Fed.Appx. at 662.

Here, Mahesh based all three cases on the same underlying facts, including alleged forged signatures, breach of fiduciary duty, and fraud—all relating to his ongoing divorce from Shilpa. *Compare* RJN, Ex. 2, at ¶ 16 *with* RICO I Complaint at ¶ 1 *and* RICO II Complaint at ¶ 1. All three cases arise from allegations that Shilpa and Karan transferred Mahesh's ownership interest in several of Shilpa/Mahesh's community property entities prior to Mahesh and Shilpa's separation without Mahesh's knowledge or consent. *Compare* RJN, Ex. 2 at ¶¶ 18-19 *with* RICO I Complaint at ¶¶ 24-32 *and* RICO II Complaint at ¶ 29-37.

For example, Mahesh alleged that in April and May 2021, Shilpa borrowed $250,000 against a community asset, 2304 A Street, Eureka, California 95501, and $600,000 against another community asset, 6920 Riverland Drive, Redding, California 96002, using forged promissory notes, deeds of trust, and other various elements, all without Mahesh's knowledge or consent. RJN, Ex. 2 at ¶ 18(b).

Mahesh alleged the same fraudulent mortgage scheme in RICO I, claiming that between March 2, 2019, and March 31, 2019, Shilpa and Karan "willfully conspired to forge Mahesh's name to six deeds of trust, two grant deeds, [and] a Power of Attorney for Real Estate Transactions," including the $250,000 deed of trust for 2304 A Street, Eureka, California 95501 and the $600,000 deed of trust for 6920 Riverland Drive, Redding, California 96002. RICO I Complaint at ¶ 26. He refers to those claims as "Scheme No. 1." *Id*. The addition of Grady to the alleged conspiracy to forge Mahesh's name is the only difference between the Gogri State Action and the RICO I allegations as to those claims. *Id*. Scheme No. 1, regarding the alleged mortgage fraud scheme, is written identically in RICO II. *Compare* RICO I Complaint at ¶ 26 *with* RICO II Complaint at ¶ 31.

As another example, Scheme No. 2, regarding the alleged theft of franchise interests, is also written nearly identically in RICO I and RICO II. *Compare* RICO I Complaint at ¶¶ 33-39 *with* RICO II Complaint at ¶¶ 38-44. Those same allegations appear in the Gogri State Action. RJN, Ex. 2 at ¶18(a).

- 13 -

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

The pattern holds for Scheme No. 3, regarding the alleged theft of PG14, LLC, and so on. *Compare* RJN, Ex. 2 at ¶18(d) *with* RICO I Complaint at ¶¶ 40-41 *and* RICO II Complaint at ¶¶ 45-46.

Regarding the parties to the case, Gogri State Action, RICO I, and RICO II all involve Mahesh, Karan, and Shilpa. RJN, Ex. 2, at ¶ 1; RICO I Complaint at ¶ 1; RICO II Complaint at ¶ 1. The Federal cases merely involve two *additional* defendants, Renee Grady, and Sanjiv Patel. *See* RICO I Complaint at ¶ 1; RICO II Complaint at ¶ 1. Mr. Patel was named, as a nonparty, in the Gogri State Action. *See* RJN, Ex. 2 at ¶ 18(d). However, dismissal of all defendants is unnecessary for the two-dismissal rule to apply. *Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development Corp.*, 933 F.2d 724, 728 (9th Cir. 1991). The fact that Mr. Patel is mentioned in the Gogri State Action and then named as a defendant in RICO I and RICO II, and the addition of Ms. Grady in RICO I and RICO II, is irrelevant to the application of the two-dismissal rule.

### ii.    RICO II asserts the "same rights" as those asserted in RICO I and the Gogri State Action

All three Complaints implicate the same alleged right of Mahesh to be free from alleged fraud from Karan and Shilpa. A case involves the same rights when it concerns infringement of something that was alleged in an earlier action. *See Constantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982) (explaining how the suit "s[ought] damages for violation of appellant's right to advantageous business relations with Montgomery Ward, just as the [previous] 1975 suit did.").

Here, each RICO claim relies or hinges on Karan and Shilpa's alleged conspiracy and fraudulent scheme—the very same proposed conspiracy and scheme upon which Mahesh presented his claims for fraud and conversion in the Gogri State Action and his RICO claims in RICO I. The RICO II Complaint, as discussed above, presents the same grievances, somewhat repackaged, from Mahesh's earlier two cases. But "a mere change of legal theory does not imply a new cause of action." *Constantini*, 681 F.2d at 1202 n.9. The fact that Mahesh introduced RICO claims in RICO I and RICO II is of no consequence to the "same rights" analysis.

### iii.    RICO II involves the same evidentiary facts as the prior actions

All three of Mahesh's cases rest on the same factual assertions, and as such all three cases involve the same evidence. Thus, the relevant evidentiary facts do not differ from those involved in the prior proceeding. *Lee v. Thornburg Mortgage Home Loans Inc.*, 2014 WL 4953966, *5 (N.D. Cal. 2014).

All three actions arise from Mahesh's gifting of his shares in Gogris Corporation and Indmex Corporation to Karan, which Mahesh claims was fraudulent. RJN, Ex. 2 at ¶¶ 18-19; RICO I Complaint at ¶ 34; RICO II Complaint at ¶¶ 33-39. The evidence in all three cases would therefore necessarily be the same. Those contained in the Gogri State Action are nearly identical to those allegations in RICO I and RICO II, with the exception of Sanjiv Patel being listed as a "third-party" in the Gogri State Action and as a Defendant in RICO I and RICO II. RJN, Ex. 2 at ¶ 18(d); RICO I Complaint at ¶ 40, RICO II Complaint at ¶¶ 45-46. Again, the evidence for these identical allegations would also necessarily be identical. The same is true for the allegation that Shilpa and Karan devised a scheme to give Karan 75% of majority control over all the businesses, again alleged in all three actions. RJN, Ex. 2, at ¶ 19; RICO I Complaint at ¶ 47; RICO II Complaint at ¶¶ 54-53.

There is no real question that RICO II, which was supposed to be an amendment of RICO I, is a continuation of RICO I. 88 of the 96 paragraphs in the RICO II Complaint are identical or nearly identical to paragraphs in the RICO I Complaint. *Compare* RICO I Complaint *with* RICO II Complaint. Similarly, RICO I just attached a RICO claim to the same allegations as the Gogri State Action. *Compare* Gogri State Action *with* RICO I Complaint. Since the claims alleged in the Gogri State Action, RICO I, and RICO II all arise out of the same transaction, or series of connected transactions, they are the "same claims" and the two-dismissal rule applies. Accordingly, the RICO II Complaint must be dismissed, with prejudice, pursuant to FRCP Rule 41(a)(1)(b).

### B.    A Motion to Dismiss Is Proper Under FRCP Rules 12(b)(1) & (6), and the *Colorado River* and *Younger* Doctrines

This Court should dismiss this action under the plain terms of FRCP Rule 41. But, even if

- 15 -

KARAN'S MOTION TO DISMISS                                    CASE NO.: 3:24-CV-00732-TLT

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

the Court disregards the preclusive effect of Mahesh's multiple, earlier cases, it cannot be disputed that before Mahesh filed this action he was already involved in a state civil action against Karan, a divorce proceeding against Shilpa, and a probate proceeding (as trustee) initiated by Karan. These matters are all ongoing and already involve all of the factual allegations and many of the key players underlying the instant action. Accordingly, the instant action is ripe for abstention under both the *Colorado River* and *Younger* doctrines.

Abstention may be raised under either Rule 12(b)(1) or Rule 12(b)(6). *See Courthouse News Service v. Planet*, 750 F.3d 776, n.2 (9th Cir. 2014) (9th Circuit has not squarely held whether abstention is properly raised under Rule 12(b)(6), 12(b)(1), or both); *see CBDM Redlands, LLC v. Prieto*, No. 5:16-cv-02403 CBM (DTB), 2017 WL 1398667, at \*1 (C.D. Cal. 2017) (motion to dismiss under abstention doctrine brought under 12(b)(1) and 12(b)(6)).

### i. The Court should abstain from adjudicating this matter under the *Colorado River* abstention doctrine

The Court should dismiss this action under the *Colorado River* doctrine because the Superior Court for the County of Alameda already has before it the parties, issues, and property that are the subject of the instant action. A defendant may move under Rule 12(b)(1) for a stay or dismissal of an action pursuant to the *Colorado River* doctrine. *Revolon Monterey Energy LLC v. Peak Operator LLC*, No. CV 13-7048 PSG (MRW), 2013 WL 12123689, at \*1 (C.D. Cal. 2013) (citing *Equity Lifestyle Props., Inc. v. Cty. of San Luis Obispo*, 548 F.3d 1184, 1188 (9th Cir.2008)). Under the *Colorado River* doctrine, a federal court may dismiss or stay a proceeding in favor of a parallel state action for reasons of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989). When examining whether abstention is appropriate, "exact parallelism" between the actions is not required. *Nakash*, 882 F.2d at 1416. Rather, the actions need only be "substantially similar" to be deemed parallel for the purposes of abstention. *Id.*

Courts in the Ninth Circuit consider eight factors to determine whether to abstain pursuant to the *Colorado River* doctrine: "(1) which court first assumed jurisdiction over [the case]; (2) the

- 16 -

KARAN'S MOTION TO DISMISS                                      CASE NO.: 3:24-CV-00732-TLT

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." *Sciortino v. Pepsico, Inc.*, 108 F.Supp.3d 780, 814-15 (N.D. Cal. 2015) (citing *R.R. Street & Co. Inc. v. Transport. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011)). Here, the relevant factors favor abstention.

### 1. This action is parallel to the state action and can resolve all issues before the federal court

The claims in this action parallel the Gogri State Action. The parties here and in the Gogri State Action civil action are nearly identical—all naming Karan Gogri, Shilpa Gogri, and Mahesh Gogri. Additionally, the property at the heart of this action is the same as the property at issue in the Gogri State Action: various Jack-in-the Box franchises, including Jack-in-the Box Stores 409, 429, and 462. *Compare* RJN, Ex. 2 at ¶ 29 *with* RICO II Complaint at ¶ 39. The Gogri State Action also serves as an adequate vehicle for the complete and prompt resolution of the issues between the parties here because all of Mahesh's various allegations in this case serve as some of his (many) defenses in the Gogri State Action. RJN, Ex. 5 (Gogri State Action General Denial) at Attachment 1. If the Alameda Superior Court decides ownership in favor of Karan, this necessarily means the failure of Mahesh's allegations, and thus this action is moot. Therefore, this action parallels the Gogri State Action and that action can resolve all of the issues presently before this Court.

### 2. Abstention avoids piecemeal litigation

By abstaining from adjudicating this action, the Court avoids piecemeal litigation. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *R.R. Street & Co. Inc. v. Transport. Ins. Co.*, 656 F.3d 966, 979 (9th Cir. 2011).

Here, there is no dispute that Mahesh's various fraud allegations are at issue in the earlier-filed Gogri State Action—*e.g.,* that Karan and Shilpa conspired to defraud Mahesh and divest him of his ownership interest in the Jack-in-the-Box franchises by forging Mahesh's signature on

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

- 17 -

numerous documents. Nor is there a dispute that the Gogri State Action involves the same parties: Mahesh, Karan, and Shilpa (through Mahesh's defenses). If those same allegations with the same parties are also adjudicated before this Court, that steers into the very risk of inconsistency the 9th Circuit counsels to avoid. *R.R. Street & Co. Inc.* 656 F.3d at 979 (9th Cir. 2011).

In addition, the proceedings in the Gogri State Action have progressed considerably further than this action, a fact which weighs strongly in favor of deferring to the former. *Nakash*, 882 F.2d at 1415 (finding that "it would be highly inefficient to allow the federal litigation to proceed" where the earlier filed state court case has progressed far beyond the later filed federal action). In the Gogri State Action, the parties have engaged in expansive document discovery and motion practice, have set depositions, and a summary judgment is pending. Conversely, this action is in its initial, pleadings stage.

In light of the further progressed litigation in the Gogri State Action, and because the claims in RICO II are duplicative of and subsumed by the Gogri State Action, piecemeal litigation is a strong possibility if this action is not dismissed.

### 3.    The state court obtained jurisdiction first

The Alameda Superior Court first assumed jurisdiction over the property at stake—the various corporations allegedly the subject of fraud—first in the divorce proceeding, followed shortly thereafter by the Gogri State Action. RJN, Ex. 2. The present action was filed more than a year later. *Compare* RJN, Ex. 2 *with* RICO I Complaint. When another court has taken jurisdiction of a matter, that court's significant progress on the matter makes it an important consideration as to whether a subsequent court can or should exercise jurisdiction. *Taylor v. AlliedBarton Sec. Servs. LP*, No. 1:13-CV-01613-AWI, 2014 WL 1329415, at *11 (E.D. Cal. 2014). As discussed above, the Gogri State Action has progressed significantly further than the instant action. Because of the more advanced progression of the Gogri State Action, and Alameda County's much earlier jurisdiction, this factor weighs in favor of abstention.

### 4.    Alameda Superior Court can adequately protect Mahesh

Under *Colorado River*, when claims brought in a subsequent Federal case can be adjudicated in the prior state court action, abstention is permissible as it would work no injustice

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

on the federal litigant. *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989). Here, Alameda Superior Court is able to adequately protect the rights of Mahesh because it has concurrent jurisdiction over the federal RICO claims. *Tafflin v. Levitt*, 493 U.S. 455, 461 (1990); *see also Cianci v. Superior Court*, 40 Cal.3d 903, 908 (1985) (holding that state courts have concurrent jurisdiction over RICO claims). There is no bar to Mahesh bringing his RICO claims in the Gogri State Action and thus no risk of injury or injustice to Mahesh by the Court abstaining from the instant case.

### 5. Abstention will work to prevent further forum shopping

The long train of cases filed and dismissed by Mahesh show Mahesh's propensity to shop for the forum he feels is most favorable to his claims. Indeed, Mahesh *already* had the opportunity to present the exact nucleus of facts in the Gogri State Action and instead chose to dismiss and file here. Then, when Mahesh once again faced an obstacle presented by the forum (ECF 21), he chose to dismiss and re-file the case. These are the exact issues abstention aims to prevent by reducing the opportunities for a litigant to hop forums until they find the one most favorable. By abstaining from adjudicating this action, the Court will promote the courts' well-established desire to avoid forum shopping. Accordingly, because the Gogri State Action and Gogri II are parallel cases, involve the same nucleus of facts, the same or similar parties, and because Alameda Superior Court obtained jurisdiction first, is capable of adjudicating all the existing claims here, and adequately protects Mahesh's interests, the *Colorado River* factors are met and the Court should abstain from the instant action and dismiss the RICO II Complaint.

### ii. The Court should abstain from adjudicating this matter under the *Younger* abstention doctrine

This Court should also decline to exercise its jurisdiction under the *Younger* abstention doctrine. A motion to dismiss on *Younger* abstention grounds can also be brought under Rule 12(b)(1). *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100, n.3 (1998) (treating *Younger* abstention as jurisdictional); *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016) (recognizing "a dismissal due to *Younger* abstention [is] similar to a dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction"). *Younger* abstention "is appropriate

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

where, absent bad faith, harassment or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state...proceedings... [.]" *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 816 (1976); *Younger v. Harris*, 401 U.S. 37 (1971).[1] The *Younger* doctrine "requires federal courts to examine (1) the nature of the state proceedings in order to determine whether the proceedings implicate important state interests, (2) the timing of the request for federal relief in order to determine whether there are ongoing state proceedings, and (3) the ability of the federal plaintiff to litigate its federal constitutional claims in the state proceedings." *Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir. 1992). *Younger* espouses "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). If these circumstances all exist, the federal court *must* dismiss the complaint. *Gibson v. Berryhill*, 411 U.S. 564, 573 (1973).

### 1.     The Gogri State Action implicates important state interests

The state civil action implicates an important state interest because it is based on property subject to the separate divorce proceeding between Mahesh and Shilpa Gogri.[2] Although Karan Gogri is not a party to the divorce, there is no dispute that the divorce seeks the distribution of marital property. *In re Marriage of Hillerman*, 109 Cal.App.3d 334, 340 (1980). Karan contends that he is the 75% owner of various family-owned corporations, with Shilpa owning the remaining 25%. Thus, if Karan is correct, at least 25% of the property at issue is subject to the jurisdiction of the Alameda divorce proceedings. Mahesh contends that he and Shilpa are each 50% owners of the corporations. In that case, the entirety of the property at issue is subject to the jurisdiction of the family division. The question is not *whether* the property at issue here has overlap with the divorce proceedings, the question is only how much. This is the same property at the core of Mahesh's RICO II complaint. *Compare, e.g.,* RJN, Ex. 2 at ¶ 29 *with* RICO II Complaint at ¶ 39.

---

[1]     *Younger* abstention originally applied to state criminal proceedings; however, the principles of *Younger* abstention are "fully applicable to noncriminal judicial proceedings where important state interests are involved." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

[2]     *See In the Marriage of: Mahesh Gogri and Shilpa Gogri*, Case No. HF21118124, Superior Court for the County of Alameda.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

California has a substantial state interest in the equitable distribution of marital property upon divorce. *In re Marriage of Hillerman*, 109 Cal.App.3d at 340. The Gogri State Action will determine how much of the corporations belong in the divorce proceedings. Mahesh asks this Court to interfere with the Gogri State Action by adjudicating the same issues before the Superior Court's civil division, which same issues will necessarily become issues before its family division. Therefore, Karan's state civil action presents an important state interest that state courts are duly equipped to adjudicate.

### 2.    The Gogri State Action Predates RICO II

It is undisputed that the Gogri State Action is the first-filed action. "Abstention is required only when the state proceedings have been initiated 'before any proceedings of substance on the merits have taken place in federal court.'" *Meredith v. Oregon*, 321 F.3d 807, 817 (9th Cir. 2003) (internal citation omitted). On December 2, 2023, Karan filed the Gogri State Action. RJN, Ex. 1. On May 21, 2024, Mahesh filed the instant action. ECF 1. As of this filing, no proceedings of substance on the merits have occurred in federal court. By contrast, in the Gogri State Action the parties are in the midst of discovery, having propounded written discovery, litigated discovery motions, scheduled depositions, and with a summary judgment motion pending.

Thus, because this action was filed *after* the state court proceedings, which are ongoing, this Court must abstain from adjudication.

### 3.    Mahesh had the opportunity to raise the RICO claims in the Gogri State Action

Mahesh had the opportunity to raise his federal RICO claims in the state civil action. Federal courts should not exert jurisdiction over an action if the plaintiffs "had an *opportunity* to present their federal claims in the state proceedings." *Moore v. Sims,* 442 U.S. 415, 425 (1979) (internal citation omitted) (emphasis in original). Although RICO provides for a private cause of action in federal district court, "the mere grant to a federal court does not operate to oust a state court from concurrent jurisdiction over the cause of action." *Tafflin v. Levitt*, 493 U.S. 455, 461 (1990); *see also Cianci v. Superior Court*, 40 Cal.3d 903, 908 (1985) (holding that state courts have concurrent jurisdiction over RICO claims.)

- 21 -

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

Mahesh filed a Cross-Complaint, which he since voluntarily dismissed, alleging fraud and conversion, among other claims, in relation to several Jack-in-the Box properties and community assets, both of which form the basis of the instant action. *Compare* RJN, Ex. 2 at ¶ 18, *with* RICO II Complaint at ¶¶ 39, 45. There is no particular reason he could not also have brought his RICO claims too.

This action is exactly the type of action to which *Younger* applies. This action is a derivative of a divorce proceeding and a declaratory relief action that arose from it, both in state court, in which the important state interests of the ownership and distribution of community assets are at issue. To the extent that Mahesh has any other claims arising out of the ownership and distribution of community assets, those claims may be properly brought in state court. Therefore, this Court should abstain from exercising its jurisdiction under the *Younger* doctrine.

### C.    Mahesh's RICO Claim Fails to Allege Necessary Facts

Mahesh alleges violations of RICO sections 1962(a), (b), and (c). All claims are insufficient and must be dismissed as they fail to assert necessary facts. Accordingly, setting aside the mandatory dismissal required by Rule 41, and the need for abstention under both *Colorado River* and *Younger*, Mahesh's claims fail simply as a matter for law.

### i.    Mahesh Fails to Allege a Section 1962(a) "Investment Injury"

Mahesh's claim based on violations of section 1962(a) of RICO fails because reinvestments of racketeering income are insufficient to state an injury under RICO as a matter of law. To state a RICO claim under section 1962(a), a party must "allege facts tending to show that he or she was injured by the use or investment of racketeering income." *Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 437 (9th Cir. 1992). An injury caused by racketeering activities alone is not actionable under section 1962(a). *See Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003) (dismissing section 1962(a) claim that alleged defendants had defrauded plaintiff but "failed to assert that they injured him by the use or investment of the income derived from the predicate acts of fraud"). Allegations that a plaintiff's injury was caused by reinvesting racketeering income in the enterprise, which enabled the enterprise to continue its operations, are insufficient. *Westways World Travel v. AMR Corp.,* 182 F.Supp.2d 952, 960 (C.D.

- 22 -

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

Cal. 2001) (stating that "the majority of courts hold that the mere reinvestment of racketeering proceeds into a corporation is not sufficient under Section 1962(a)"); *In re Rexplore, Inc. Securities Litig.,* 685 F.Supp. 1132, 1141 (N.D. Cal. 1988) (ruling that what the reinvestment theory "really complain[s] of is injury due to the underlying, predicate acts...[.]").

Here, Mahesh has failed to meet the "investment injury" requirement and has actually established that he has no section 1962(a) claim. Mahesh alleges that Shilpa and Karan "received over $10 million in income derived" from their pattern of racketeering activity, and they "have now reinvested these ill-gotten gains into legitimate business investments and harmed Mahesh in the process." RICO II, at ¶¶ 74 -75. These allegations fail because no "investment" injury springs from Mahesh's allegation that he suffered from Karan's alleged *reinvestment* of racketeering income back into the "enterprises." Nor does he explain *how* this alleged reinvestment injured him, even if it were legally sufficient. Mahesh's allegations are just "another way of stating that the predicate acts caused plaintiffs' injury and does not state an injury separately stemming from the reinvestment sufficient to state a claim under section 1962(a)." *In re Bank of Credit & Com. Intern.l Depositors Litig.*, No. CV 91-4483 CBM (EX), 1992 WL 696398, at *5 (C.D. Cal. 1992).

In other words, these allegations state nothing more than a mere injury from the alleged racketeering activity rather than from the subsequent use or investment of racketeering income. The Ninth Circuit requires the opposite in order to state a viable 1962(a) claim. *See Nugget Hydroelectric*, *supra*, 981 F.2d at 437 ("To allow recovery for an injury arising from a mere element of a violation, rather than an actual violation ... we would have to have before us a statute worded differently from the one Congress passed.").

Mahesh's 1962(a) claim is untenable as a matter of law in that Mahesh's own allegations establish that he did not suffer an "investment injury," but suffered an injury not recognized under Section 1962(a). This is a defect Mahesh cannot plead around. Accordingly, this claim should be dismissed without leave to amend.

### ii.    Mahesh Fails to Identify a Section 1962(b) Separate Enterprise

Mahesh's claim under section 1962(b) fails because Mahesh failed to allege a RICO enterprise separate and apart from the alleged racketeering activity in which it engaged. To

- 23 -

constitute an "enterprise", an organization must be "an entity separate and apart from the pattern of racketeering activity in which it engages." *Chang v. Chen*, 80 F.3d 1293, 1298 (9th Cir. 2003) (holding that a RICO enterprise must have an ascertainable structure separate and apart from the structure inherent in the conduct of the pattern of racketeering activity). Also, the enterprise "must exhibit some sort of structure for the making of decisions, whether it be hierarchical or consensual." *Id.* Finally, the structure "should provide some mechanism for controlling and directing the affairs of the group on an on-going, rather than on an ad hoc, basis." *Id.*; *see also Smith & Hawken, Ltd. v. Gardendance, Inc.*, No. C04-1664 SBA, 2004 WL 2496163, at \*7 (N.D. Cal. 2004) (court granted motion to dismiss holding, among other things, that counterclaimants had not established plaintiff had established a decision-making structure that exists "beyond that which is merely necessary to commit the predicate acts of racketeering"). Indeed, the "predicate acts of racketeering activity, by themselves, do not satisfy the RICO enterprise element." *Wagh v. Metris District, Inc.*, 348 F.3d 1102, 1112 (9th Cir. 2003).

Mahesh does not allege any facts to show how the purported "enterprises" are ascertainable structures separate and apart from the structure inherent in the conduct of the pattern of racketeering activity. Mahesh alleges Karan and Shilpa conspired to commit various racketeering acts to obtain control over, and remove Mahesh as a Director from, five California corporations: Gogris Corp., Indmex Corp., Gogris J424 Corp., Gogris J447 Corp., and Gogris J4366 Corp. RICO II Complaint at ¶ 66. But a conspiracy is not, in and of itself, an enterprise for purposes of RICO. *See Chang* ,80 F.3d at 1300. Merely asserting that parties committed or conspired to commit a violation of law is not sufficient. Mahesh fails to allege how the enterprises have "established a system of making decisions in furtherance of their alleged criminal activities, independent from their business practices." *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 831 (9th Cir. 2003). Nor does he allege any structure for decision-making or controlling or directing the group.

Fatal to Mahesh's allegations is the assertion that Karan and Shilpa acted as both the Directors of the alleged "enterprise," and committed the racketeering. In other words, none of the corporations could conceivably direct anyone because the corporations *are* Karan and Shilpa, according to Mahesh. Thus, there is plainly no distinct structure apart from one alleged in the

- 24 -

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

racketeering efforts.

Accordingly, Mahesh's claim under section 1962(b) fails and should be dismissed.

### iii.    Mahesh's Fails to Allege Distinctiveness Under Section 1962(c)

Mahesh's under section 1962(c) fails as to Karan because Karan cannot be the purported "enterprise" and a defendant as a matter of law. To establish liability under section 1962(c), a plaintiff "must allege . . . the existence of two *distinct* entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001) (emphasis added); *see also Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (to state a claim under section 1962(c), a plaintiff must allege an "enterprise" that is distinct and separate from the "person."). This is known as the RICO "distinctness" requirement. *Cedric Kushner Promotions*, 533 U.S. at 163.

Here, Karan cannot be liable under section 1962(c) as a matter of law because the purported "enterprise" fails the RICO distinctness requirement. The Complaint does not coherently allege an enterprise that is distinguishable from the alleged bad acts of the "person" defendants that are named in the lawsuit. Rather, the alleged RICO "enterprise" is defined as Karan, Shilpa, and Grady, the very same people constituting the RICO "persons." RICO II Complaint at ¶ 69.

Mahesh alleges that Karan, Shilpa, and Grady are the beneficiaries of the RICO enterprise:

- "By virtue of their ongoing racketeering enterprise, Shilpa and Karan obtained $8M-$9M in loan proceeds and assets owned by Mahesh." RICO II Complaint at ¶ 2;

- "Beginning in March 2019, Shilpa and Karan initiated a scheme to obtain over $ million in cash and equity…[.]" *Id.* at ¶ 25;

- "To implement their scheme, Shilpa and Karan bribed notary Rene Grady to violate her legal obligations and fraudulently notarize real estate documents…[.]" *Id.* at ¶ 26;

- "Between March 2, 20219, and October 1, 2020, Shilpa, Karan, and Grady willfully conspired to forge Mahesh's name to six deeds of trust, two grant deeds, a Power of Attorney for Real Estate Transactions…[.]" *Id.* at 39;

Mahesh also alleges that Karan, Shilpa, and Grady are the enterprise itself:

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

- 25 -

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

- "Defendants Shilpa, Karan, and Grady formed an association-in-fact racketeering enterprise consistent with the meaning of 18 US.C. § 1961(4)." *Id.* at 54.

RICO II conflates the defendant persons with the enterprise, which is defined as the defendants themselves, thus rendering the defendant persons indistinguishable from the enterprise. The RICO "person" and the alleged RICO "enterprise" cannot be one and the same. *Cedric Kushner Promotions*, *supra*, 533 U.S. at 161-62 (noting "the basic principle that to establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name"). A RICO "enterprise" is merely a vessel for the fraud, and thus cannot be the defendant in a civil RICO action. *See Cedric Kushner Promotions*, supra, 533 U.S. at 160. Contrary to *Cedric*, Mahesh's entire theory of liability is that Karan, Shilpa, and Grady are both the enterprise itself and the beneficiaries of it. Mahesh fails to plead, nor can he make out, the required distinction between the "enterprise," and Shilpa, Karan, and Renee, because in Mahesh's formulation they are in fact one and the same.

Thus, because the Complaint fails to adequately plead a distinction between the RICO "person" and RICO "enterprise," Mahesh's RICO claim for violations of sections 1962(c) fails as a matter of law, and must be dismissed.

### iv.     Mahesh Fails to Allege a RICO Conspiracy Under Section 1962(d)

Section 1962(d) makes it unlawful for "any person to conspire to violate" subsections (a), (b) or (c) of section 1962. 18 U.S.C. § 1962(d). To establish a violation of Section 1962(d), a plaintiff must allege either an agreement that constitutes a substantive violation of RICO or that the defendants agreed to commit, or participated in, two predicate offenses. *Howard v. America Online Inc.,* 208 F.3d 741, 751 (9th Cir.2000). A plaintiff "cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO." *Sanford v. MemberWare, Inc.*, 625 F.3d 550, 559 (9th Cir.2010) (citing *Howard* 208 F.3d at 751 (9th Cir. 2000)).

Here, Mahesh failed to adequately allege the requisite substantive elements of a RICO violation under subsections (a), (b), or (c) of section 1962. The failure to adequately plead a

- 26 -

substantive violation of RICO precludes a claim for conspiracy to violate RICO. *See Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000); *Katzman*, *supra*, 167 F.R.D. at 658 ("[F]ailure to adequately plead facts that would satisfy the pleading requirements of I962(a), 1962(b), or 1962(c) necessarily dooms any claim [plaintiff] might assert arising under 1962(d).") As shown above, the substantive RICO violations fail to state a claim.

As the section 1962(a), (b), and (c) claims fail to state a claim, Mahesh's section 1962(d) claim necessarily fails.

## V. CONCLUSION

Mahesh had his day in court—in state court. That he failed to pursue his claims therein do not give grounds for him to litigate, again and again, the claims he should have brought in the Gogri State Action. FRCP Rule 41 exists to prevent exactly Mahesh's brand of forum shopping and indecisiveness. And, even were it to not, the courts have long-established abstention doctrines to prevent the squandering of the court's time and resources. Those doctrines apply here. Further, absent his own failure to bring them at the proper time, Mahesh's claims are themselves not actionable as they fail at the most basic level to assert claims upon which relief can be granted. Accordingly, Defendant Karan Gogri requests the Court dismiss the instant action with prejudice.

Dated: July 19, 2024                     Respectfully submitted,

                                         HOLLAND & KNIGHT LLP

                                         By: */s/ Andrew Klair*

                                         David I. Holtzman
                                         Andrew Klair
                                         Jacob Barrera
                                         Ana Dragojevic

                                         Attorneys for Karan Gogri

- 27 -

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910