HOLLAND & KNIGHT LLP
David I. Holtzman (SBN 299287)
Andrew Klair (SBN 334960)
Ana Dragojevic (SBN 341847)
Jacob Barrera (SBN 348272)
560 Mission Street, Suite 1900
San Francisco, CA 94105
Telephone:  415.743.6900
Fax:  415.743.6910
Email: David.holtzman@hklaw.com
        Andrew.Klair@hklaw.com
        Ana.Dragojevic@hklaw.com
        Jacob.Barrera@hklaw.com

Attorneys for Karan Gogri

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHESH GOGRI,<br><br>               Plaintiff,<br><br>     vs.<br><br>KARAN GOGRI, et al.<br><br>               Defendants. | Case No.: 3:24-cv-00732-TLT<br><br>Hearing Date: October 1, 2024<br>Hearing Time: 2:00 pm<br><br>**DEFENDANT KARAN GOGRI'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF MAHESH GOGRI'S COMPLAINT** |

- 1 -

KARAN'S RJN ISO MOTION TO DISMISS                                    CASE NO.: 3:24-CV-00732-TLT

Pursuant to Federal Rule of Evidence 201, Defendant Karan Gogri ("Karan") respectfully requests that this Court take judicial notice of the following documents:

**Exhibit 1:**   Initial Complaint filed by Karan on December 2, 2022, in *Karan Gogri v. Mahesh Gogri, et al.*, Case No. 22CV023043 in the Superior Court of the State of California for the County of Alameda.

**Exhibit 2:**   Cross-Complaint filed by Plaintiff Mahesh Gogri ("Mahesh") on April 13, 2023, in *Karan Gogri v. Mahesh Gogri, et al.*, Case No. 22CV023043 in the Superior Court of the State of California for the County of Alameda.

**Exhibit 3:**   Request for Dismissal of Cross-Complaint filed by Mahesh on February 7, 2024, in *Karan Gogri v. Mahesh Gogri, et al.*, Case No. 22CV023043 in the Superior Court of the State of California for the County of Alameda.

**Exhibit 4:**   Petition for Order filed by Karan on November 27, 2023, in *In re Jayantilal K. Gogri Trust*, Case No. 23PR052533 in the Superior Court of the State of California for the County of Alameda.

**Exhibit 5:**   General Denial and Affirmative Defenses filed by Mahesh on April 13, 2023, in *Karan Gogri v. Mahesh Gogri, et al.*, Case No. 22CV023043 in the Superior Court of the State of California for the County of Alameda.

The Court "may take judicial notice of a fact that is 'not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Montijo v. Amazon.com Servs. LLC*, No. 122CV00084ADASAB, 2022 WL 16702134, at *3 (E.D. Cal. Nov. 3, 2022) (quoting Fed. R. Evid. 201(b)) (Finding that, when hearing a motion to dismiss, stay or transfer, "[j]udicial notice may be taken 'of court filings and other matters of public record.'" (quoting *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)). Federal Rule of Evidence 201(b) further authorizes the Court to take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

- 2 -

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

orders and allegations made in pleadings filed in other lawsuits in state court, are proper subjects of judicial notice. *See, e.g., Burbank-Glendale-Pasadena Airport Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of allegations made by plaintiff in an earlier-filed state court complaint); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504–05 (9th Cir. 1986) (taking judicial notice of allegations made in motion to dismiss and supporting memorandum filed in different federal court action); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record").

Here, the complaints, petition, defenses, and request for dismissal in the earlier filed Gogri state actions in the Superior Court of California for the County of Alameda, identified above, are relevant to this Court's consideration of Karan's Motion to Dismiss and meet the requirements of Federal Rule of Evidence 201(b).

Karan respectfully requests that this Court take judicial notice of the documents attached as Exhibits 1 through 5 hereto.

Dated: July 19, 2024                         Respectfully submitted,

                                             HOLLAND & KNIGHT LLP

                                             By: */s/ Andrew Klair*

                                             David I. Holtzman
                                             Andrew Klair
                                             Ana Dragojevic
                                             Jacob Barrera

                                             Attorneys for Karan Gogri

- 3 -

# Exhibit 1

HOLLAND & KNIGHT LLP
John Kern (SBN 206001)
David I. Holtzman (SBN 299287)
Andrew Klair (SBN 334960)
50 California Street, 28th Floor
San Francisco, CA  94111
Telephone:  415-743-6900
Facsimile:   415-743-6910
E-mail: john.kern@hklaw.com
         david.holtzman@hklaw.com
         andrew.klair@hklaw.com

Attorneys for Karan Gogri

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
12/02/2022 at 04:41:12 PM
By: Xian-xii Bowie,
Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| KARAN GOGRI, an individual,<br><br>               Plaintiff,<br><br>     v.<br><br>MAHESH GOGRI, an individual, SHILPA GOGRI, an individual, and DOES 1-10,<br><br>               Defendants. | Case No. 22CV023043<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>(Code Civ. Proc. § 1060) |

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Tel: 415.743.6900
Fax: 415.743.6910

1

Complaint for Declaratory Relief                    Case No. _____

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

Plaintiff Karan Gogri alleges as follows:

## INTRODUCTION

1.    This case concerns ownership in a series of corporations, and the restaurants that are those corporations' principal assets.

2.    Karan Gogri ("Karan") is the primary owner of each of the corporations at issue. He shares ownership, to a degree stated below, with his mother, Shilpa Gogri ("Shilpa").

3.    Shilpa is currently in divorce proceedings with her husband, Mahesh Gogri ("Mahesh"). In the course of their divorce proceedings, to which Karan is not a party, the issue of the division of ownership of the family's corporations arose.

4.    The Gogri family owns and operates a series of restaurants, including Jack-in-the-Box restaurants and Black Bear Diners, spread out around the State of California.

5.    Mahesh and Shilpa started many of these businesses, but over the past 10-15 years they have consciously and purposefully transferred ownership and control of the businesses to Karan. Mahesh and Shilpa executed written transfers and signed contracts to that effect in 2021.

6.    On multiple occasions over the past few months—including in the family law proceedings between Shilpa and Mahesh—Mahesh has raised questions about the validity of his and Shilpa's transfer of ownership to Karan, and he has openly questioned Karan's ownership interest in the family businesses.

7.    Plaintiff brings this action to terminate any controversy over who owns and/or controls the family businesses at issue and to define the family members' legal rights and entitlements with respect to these businesses.

## JURISDICTION AND VENUE

8.    Plaintiff Karan Gogri is an individual who resides frequently in Alameda County, California.

9.    Defendant Mahesh Gogri is an individual whose primary residence is in Alameda County, California. Mahesh is subject to personal jurisdiction in this Court because he is a resident in this County.

Complaint for Declaratory Relief                                    Case No. _____

10. Defendant Shilpa Gogri is an individual whose primary residence is in Alameda County, California. Shilpa is subject to personal jurisdiction in this Court because she is a resident in this County.

11. Venue for this action properly lies with this Court pursuant to Code Civ. Proc. § 395.

### PARTIES

12. Plaintiff Karan Gogri is the son of Mahesh and Shilpa. Karan is the primary operator of each of the restaurants (and thereby corporations) at issue.

13. Defendant Shilpa Gogri is Karan's mother, Mahesh's wife, and currently is involved in divorce proceedings with Mahesh. She also maintains operational control of several businesses, and, pursuant to Jack-in-the-Box's franchise agreement requiring any operator to maintain at least a 25% ownership stake in the franchise, therefore maintains an ownership stake in these businesses.

14. Defendant Mahesh Gogri is Karan's father, Shilpa's husband, and currently is involved in divorce proceedings with Shilpa. Mahesh was one of the founders of the at-issue corporations, but has transferred his ownership interests therein to Karan.

15. Karan Gogri does not know the true names and capacities of Defendants sued as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Karan will seek leave of court to amend this Complaint and allege their true names and capacities when he has this information.

### GENERAL ALLEGATIONS

**I.    Gogri Family Enterprises**

16. Mahesh and Shilpa, during the course of their marriage, owned and operated various restaurant franchises for Jack-in-the-Box Restaurants (hereinafter "JIB") and two Black Bear Diners (hereinafter "BBD").

17. Born into a family of restauranteurs, Karan's involvement in the family business began before high school. Balancing work and school, Karan learned to operate the numerous restaurant franchises his parents ran. From simple cook to shift supervisor to restaurant manager, Karan built years of experience in the kitchens and dining rooms of the Gogris' restaurants.

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Tel: 415.743.6900
Fax: 415.743.6910

3

18.    Karan's ascent was not accidental nor unexpected.  Indeed, on information and belief, Mahesh and Shilpa always intended to pass their restaurants to their son.  They did this first by transferring operational control, beginning in 2014, where Karan proved his ability to expertly manage and also grow his family's businesses.

19.    Karan took on a significant management role while still in college.  After college, he continued his work in the existing restaurants and took his involvement a step further—joining his parents in opening and operating several additional franchises.

20.    Furthering his studies in preparation for running the family's businesses, Karan pursued and received degrees in English and Philosophy and a subsequent juris doctor.  He focused his efforts on market research and customer analytics at all of his family's restaurant locations.

21.    At all relevant times, Mahesh stated an intention to transfer ownership to Karan.  For example, Mahesh frequently extolled the brilliance of his son, often remarking that "Karan is going to take over someday" when asked about his businesses.

22.    Indeed, Mahesh and Shilpa even brought Karan to various Jack-in-the-Box franchisee conventions throughout Karan's life.  Mahesh and Shilpa took special interest in ensuring that Karan was prepared and vetted for running the Gogri JIB locations and made sure that Karan attended every JIB quarterly meeting since he turned 13.

23.    Further building on the success Karan found in managing his family's restaurants, and evidencing his own abilities, in 2019 Karan opened a third BBD in El Cajon.  Karan's parents have no involvement with, nor ownership interest in, that restaurant's operations.

24.    Throughout his adult life, Karan has, and continues to operate his family's various business ventures.  Under his skilled leadership, the businesses flourish.  These include the JIB and BBD restaurants in and around the San Francisco Bay Area.

25.    The Gogri family structures their businesses such that restaurants are largely held in separate corporations, a full list of which is outlined below.

26.    After years of success and, on information and belief, in recognition of Karan's skillful leadership and management of the family's JIB and BBD locations, Defendants transferred ownership in whole or in part of the majority of their corporations to Karan.

4

Complaint for Declaratory Relief                    Case No. _____

27. Defendants Shilpa and Mahesh are currently in the process of terminating their marriage.[1] Upon information and belief, based on statements made by Mahesh or his counsel in the divorce proceedings, Mahesh intends to claim ownership, in whole or in part, of the family's corporations controlling JIB and BBD locations that are in fact owned in whole or in majority by Karan.

**II. Beginning of 2021 Ownership Gogri Family JIB Corporations**

28. Upon information and belief, in 2021, Shilpa and Mahesh owned ten JIB restaurants split between five California corporations: Gogris Corporation, Indmex Corporation, Gogris J424, Inc., Gogris J447, Inc., and Gogris J4366, Inc. (collectively, the "JIB Corporations").

29. In 2021, Gogris Corporation owned five JIB restaurants:

   a. Jack-in-the Box Store 409

   b. Jack-in-the Box Store 429

   c. Jack-in-the Box Store 462

   d. Jack-in-the Box Store 531

   e. Jack-in-the Box Store 551

30. Indmex Corporation owned and operated two JIB restaurants:

   a. Jack-in-the Box Store 4317

   b. Jack-in-the Box Store 4327

31. Gogris J424, Inc. owned one JIB Restaurant:

   a. Jack-in-the Box Store 424

32. Gogris J447, Inc. owned one JIB Restaurant:

   a. Jack-in-the Box Store 447

33. Gogris J4366, Inc. owned one JIB Restaurant:

   a. Jack-in-the Box Store 4366

34. All of the JIB Corporations, in 2021, were owned jointly by Shilpa and Mahesh with each controlling 50% of the common stock of the companies.

_____

[1] *See In the Marriage of: Mahesh Gogri and Shilpa Gogri*, Case No. HF21118124, Superior Court for the County of Alameda.

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

5

Complaint for Declaratory Relief                    Case No. _____

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

35. No other stock was issued in these corporations and no other individuals owned any shares of the corporations.

III. **Beginning of 2021 Ownership of Gogri Family BBD Corporations**

36. In 2021, on information and belief, Defendant Mahesh owned, in part, two BBD restaurants in two California corporations: Goldenorth Restaurants, Inc. and Resteraunt 101, Inc. (collectively, the "BBD Corporations").

37. These restaurants are respectively located in Danville, California (Goldenorth Restaurants, Inc.) and San Rafael, California (Resteraunt 101, Inc.).

38. Separately, Karan jointly owns, along with non-party Sanjiv Patel, a third BBD location in El Cajon. This location is owned by National Resteraunts Inc.

39. Neither Shilpa nor Mahesh have ever owned any interest or shares in National Resteraunts Inc.

40. Upon information and belief, in 2021, Goldenorth Restaurants, Inc. was owned 51% by Defendant Mahesh and 49% by non-party Jaipal Trivedi.

IV. **2021 Transfer of Ownership**

41. In early 2021, on or about March 31, Defendants Mahesh and Shilpa, fulfilling their long-time promise to Karan, transferred ownership of the JIB locations and their associated controlling corporations in whole or in part to Karan.

42. Specifically, the Defendants agreed to fully divest Mahesh from ownership of any of the family's JIB locations and to give Karan full or majority operational control, shared in part with Shilpa, of all JIB locations.

43. Defendant Shilpa agreed to retain a 25% ownership stake of seven of the locations. Mahesh agreed to retain no ownership.

44. On or about June 21, 2021, Defendants Shilpa and Mahesh executed an "Agreement and Consent" (the "Agreement") transferring all or part of their ownership in all ten JIB restaurants to Karan.

45. Defendant Mahesh signed the Agreement as the "Departing Owner."

46. Karan and Defendant Shilpa signed as "Remainder Owners."

6

Complaint for Declaratory Relief                    Case No. _____

47.    Various JIB parent entities signed the Agreement consenting to the transfer of the JIB franchises to Karan and the divestment of Mahesh from any control of the JIB locations.

48.    In the Agreement, Mahesh agreed and promised to execute franchise transfer agreements as necessary to divest himself of any interest and to give that interest to Karan.

49.    Shilpa agreed, per the Agreement, to do the same for all or part of her interests in the JIB locations.

50.    In the Agreement, and upon information and belief, Shilpa, Mahesh, and Karan also agreed to transfer the two individually held JIB locations, stores 424 and 4366, to Karan.

51.    Also in the Agreement, upon information and belief, Shilpa, Mahesh, and Karan agreed to transfer JIB store 447 to Karan and Shilpa.

52.    Pursuant to the Agreement, and upon information and belief, the now existing ownership of the Gogri Family JIB enterprises is as follows:

   a.    Gogris Corporation, consisting of JIB stores 409, 429, 462, 531, and 551, with 75% of shares owned by Karan and 25% owned by Shilpa;

   b.    Gogris J447, Inc., consisting of JIB store 447, with 75% of shares owned by Karan and 25% owned by Shilpa;

   c.    Gogris J424, Inc., consisting of JIB store 424, is wholly owned by Karan;

   d.    Gogris J4366, Inc., consisting of JIB store 4366, is wholly owned by Karan;

   e.    Indmex Corporation, consisting of JIB stores 4317 and 4327, is wholly owned by Karan.

53.    Based on the contracts executed by all parties, Defendant Mahesh no longer owns, controls, or has any interest in any JIB locations or corporations owning any interest thereof.

54.    On information and belief, at or around the same time as Defendants transferred their interest in the JIB Corporations to Karan, Defendant Mahesh transferred his interest in Goldenorth Restaurants, Inc. to Karan.

55.    On information and belief, as of the filing of this Complaint, Defendant Mahesh has no ownership interest in any of the BBD or JIB Corporations.

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

7

Complaint for Declaratory Relief                    Case No. _____

56. Furthermore, as of the filing of this Complaint, on information and belief, Defendant Shilpa has only a 25% ownership interest in each of Gogris Corporation and Gogris J447, Inc., and has no ownership interests in Indmex Corporation, Gogris J424, Inc., Gogris J4366, Inc., or the BBD Corporations.

57. Subsequent to the transfer of the BBD and JIB Corporations, Defendant Mahesh's conduct and statements in public are wholly consistent with complete transfer of his ownership interests to Karan.

58. Specifically, Mahesh has:

   a. Advised various associates, friends, and extended family members of the new ownership of the JIB Corporations;

   b. Detailed the ownership changes to employees at all ten JIB locations and both BBD locations;

   c. Relinquished all operational control over all ten JIB locations and both BBD locations; and

   d. Frequently advised guests and acquaintances that "Karan is running the business now" and to "talk to Karan" if any questions arose regarding the businesses.

59. Notwithstanding the above, based on statements made in the course of the divorce proceedings and upon information and belief, Karan understands and believes that Mahesh and Shilpa intend to put at issue ownership of the above-listed corporations.

60. Accordingly, Karan pleads the following:

### FIRST CAUSE OF ACTION
### DECLARATORY RELIEF
### (Against All Defendants)

61. Karan Gogri realleges and incorporates by reference every allegation contained in the preceding paragraphs of this Complaint, as though set forth herein.

62. On information and belief, based on Defendants' statements relating to their pending divorce proceedings, an actual controversy has arisen and now exists between Karan, Mahesh, and Shilpa with respect to each's respective ownership of the JIB and BBD Corporations.

8

Complaint for Declaratory Relief                    Case No. _____

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

63.     Karan asserts that he is the sole owner of each of Indmex Corporation, Gogris J424, Inc., and Gogris J4366, Inc.  Karan is informed and believes, and therefore alleges, that Defendants dispute the foregoing.

64.     Karan asserts that he owns 75% of Gogris Corporation.  Karan is informed and believes, and therefore alleges, that Defendants dispute the foregoing.

65.     Karan asserts that he owns 75% of Gogris J447, Inc.  Karan is informed and believes, and therefore alleges, that Defendants dispute the foregoing.

66.     Karan asserts, on information and belief, that he owns the 50% share of Goldenorth Restaurants, Inc. formerly held by Defendant Mahesh Gogri.  Karan is informed and believes, and therefore alleges, that Defendants dispute the foregoing.

67.     A declaration of the parties' respective rights and obligations is necessary as Karan, absent such relief, is informed and believes, and therefore alleges, that Defendants will attempt to adjudicate ownership of the Corporations in their divorce proceeding without presenting Karan an opportunity to contest the adjudication.  Karan is not a party to the divorce proceedings.

68.     As a result of the foregoing, Karan seeks a declaration from this Court that:

    a.  Karan is the sole owner of: Indmex Corporation, Gogris J424, Inc., and Gogris J4366 Inc.;

    b.  Karan owns or otherwise controls 75% of the shares of Gogris Corporation;

    c.  Karan owns or otherwise controls 75% of the shares of Gogris J447, Inc.; and that

    d.  Karan owns 50% of the shares in Goldenorth Restaurants, Inc. formerly held by Defendant Mahesh Gogri;

**PRAYER FOR RELIEF**

Karan Gogri prays for judgment as follows:

1.     Declaratory relief that Karan is the sole owner of: Indmex Corporation, Gogris J424, Inc., and Gogris J4366 Inc.;

2.     Declaratory relief that Karan owns or otherwise controls 75% of the shares of Gogris Corporation;

9

Complaint for Declaratory Relief                                    Case No. _____

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Tel: 415.743.6900
Fax: 415.743.6910

3.    Declaratory relief that Karan owns or otherwise controls 75% of the shares of Gogris J447, Inc.;

4.    Declaratory relief that Karan owns 50% of the shares in Goldenorth Restaurants, Inc.; and

5.    Any further relief the Court deems appropriate.

Dated: December 2, 2022                                    HOLLAND & KNIGHT LLP

By: _____

John Kern
David I. Holtzman
Andrew Klair

Attorneys for Karan Gogri

---

10

Complaint for Declaratory Relief                              Case No. _____

# Exhibit 2

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
04/13/2023 at 04:43:31 PM
By: Lynn Wiley,
Deputy Clerk

Thornton Davidson, Esq., SBN 166487
THORNTON DAVIDSON, P.C.
1195 West Shaw Ave, Suite A
Fresno, California 93711
Tel: (559) 476-5064
Fax: (559) 421-0368
E-mail: thornton@thorntondavidsonlaw.com

Attorneys for Cross-Defendant and Cross-Complainant MAHESH GOGRI

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

* * * * *

| | |
|---|---|
| KARAN GOGRI,<br><br>                    Plaintiff,<br><br>vs.<br><br>MAHESH GOGRI, an individual; SHILPA GOGRI, an individual; and DOES 1-10, inclusive.<br><br>                    Defendants. | Case No.: 22CV023043<br><br>**MAHESH GOGRI'S CROSS-COMPLAINT FOR BREACH OF FIDUCIARY DUTY; FRAUD; CONVERSION; FOR AN ACCOUNTING; DECLARATORY RELIEF;**<br><br>**DEMAND FOR JURY TRIAL** |
| MAHESH GOGRI,<br><br>                    Cross-Complainant,<br>vs.<br><br>KARAN GOGRI, an individual; SHILPA GOGRI, an individual; and ROES 1-10, inclusive.<br><br>                    Cross-Defendants. | |

Defendant and Cross-Complainant MAHESH GOGRI ("Mahesh" or "Cross-Complainant") submits this Cross-Complaint against Cross-Defendant KARAN GOGRI ("Karan") and Cross-Defendant SHILPA GOGRI ("Shilpa") as follows:

CROSS-COMPLAINT

1

## I.     PARTIES AND JURISDICTION

1.     Defendant and Cross-Complainant Mahesh Gogri ("Mahesh") is an adult male residing in Fremont, California.

2.     Defendant and Cross-Defendant Shilpa Gogri ("Shilpa") is an adult female residing in Fremont, California.

3.     Plaintiff and Cross-Defendant, Karan Gogri ("Karan"), is an adult male residing in Fremont, California, and the son of Mahesh and Shilpa.  (Shilpa and Karan are collectively referred to as "Cross-Defendants.")

4.     At all times relevant to the claims in this Cross-Complaint, Cross-Defendants' employees or agents acted with the authority of their employers and/or principals.

5.     Cross-Complainant alleges that each Cross-Defendant was acting as an agent or representative of every other Cross-Defendant in doing all the acts described in this Cross-Complaint and at all times was acting within the course and scope of such agency or representative capacity in doing the acts described herein.

6.     The true names and capacities of Cross-Defendants named as ROES 1-10, inclusive, whether individual, corporate, associate, or otherwise, are presently unknown to Cross-Complainant, who sues such Cross-Defendants by fictitious names, and will seek leave of court to further amend this Cross-Complaint to set forth the true names and capacities of such ROE Cross-Defendants when established.  Cross-Complainant alleges upon information and belief that each ROE Cross-Defendant is obligated to Cross-Complainant in some manner and/or capacity for the claims and obligations set forth in this complaint.  Unless otherwise specified, a reference to "each Cross-Defendant" or "Cross-Defendants" shall be deemed to include each and every Cross-Defendant named in this complaint including all DOE Cross-Defendants.

7.     Cross-Complainant is informed and believes, and alleges upon such information and belief, that at all times, each of the ROE Cross-Defendants was the agent, servant and/or employee of each of the other Cross-Defendants, and at all times was acting in the course and scope of that relationship, and that each of the ROE Cross-Defendants is in some manner legally responsible for the damages caused to Cross-Complainant as alleged within this Cross-Complaint.

CROSS-COMPLAINT

2

8.      Any allegation about acts of any corporate or other legal entity Cross-Defendant means that such Cross-Defendant did the acts alleged through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

9.      At all relevant times, each Cross-Defendant named herein committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this Cross-Complaint.

10.      At all relevant times, each Cross-Defendant knew or realized that the other Cross-Defendants were engaging in or planned to engage in the violations of the law alleged in this Cross-Complaint. Knowing or realizing that Cross-Defendants were engaging in or planning to engage in unlawful acts, each Cross-Defendant nevertheless facilitated the commission of these unlawful acts. Each Cross-Defendant intended to and did encourage, facilitate, and/or assist in the commission of the unlawful acts, and thereby aided and abetted the other Cross-Defendants in these unlawful acts. Each Cross-Defendant encouraged, authorized, approved, accepted and/or ratified the statements, concealments and acts of each of the other Cross-Defendants, and accepted and profited from the benefits of such statements, concealments, and acts.

11.      At all relevant times, Cross-Defendants have engaged in a conspiracy, common enterprise, and common course of conduct, the purpose of which was to engage in the violations of the law alleged in this Cross-Complaint. The conspiracy, common enterprise and common course of conduct continues to the present.

12 .      Venue in Alameda County is appropriate pursuant to Code of Civil Procedure §395.

## II.    GENERAL ALLEGATIONS

13.      Mahesh and Shilpa were married on August 25, 1985.

14.      During the term of their marriage Mahesh and Shilpa purchased and operated restaurant franchises: ten Jack-in-the-Boxes, two Black Bear Diners, and two Little Caesars.  They also owned numerous parcels of real property, both residential and commercial.

15.      Mahesh and Shilpa separated on December 6, 2021.

CROSS-COMPLAINT

3

16.     On December 13, 2021, Mahesh filed for divorce in Alameda County Superior Court case number HF21118124, alleging among other things that Shilpa had breached her fiduciary duty to the community.  Shilpa was served with the Petition for Dissolution of Marriage and Summons (Family Law) on December 15, 2021, which under Family Code §2040 imposed on her an automatic restraining order prohibiting her from "transferring, encumbering, hypothecating, concealing or in any way disposing of any property, real or personal, whether community, quasi-community, or separate, without the written consent of the other party or an order of the court, except in the usual course of business or for the necessaries of life." .

17.     On December 20, 2022, Mahesh's then-attorney, Hoover Krepelka, served Shilpa, through her counsel, Arlene Kock, with a Notice of Fiduciary Duty, advising her of her duties under certain enumerated Family Code and Corporations Code sections.

18.     Shilpa, along with Karan, effectuated the transfer of Mahesh's ownership interest in several of the parties' community property entities prior to separation and while the dissolution was pending. These include but are not limited to the following transfers:

    a.  On or around March 31, 2021, Shilpa, along with Karan, effectuated the transfer of Mahesh's ownership interest in several of the parties' community property business entities which owned and/or operated  the Jack-in-the-Box restaurants ("JITB") to Karan (including the following restaurant Location Nos.: 409, 429, 462, 531, 551, 447, 424, 4366, 4317, and 4327).  .  The transfer was accomplished without Mahesh's knowledge or consent.

    b.  In April and May 2021, prior to Mahesh's divorce petition, Shilpa borrowed $250,000 against a community asset, 2304 A Street, Eureka, California 95501, and $600,000 against another community assets, 6920 Riverland Drive, Redding, California 96002, using forged promissory notes, deeds of trust, and various amendments to these transactions, all without Mahesh's knowledge or consent. Mahesh is not aware of how the proceeds from those loans were used by Shilpa.

c. On or around June 21, 2021, Shilpa, along with Karan, effectuated, all without Mahesh's knowledge or consent:

    i. The gifting of all of Mahesh's shares in the community property Gogris Corporation and the community property Indmex Corporation to Karan;

    ii. The gifting of a portion of Shilpa's community shares in the Gogris Corporation and Indmex Corporation to Karan;

    iii. Transfer of the JIB Location No. 424 from Gogris Corporation to Gogris J424 Corporation, the JIB Location No. 447 from Gogris Corporation to Gogris J447 Corporation, and JIB Location No. 4366 from Gogris Corporation to Gogris J4366 Corporation;

    iv. Approval of Karan as the new operator of the JIB Location Nos. 424, 4366, and all Indmex restaurants.  This was accomplished by way of an "Ownership Change Agreement" dated June 21, 2021,without Mahesh's knowledge or consent.

d. Mahesh and Shilpa formed PG14, LLC during their marriage in 2015 and it was originally held by Mahesh and third-party Sanjiv Patel as the only members. PG14, LLC holds the community real property located at 1025 Fletcher Parkway, El Cajon, CA 92020 ("Fletcher Property"). On or around December 29, 2022, approximately one year after the commencement of this dissolution proceeding, Karan unilaterally filed a Statement of Information with the California Secretary of State reflecting his unilateral designation of himself as the Chief Executive Office of PG14, LLC, removing the third-party member Sanjiv Patel as a member and registered agent, showing himself and Mahesh as the only members of the LLC, and listed himself as the registered agent.. This was done without Mahesh's knowledge or consent, nor any required documents. There was no written buy-sell agreement of interests, no amendments to operating agreements or articles of organization, nor any other documents executed by the members to provide a legal basis for the changes in

the Statement of Information. On that same day, December 29, 2022, Karan filed a second Statement of Information with the California Secretary of State removing Mahesh as a member of the LLC and leaving himself as the sole member. This again was done without Mahesh's knowledge or consent.

    i.  On January 5, 2023, Karan filed an Amendment to the Articles of Organization of PG14, LLC, marking the entity as "Manager-managed" and naming himself as the sole Manager. This again was done without Mahesh's knowledge or consent.

    ii.  On January 5, 2023, PG14, LLC recorded the encumbrance of the Fletcher Property with a loan in the amount of $2,420,000.00, for which the Deed of Trust was executed by Karan as the Managing Member of PG14, LLC. While some of the funds were used to refinance existing debt, some was used for the benefit of Karan. This action by Karan was made without Mahesh's consent.

19.    Mahesh is informed and believes that Shilpa and Karan further devised a scheme in which Shilpa would gift half of her community interest in the corporations owning the JIBs to Karan, giving him 75% or majority control over all the businesses, allowing him to take control of the business operations and real property.

III.    <u>SEPARATE CIVIL ACTION</u>

20.    On December 2, 2022, Karan filed the present action against Mahesh and Shilpa (the "Civil Action"), alleging that they had approved all of the foregoing transfers of ownership and control. Since, he "intend[ed] to put at issue ownership of the [community's] corporations," Karan demanded declaratory relief affirming that he was the rightful owner of 75% of the shares in the entities owning the Jack-in-the-Boxes and 50% of Goldenorth Restaurants, Inc., owner of the two Black Bear Diners.

21.    Karan's Civil Action directly references the divorce proceedings (¶27 and fn. 1) but nowhere does it acknowledge that the Family Law Court of the Alameda County Superior Court has exclusive jurisdiction over all of the community's assets until it has ruled on the division of

CROSS-COMPLAINT

6

property. The civil court is not empowered to make any orders regarding community property assets.

22. The Civil Action was purportedly served on both Mahesh and Shilpa at 404 Miwok Court, Fremont, California, 94539 on December 6, 2022, at 7:53 p.m. The filed proof of service has another forged signature of Mahesh; he was hundreds of miles away from Fremont in Fortuna and Eureka on December 6, 2022.

23. It is notable that Karan was not represented in the Civil Action by Nicholas Kozachenko, the attorney who has represented him during the course of the divorce proceedings. Instead, he utilized the law firm of Holland & Knight LLP. Nor was Shilpa represented by her attorney in the Family Law Matter, Arlene Kock, but instead represented herself *in propria persona*.

24. On March 16, 2022, Karan's attorneys filed a Notice of Settlement indicating that Karan and Shilpa had reached a confidential settlement. Shilpa was then dismissed from the lawsuit with prejudice.

25. At no time did Shilpa advise the Family Law Court nor Mahesh's counsel of the existence of Karan's Civil Action, that Karan was seeking orders concerning community assets over which the Family Law Court has exclusive jurisdiction, and/or that Shilpa had consented to transferring community assets to Karan against the prohibition imposed by the Family Code.

26. The concealment of Karan's Civil Action was another aspect of Karan's and Shilpa's conspiracy to deprive and divest Mahesh of his share of the community assets and leave him penniless and unable to defend himself.

IV.   CONSOLIDATION

27. Concurrent with the filing of the instant Cross-Complaint, Cross-Complainant will move this Court to consolidate this Civil Action with In re: Marriage of Gogri, No. HF21118124, pursuant to Code of Civil Procedure §1048. Given the exclusive jurisdiction exercised by the Family Law Court over Mahesh's and Shilpa's community assets as well as the collusion and conspiracy by Shilpa and Karan to interfere with that jurisdiction, this Civil Action should be consolidated into the lowest numbered case, being the Family Law Matter. (See CRC 3.350(a).)

CROSS-COMPLAINT

7

## V.    CAUSES OF ACTION

### First Cause of Action

### Breach of Fiduciary Duty

(Against Cross-Defendant Shilpa Gogri)

28.    Cross-Complainant incorporates by reference all preceding paragraphs of this Cross-Complaint as though fully set forth herein.

29.    Shilpa owed Mahesh a fiduciary duty under the Family Code, including but not limited to §§ 721, 1100, and 1101.  That duty imposed on her: "a duty of the highest good faith and fair dealing" and that "neither shall take any unfair advantage of the other" (§721(b)) and responsibility to manage and control community assets and liabilities "in accordance with the general rules governing fiduciary relationships" (§1100(e), in addition to the prohibitions against "transferring, encumbering, hypothecating, concealing or in any way disposing of any property, real or personal property" mandated by §2040.

30.    Shilpa owed additional fiduciary duties to Mahesh as his business partner pursuant to Cal. Corp. Code § 16404, which dictates that a fiduciary relationship exists among partners in a business partnership. Cal. Corp. Code § 16202(a) defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit."

31.    Based on the foregoing conduct, including but not limited to Shilpa's conspiracy with Karan to deprive Mahesh of his right to the use and enjoyment of community assets, including the restaurant operations, profits, and other benefits, Shilpa breached her fiduciary duties to Mahesh as his wife and business partner.

32.    Family Code §1101 provides that a spouse may claim a breach of fiduciary duty when their spouse has engaged in "a single transaction or a pattern or series of transactions, which…have caused or will cause a detrimental impact to the claimant spouse's undivided one-half interest in the community estate."  (subd. (a).)  In response to such a breach a court may order an accounting of the community estate's real and personal properties to "determine the rights of ownership…or access to community property, and the classification of all property of the parties to a marriage."  (subd. (b).)

33. In the event the court determines there has been a breach of fiduciary duty by one spouse against another, it may award the claimant spouse 50% of any transferred assets plus attorney's fees and costs. (subd. g.) If the fiduciary breach rises to the level of being oppressive, fraudulent or malicious under Civil Code §3294, then the court is empowered to award the claimant spouse up to 100% of the asset. (subd. h.)

34. Based on the fraudulent conduct alleged herein, Cross-Complainant was damaged in an amount exceeding the minimum jurisdictional limit of this Court, including attorney's fees and costs. Additionally, Cross-Complainant is entitled to no less than 50% of the unlawfully transferred asset and to a maximum of 100% thereof, including an award of punitive damages against Shilpa on the grounds that she knowingly participated in a fiduciary breach and a conspiracy with Karan with the intention to damage Mahesh, and thereby did cause damage to Mahesh.

Second Cause of Action

Fraud

(Against Cross-Defendant Shilpa Gogri)

35. Cross-Complainant incorporates by reference all preceding paragraphs of this Cross-Complaint as though fully set forth herein.

36. Based on the foregoing conduct, Shilpa defrauded Mahesh by conspiring with Karan in his transfer of assets from Mahesh without his approval or consent. She did so by forging Mahesh's signature or permitting Karan to forge Mahesh's signature on various documents, including but not limited to the alleged gift letter, certain board minutes, and various promissory notes and deeds of trust. A forgery is, by definition, executed with the intent to defraud.

37. These were actions which Shilpa concealed from Mahesh which she was obligated to disclose. Additionally, she represented to the court and others that Mahesh had executed certain documents which divested him of his interests in substantially all of his interest in the community's assets when she knew her representations were false.

CROSS-COMPLAINT

9

38.    Shilpa also surreptitiously participated with Karan in the Civil Action to interfere and obstruct the jurisdiction of the Family Law Court in determining the rights and obligations of the parties relative to community property assets.  She did so by falsely claiming that the person served with the lawsuit on December 6, 2022, was Mahesh when such was not the case.

39.    Based on the fraudulent conduct alleged herein, Cross-Complainant was damaged in an amount exceeding the minimum jurisdictional limit of this Court, including attorney's fees and costs.  Additionally, Cross-Complainant is entitled to an award of punitive damages against Shilpa on the grounds that she knowingly participated in a conspiracy with Karan, intending to damage, and that did damage, Mahesh.

Third Cause of Action

Fraud

(Against Cross-Defendant Karan Gogri)

40.    Cross-Complainant incorporates by reference all preceding paragraphs of this Cross-Complaint as though fully set forth herein.

41.    Based on the foregoing conduct, Karan defrauded Mahesh by transferring to himself his father's interest in community assets.  He made these transfers by knowingly forging the signature of Mahesh on the gift letter or conspiring with his mother to obtain a gift letter with the forged signature of Mahesh.  The fraudulent gift letter transferred to Karan interests in five different corporations which owned and operated the community's ten Jack-in-the-Boxes, as well as his father's interest in Goldenorth Restaurants, which was also a community asset.  He did so for the sole purpose of enriching himself to the detriment of Mahesh.

42.    Karan also acted in concert with Shilpa in borrowing monies secured by community assets, diminishing their value and depriving Mahesh of equity in those assets to which he is entitled.

43.    Karan has also repeatedly misrepresented his right to various businesses, as well as personal and real properties which are solely owned by Mahesh and Shilpa.  He has done so with Shilpa's consent and cooperation in defrauding Mahesh.

CROSS-COMPLAINT

10

44.     Based on the fraudulent conduct alleged herein, Cross-Complainant was damaged in an amount exceeding the minimum jurisdictional limit of this Court, including attorney's fees and costs.  Additionally, Cross-Complainant is entitled to an award of punitive damages against Karan on the grounds that he knowingly participated in a conspiracy with Shilpa, intending to damage, and that did damage, Mahesh, and by forging documents to rob from his father the assets for which Mahesh had worked all his life.

Fourth Cause of Action

Conversion

(Against Cross-Defendant Karan Gogri)

45.     Cross-Complainant incorporates by reference all preceding paragraphs of this Cross-Complaint as though fully set forth herein.

46.     Mahesh had undivided possessory interests in the community estate's ten Jack-in-the-Boxes, two Black Bear Diners, and certain parcels of real property.

47.     Without his father's consent, Karan took possession of Mahesh's interests for the purpose of using, enjoying, and exercising dominion and control over assets to which he was not entitled.

48.     Based on Karan's conduct alleged herein, Cross-Complainant was damaged in an amount exceeding $10,000,000.00.  Additionally, Cross-Complainant is entitled to an award of punitive damages against Karan on the grounds that he forged his father's signature and knowingly deprived him of assets during the divorce proceedings when he was particularly vulnerable.

Fifth Cause of Action

Request for an Accounting

(Against Cross-Defendants Shilpa and Karan Gogri)

49.     Cross-Complainant incorporates by reference all preceding paragraphs of this Cross-Complaint as though fully set forth herein.

50.     Based on the conduct alleged herein, Mahesh has been deprived of income, assets, and equity in an amount which he is unable to calculate owing to the conspiratorial and fraudulent

CROSS-COMPLAINT

11

behavior of Karan and Shilpa. Without an accounting of the monies converted, the loans unlawfully obtained, the personal and real property that has been encumbered, transferred or sold, Mahesh is unable to determine the full extent of the damage caused by the Cross-Defendants' conduct.

51.     Under Family Code §1101 (b), the Court is empowered to "order an accounting of the property and obligations of the parties to a marriage and may determine the rights of ownership in, the beneficial enjoyment of, or access to, community property, and the classification of all property of the parties to a marriage."

52.     Mahesh has requested such an accounting which has been refused because Karan claims ownership of Mahesh's prior interest and therefore does not believe he is responsible for accounting for profits and assets to which his father is not entitled.

53.     Accordingly, Cross-Complainant requests that this Court grant him an accounting of all those assets which are lawfully part of the community estate, including a full reconciliation of the profits and losses, monies withdrawn, and assets encumbered, transferred or sold, by Karan and Shilpa.

Sixth Cause of Action

Request for Declaratory Relief

(Against Cross-Defendants Shilpa and Karan Gogri)

54.     Cross-Complainant incorporates by reference all preceding paragraphs of this Cross-Complaint as though fully set forth herein.

55.     A dispute has arisen between Cross-Complainant and Cross-Defendants regarding the ownership of certain corporations, entities, and personal and real property in which the former has an interest through the community estate.

56.     Karan and Shilpa claim that Mahesh knowingly gifted away substantially all of his assets to Karan without receiving any consideration. Mahesh maintains that he did not make such gifts, that his signatures were forged, and that Cross-Defendants continue to exert 100% control over assets in which he rightfully has a one-half interest.

CROSS-COMPLAINT

12

57.    Accordingly, Mahesh requests that this court declare him to be the owner of those assets, including businesses, personal, and real property, which was unlawfully taken from him. Additionally, Mahesh seeks a determination by the court of monies which were withdrawn using community assets as collateral without his consent, and that such monies be reinstated or credited to him through the division of community assets.

58.    Cross-Complainant seeks a grant of declaratory relief and prays for the relief requested herein.

### PRAYER FOR RELIEF

WHEREFORE, Cross-Complainant prays that the Court grant the following relief:

A.    For judgment in favor of Cross-Complainant and against Cross-Defendants on all claims as stated;

B.    For punitive damages to punish Cross-Defendants for conduct as alleged herein;

C.    For an Order granting Declaratory Relief; and

D.    For all other relief at law or in equity that Cross-Complainant is entitled to that this Court deems just and proper.

DATED: _Apr 13, 2023_____    THORNTON DAVIDSON, P.C.

_Thornton Davidson_
_____
By: Thornton Davidson
Attorney for Cross-Complainant
MAHESH GOGRI

CROSS-COMPLAINT

13

# Exhibit 3

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 166487 | FOR COURT USE ONLY |
|---|---|---|

NAME: Thornton Davidson
FIRM NAME: Thornton Davidson, PC
STREET ADDRESS: 1195 W. Shaw Ave, Ste A
CITY: Fresno    STATE: CA    ZIP CODE: 93711
TELEPHONE NO.: 559-476-5064    FAX NO. :
E-MAIL ADDRESS: thornton@thorntondavidsonlaw.com
ATTORNEY FOR (Name): MAHESH GOGRI

**FILED**
Superior Court of California
County of Alameda
**02/07/2024**
Chad Finke, Executive Officer / Clerk of the Court
By: _____ Deputy
T. Hayes

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
 STREET ADDRESS: 24405 Amador Street
 MAILING ADDRESS:
CITY AND ZIP CODE: Hayward 94544
 BRANCH NAME: Hayward Hall of Justice

Plaintiff/Petitioner: KARAN GOGRI

Defendant/Respondent: MAHESH GOGRI, et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: 22CV023043 |
|---|---|

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice   (2) ☒ Without prejudice
   b. (1) ☐ Complaint   (2) ☐ Petition
      (3) ☒ Cross-complaint filed by (name): MAHEST GOGRI   on (date): April 13, 2023
      (4) ☐ Cross-complaint filed by (name):   on (date):
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☒ Other (specify):* Each party to pay their own costs and fees

2. (Complete in all cases except family law cases.)
   The court ☐ did  ☒ did not  waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed.)

Date: February 7, 2024
Thornton Davidson
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)                    (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☒ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)                    (SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross Complainant

(To be completed by clerk)
4. ☐ Dismissal entered as requested on (date):
5. ☑ Dismissal entered on (date): 02/15/2024    as to only (name): ÝËÔ[ { ] Áä^ åÁ€l ÐÞÐÐ€ÇÐÁ^ Tæ@•@ÁÕ[ * ã
6. ☐ Dismissal **not entered** as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed   ☐ means to return conformed copy

Date: 02/15/2024    Clerk, by _____, Deputy    Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

T. Hayes, Deputy Clerk

Code of Civil Procedure, § 581 et seq.; Gov. Code,
§ 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

Electronically Received 02/07/2024 01:33 PM

CIV-110

| Plaintiff/Petitioner: KARAN GOGRI<br>Defendant/Respondent: MAHESH GOGRI, et al. | CASE NUMBER:<br>22CV023043 |
|---|---|

## COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

### Declaration Concerning Waived Court Fees

1.  The court waived court fees and costs in this action for *(name):*

2.  The person named in item 1 is *(check one below):*
    a. ☐ not recovering anything of value by this action.
    b. ☐ recovering less than $10,000 in value by this action.
    c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*
3.  ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*     Yes     No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶

_____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

---

CIV-110 [Rev. January 1, 2013]                    **REQUEST FOR DISMISSAL**                    Page 2 of 2

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
COUNTY OF FRESNO       )         ss.

I certify and declare as follows:

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years and not a party to the within above entitled action; my business address is 1195 W. Shaw Ave., Ste. A, Fresno, California 93711, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United Stated Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On February 7, 2024, at my place of business in Fresno, California, I served the within:

- **REQUEST FOR DISMISSAL**

as follows:

| | |
|---|---|
| John Kern<br>David I Holtzman<br>Andrew Klair<br>HOLLAND & KNIGHT LLP<br>560 Mission Street, Ste 1900<br>San Francisco, CA 94105<br>John.kern@hklaw.com<br>David.holtzman@hklaw.com<br>Andrew.klair@hklaw.com<br>FAX: (415) 743-6910 | Attorney for Plaintiff Karan Gogri – Civil Case 22CV023043 |
| Randall Farrimond<br>FARRIMOND LAW OFFICES<br>90 New Montgomery St, Ste 1250<br>San Franisco, CA 94105<br>rfarrimond@farrimondlaw.com | Attorney for Cross-Defendant Shilpa Gogri |

[X]    BY EMAIL: I electronically transmitted a true and correct copy thereof to the interested parties' electronic notification address(es) of record before close of business for the purpose of effecting service and the transmission was reported as complete and without error.

[X]    BY U.S. MAIL: I placed a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States at Fresno, California

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 7, 2024, at Fresno, California.

_____
Letitia Sanches

PROOF OF SERVICE

2

# Exhibit 4

Electronically Received 11/28/2023 11:11 AM

HOLLAND & KNIGHT LLP
  David I. Holtzman (SBN 299287)
  Jon Feldon (SBN 252513)
  Andrew Klair (SBN 334960)
560 Mission Street, Suite 1900
San Francisco, CA  94105
Telephone:  415.743.6900
Fax:  415.743.6910
E-mail:  david.holtzman@hklaw.com
        jon.feldon@hklaw.com
        andrew.klair@hklaw.com

Attorneys for Petitioner Karan Gogri, Beneficiary

**FILED**
Superior Court of California
County of Alameda
11/28/2023
Chad Finke, Executive Officer/Clerk of the Court
By: _____ Deputy
A. Brophy

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| In re the:<br><br>JAYANTILAL K. GOGRI TRUST,<br>dated October 22, 2012<br><br>-----------------------------------------------------<br><br>KARAN GOGRI as Beneficiary of the<br>JAYANTILAL K. GOGRI TRUST<br>dated October 22, 2012<br><br>Petitioner,<br><br>vs.<br><br>MAHESH GOGRI, individually and as<br>TRUSTEE OF THE JAYANTILAL K.<br>GOGRI TRUST dated October 22, 2012;<br>and SHILPA GOGRI, individually,<br><br>Respondents. | Case No.: 23PR052533<br><br>**PETITION FOR ORDER:**<br><br>**1) SUSPENDING AND REMOVING MAHESH GOGRI AS TRUSTEE OF THE JAYANTILAL K. GOGRI TRUST;**<br><br>**2) COMPELLING AN ACCOUNTING BY TRUSTEE;**<br><br>**3) FOR RETURN OF TRUST PROPERTY AND IMPOSITION OF DOUBLE DAMAGES; AND**<br><br>**4) FOR SURCHARGE, PLUS INTEREST.**<br><br>Hearing Date:<br>Time:<br>Dept:<br>Judge: |

#233045924_v2

1

PETITION FOR SUSPENSION AND                                    Case No. _____
REMOVAL OF TRUSTEE, ETC.

Petitioner Karan Gogri ("Petitioner") hereby submits this Petition For Order:  1) Suspending And Removing Mahesh Gogri As Trustee Of The Jayantilal K. Gogri Trust; 2) Compelling An Accounting By Trustee; 3) For Return of Trust Property And Imposition Of Double Damages; and, 4) For Surcharge, Plus Interest (the "Petition"), and alleges on information and belief as follows:

## INTRODUCTION AND FACTUAL BACKGROUND

1.     This matter involves a trustee (Respondent) completely ignoring his fiduciary obligations to benefit himself, at the expense of his father (the Settlor) and his own son (Petitioner), the sole beneficiary of the subject trust.

2.     Petitioner Karan Gogri is the son of Mahesh Gogri ("Mahesh") and Shilpa Gogri ("Shilpa"), and the grandson of Trustor Jayantilal K. Gogri ("Settlor" or "Jayantilal.")[1]

3.     On October 22, 2012, Jayantilal executed the Jayantila K. Gogri Trust (the "Trust"), with the assistance of counsel.  A true and correct copy of the Trust is attached hereto as "**Exhibit A**".

4.     The Trust instrument names Mahesh, Jayantilal's son, as Trustee, and Petitioner as first successor trustee.  Shilpa is second successor trustee, after Petitioner.  (See Exhibit A at Sections 3.2 and 3.3, respectively.)

5.     Jayantilal was to be primary beneficiary for his lifetime.  On Jayantilal's death, outside of items of tangible personal property, Petitioner is named as sole beneficiary of the Trust. (See Exhibit A at section 5.1.2.)  The Trust instrument expressly disinherits Chanchal Gogri ("Chanchal"), Jayantilal's estranged wife,  as well as Hansa Chhaddva ("Hansa"), Jayantilal's daughter, and her descendants.  (See Exhibit A at Sections 3.5.1, and 3.5.2, respectively.)  Hansa is Mahesh's sister.  Were Petitioner to predecease Jayantilal, Petitioner's children would inherit instead.  If Petitioner did not have children when he predeceased Jayantilal, Mahesh would inherit instead. (*Id*.).  Petitioner is alive and well at the time of this filing.

6.     Schedule "A" of the Trust described the Trust assets, including the following:  the real property located at 7696 Fredericksen Lane, Dublin, California 94568 (the "7696 Frederickson

---

[1]     Most of the individuals involved in this matter share the Gogri surname, so first names are used throughout to avoid confusion.  No disrespect is intended to anyone.

#233045924_v2

2

PETITION FOR SUSPENSION AND                                      Case No. _____
REMOVAL OF TRUSTEE, ETC.

Lane"); all of Jayantilal's bank accounts (but not IRAs), including, but not limited to, checking accounts, savings accounts, and certificates of deposit; and, all stocks bonds, mutual funds or other securities that are not held in an IRA, Keogh, or/and IRC §401-type plan.  A true and correct copy of Schedule "A" of the Trust is attached hereto as "**Exhibit B**".

7.    Jayantilal had also executed a pour-over will on October 22, 2012, putting any assets remaining in his personal estate on his death into the Trust.  A true and correct copy of the pour-over will is attached hereto as "**Exhibit C**".

8.    On information and belief, the Trust was never amended nor restated.

9.    At the time the Trust was established, the 7696 Frederickson Lane belonged to Jayantilal as his sole and separate property. [2]  Mahesh duly recorded 7696 Frederickson Lane as Trust property on October 31, 2012.  A true and correct copy of the recorded deed indicating the Trust's ownership of the Trust's Real Property is attached hereto as "**Exhibit D**".

10.    On April 7, 2018, Jayantilal died, and the Trust became irrevocable.  Mahesh, still Trustee of the Trust, never sent notice as required by Probate Code section 16061.7(a)(1). Although Petitioner was aware that a Trust had been established in 2012 and that he was named as a beneficiary in the Trust instrument, he had never received a copy of the Trust, and did not know any other details about its contents.

11.    Petitioner was a law student at the time of the Trust's execution, and had no knowledge of his rights as a beneficiary.

12.    Mahesh told Shilpa and Karan that the Trust directed him to distribute 7696 Frederickson Lane to the three of them as joint tenants.  Mahesh made that transfer on September 17, 2018.

13.    The same day, Mahesh executed a deed of trust to mortgage 7696 Frederickson Lane for $480,000.00.  Karan was not made aware of this mortgage and never received any benefit from it.  Although a signature purporting to be Petitioner's appears on the mortgage, that signature is not

_____

[2]    While Jayantilal was married at the time of the formation of the trust, he had been separated from Chanchal by mutual agreement for 20 years.  Chanchal had executed a quit-claim deed ceding any interest in 7696 Frederickson Lane.

#233045924_v2                                                3

PETITION FOR SUSPENSION AND                                    Case No. _____
REMOVAL OF TRUSTEE, ETC.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA  94105
Tel: (415) 743-6900
Fax: (415) 743-6910

his. A true and correct copy of the mortgage deed of trust indicating that 7696 Frederickson Lane is held by Mahesh, Shilpa, and Petitioner as joint tenants is attached hereto as "**Exhibit E**".

14. Currently, Petitioner has no knowledge regarding any of the other assets in the Trust at the time of Jayantilal's death, nor whether or not assets in Jayantilal's personal estate were ever marshaled into the Trust as required by Jayantilal's will.

15. Over time, Mahesh and Shilpa's marriage deteriorated, and they began divorce proceedings, as well as civil litigation over family assets. These matters are active cases in Alameda County Family Court case number HF21118124, and Alameda County Civil Division case number 22CV023043, respectively.

16. Over the course of the aforementioned family and civil court proceedings, Petitioner became aware that Mahesh might have misrepresented the contents of the Trust. He requested and received a copy of the Trust instrument from Shilpa on or about October 30, 2023. On review of Jayantilal's estate planning documents Petitioner became aware of Mahesh's misrepresentations concerning the Trust, and realized he needed to act quickly, in particular to protect 7696 Frederickson Lane, which Mahesh is currently using as leverage in the Family Court and Civil Division matters.

### STANDING, JURISDICTION, AND VENUE

17. As sole and primary beneficiary of the Trust after Jayantilal's death, Petitioner has standing to pursue the claims asserted herein and seek the relief sought in this Petition as the successor in interest (Prob. Code section 17200 *et seq*.)

18. Alameda County is both the principal place of administration of the Trust, as well as the location of all known Trust property, and specifically 7696 Fredrickson Lane, the Trust's real property asset, improperly removed from the Trust. Therefore, jurisdiction and venue are proper in Alameda County (Probate Code section 17001-17003, and 17005.)

///

///

///

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

#233045924_v2

4

PETITION FOR SUSPENSION AND
REMOVAL OF TRUSTEE, ETC.

Case No. _____

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

## FIRST CAUSE OF ACTION TO REMOVE TRUSTEE, AND TO SUSPEND TRUSTEE PENDING REMOVAL

**Prob. Code sections 15642(a), (b)(1) and (9), and (e); 16420(a)(5); and, 17200(b)(10)**

**(Against Mahesh Gogri as Trustee of the Jayantilal K. Gogri Trust dated October 22, 2012)**

19. Petitioner realleges and incorporates all previous paragraphs as if fully set forth herein.

20. Breaches of trust are grounds for a court's removal of a trustee (Prob. Code section 15642, subd. (b)(1).) Mahesh committed multiple breaches of his fiduciary duties, including but not limited to, the following:

a. Failing to administer the Trust in accordance with its terms (Prob. Code section 16000).

b. Failing to administer the Trust solely in the interest of the beneficiary (Prob. Code section 16002).

c. Using or dealing with Trust property for the trustee's own profit or for any other purpose unconnected with the Trust, and for taking part in transactions in which the trustee has an interest adverse to the beneficiary (Prob. Code section 16004).

d. Failing to take reasonable steps under the circumstances to take, keep control of, and preserve Trust property (Prob. Code section 16006).

e. Failing to keep Trust property separate from other property not subject to the trust, and to see that Trust property is designated as property of the Trust (Prob. Code section 16009).

f. Failing to give required notice pursuant to Probate Code section 160671.7(a)(1). Mahesh has, to all outward appearances, acted as if the Trust instrument did not exist. The Trust is explicit that Petitioner is the sole beneficiary of the Trust, and that all Trust assets are to be distributed to him, free of Trust as Petitioner is older than 25 years (*See* Exhibit A, section 5.1.4). Instead, immediately on Jayantilal's death, Mahesh split 7696 Fredrickson Lane between himself, Shilpa, and Petitioner, and is now attempting to cement that improper distribution via unrelated proceedings in the family court. There is no record or trace of any of the other Trust assets, including bank and investment accounts, and Petitioner's suspicions that Mahesh has taken those

#233045924_v2                                                  5

PETITION FOR SUSPENSION AND                                          Case No. _____
REMOVAL OF TRUSTEE, ETC.

assets for himself are both reasonable and probable.  Mahesh should be removed for his breaches of fiduciary duty.

21.    The Court may remove trustees for other good cause (Prob. Code section 15642(b)(9).)  Mahesh's failure to acknowledge or obey the terms of the Trust, his bad faith dealings and communications with Petitioner (the sole beneficiary of the Trust), and his seeming willingness to simply steal assets from the Trust warrant the Court's finding good cause to remove Mahesh as trustee, irrespective of the breaches of Trust that also merit his removal.

22.    Probate Code section 15642(e) empowers the Court to suspend a trustee if it appears to the Court that trust property or the interests of a beneficiary may suffer loss or injury pending a decision on a petition for removal of a trustee and any appellate review, on its own motion, or on the motion or petition of a co-trustee or beneficiary.  On information and belief, Mahesh has acted as if the Trust assets were his own since the Trust was established in 2012, and is currently attempting to evict the current tenants of the Trust's sole real property asset to benefit himself in his divorce proceedings with Shilpa.  To protect Petitioner and the Trust from further harm the Court should immediately suspend Mahesh as trustee pending proceedings concerning his removal.

### SECOND CAUSE OF ACTION TO COMPEL AN ACCOUNTING

**Prob. Code sections 1061, *et seq.*, 10900 *et seq.*, 17200, *et seq.***

**(Against Mahesh Gogri as Trustee of the Jayantilal K. Gogri Trust dated October 22, 2012)**

23.    Petitioner realleges and incorporates all previous paragraphs as if fully set forth herein.

24.    Petitioner is entitled to information reasonably related to his interest, pursuant to Probate Code sections 16060 and 16061.

25.    On the petition of a beneficiary, the Court may issue an order compelling the trustee of a trust to account to the beneficiary if the trustee has failed to submit a requested account within 60 days after the beneficiary's reasonable written request, and no account has been made within six months preceding the request.  (Prob. Code section 17200, subd. (b)(7)(C).)  Petitioner is a beneficiary of the Trust, and, by means of this Petition, hereby formally and reasonably requests in writing that Mahesh, as Trustee of the Trust, provide an accounting for the period of time beginning

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA  94105
Tel: (415) 743-6900
Fax: (415) 743-6910

#233045924_v2

6

PETITION FOR SUSPENSION AND
REMOVAL OF TRUSTEE, ETC.

Case No. _____

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

at the establishment of the Trust on October 22, 2012, through to the date this Petition was filed. If Mahesh has not provided the requested accounting within 60 days of service of this Petition, Petitioner requests that the Court order an accounting for the period of time beginning at the time of Jayantilal's death through to the date on which the Court orders Mahesh to account. No account has been made within six months preceding this request, because no account has ever been made for the Trust.

26.     Unless Mahesh provides an accounting as described above within 60 days of service and filing of this Petition, he should be compelled to prepare and file with this Court within 30 days a complete accounting of the Trust from October 22, 2012 to the present, in proper statutory form.

**THIRD CAUSE OF ACTION FOR RETURN OF TRUST PROPERTY AND IMPOSITION OF DOUBLE DAMAGES**

**Probate Code section 850 *et seq.*, 859**

**(Against Mahesh Gogri as Trustee of the Jayantilal K. Gogri Trust dated October 22, 2012; Mahesh Gogri as an individual; and Shilpa Gogri, in part)**

27.     Petitioner realleges and incorporates all previous paragraphs as if fully set forth herein.

28.     At the time of Jayantilal's death 7696 Fredrickson Lane was titled in the name of the Trust. Mahesh, as Trustee of the Trust, distributed that property to himself, Shilpa, and Petitioner as joint tenants, ignoring the provisions of the Trust instrument that required him to distribute 7696 Fredrickson Lane solely to Petitioner, free of Trust.

29.     Probate Code sections 850 *et seq*. authorize Petitioner, as an interested person, to request an order from the Court to recover assets improperly titled outside of Trust. Here, the property in question was titled in the name of the Trust at the time of Settlor's death, and Mahesh improperly transferred it out of Trust by distributing it against the explicit directions of the Trust instrument. The Court should order that 7696 Fredrickson Lane be returned to the Trust for proper distribution solely to Petitioner, in accordance with the Trust instrument.

30.     If the Court finds that Mahesh has in bad faith wrongfully taken, concealed, or disposed of property belonging to a trust, Mahesh shall be liable for twice the value of the property

#233045924_v2

7

PETITION FOR SUSPENSION AND
REMOVAL OF TRUSTEE, ETC.

Case No. _____

recovered by an action taken under Prob. Code section 850 *et seq*. (Prob. Code section 859). By virtue of having stolen Trust property to benefit himself and Shilpa at Petitioner's expense, Mahesh should be found liable for double damages, to be determined at trial.

### FOURTH CAUSE OF ACTION FOR SURCHARGE, PLUS INTEREST

**Probate Code section 16420(a)(3); 16440(a); and 16441(a)**

**(Against Mahesh Gogri as Trustee of the Jayantilal K. Gogri Trust dated October 22, 2012)**

31. Petitioner realleges and incorporates all previous paragraphs as if fully set forth herein.

32. A trustee who commits a breach of trust is chargeable with any loss or depreciation in value of the trust estate resulting from the breach of trust, with interest (Prob. Code section 16440, subd. (a).) If a trustee is liable for interest pursuant to section 16440, the trustee is also liable for interest that accrues at the legal rate on judgments in effect during the period when the interest accrued. (Prob. Code section 16441, subd. (a).)

33. Mahesh, through his breaches of fiduciary duties, has caused loss to the Trust for at least the value of 7696 Frederickson Lane, and possibly much more in the form of embezzled bank/investment accounts and other assets. The Trust has lost substantial income since Jayantilal's death in 2018 due to Mahesh's improper distribution of the aforementioned property, and possibly incurred other losses due to Mahesh's other probable misappropriations.

34. Because Mahesh's breaches of fiduciary duty are responsible for these significant, ongoing, and unnecessary losses to the Trust, the Court should surcharge Mahesh and require him to pay interest, in an amount to be determined at trial.

35. Petitioner will seek leave of Court to amend this Petition to include, when discovered, other such assets improperly outside of the Trust which are unknown to Petitioner at the time of filing this Petition.

///

///

///

///

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

#233045924_v2

8

PETITION FOR SUSPENSION AND REMOVAL OF TRUSTEE, ETC.

Case No. _____

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

## NOTICE

36.    The names and mailing addresses of those entitled to notice are as follows:

| | |
|---|---|
| Mahesh Gogri<br>404 Miwok Ct.<br>Fremont, California 94539 | Trustee and Contingent Beneficiary of the Jayantilal K. Gogri Trust dated October 22, 2012;<br><br>Current holder of the real property at 7696 Frederickson Lane in purported joint tenancy. |
| Shilpa Gogri<br>404 Miwok Ct.<br>Fremont, California 94539 | Current holder of the real property at 7696 Frederickson Lane in purported joint tenancy. |
| Thornton Davidson, Esq.<br>**Thornton Davidson, P.C.**<br>1195 W. Shaw Avenue, Suite A<br>Fresno, California 93711<br>559-916-6055<br>thornton@thorntondavidsonlaw.com | Attorney for Mahesh Gogri |
| Rodney L. Donohoo, Esq.<br>**The Law Offices of Rodney L. Donohoo, APC**<br>16236 San Dieguito Rd., Suite 1-12<br>Rancho Santa Fe, California 92067<br>858-914-3394<br>rdonohoo@donohoolaw.com | Attorney for Shilpa Gogri |

## CONCLUSION

37.    Mahesh has proven himself to be an almost textbook example of fiduciary neglect and bad faith.  He has acted from the beginning of his trusteeship as if the Trust instrument did not exist, and has treated Trust assets as if they were his own to distribute at his personal discretion.  At no point has Mahesh properly represented to Karan his rights under the Trust. Indeed, based on Petitioner's current understanding, even now Mahesh attempts to leverage his "ownership" interest in the 7696 Frederickson Lane in his divorce proceedings with Shilpa.  Pursuant to the extremely clear and straightforward terms of the Trust instrument, Petitioner is entitled to receive 7696 Frederickson Lane, in fee simple absolute.  Mahesh, however, continues to ignore his duties as trustee and the Trust itself, and has instead diverted the Trust's real property to serve his personal agenda.

38.    For the foregoing reasons, the Court should suspend Mahesh as Trustee of the Jayantilal K. Gogri Trust dated October 22, 2012, and ultimately remove him as well.  Mahesh

#233045924_v2

9

PETITION FOR SUSPENSION AND
REMOVAL OF TRUSTEE, ETC.

Case No. _____

should be ordered to account if he has not already done so within 60 days of the date of filing of this Petition, ordered to return 7696 Frederickson Lane to the Trust, and to pay double damages for having taken that property out of trust in bad faith, along with any other Trust assets discovered to have been improperly removed from the Trust as well. The Court should surcharge Mahesh for his breaches, with interest, in an amount to be determined through discovery.

**WHEREFORE,** Petitioner prays to this Court for an Order:

1. Suspending Mahesh Gogri as Trustee of the Jayantilal K. Gogri Trust date October 22, 2012;

2. Removing Mahesh Gogri as Trustee of the Jayantilal K. Gogri Trust date October 22, 2012;

3. Compelling Mahesh Gogri to file a Probate Code-compliant accounting of the Jayantilal K. Gogri Trusted dated October 22, 2012, for the period beginning on October 22, 2012, to the date of the Court's Order;

4. For surcharge pursuant to Probate Code section 16440(a), in an amount to be determined at trial;

5. For interest accrued on the amount surcharged, calculated at the legal rate from time of loss, to be determined at trial;

6. For damages and double damages in an amount to be determined at trial;

7. Awarding costs of suit, including attorneys' fees to the fullest extent allowed by law; and,

8. For such other relief the Court deems proper.

                                        Respectfully submitted,

Dated: November 27, 2023                HOLLAND & KNIGHT LLP

                                        By: _____
                                            David I. Holtzman
                                            Jon Feldon
                                            Andrew Kair
                                            Attorneys for Petitioner Karan Gogri

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

#233045924_v2                           10

PETITION FOR SUSPENSION AND                              Case No. _____
REMOVAL OF TRUSTEE, ETC.

# <u>VERIFICATION</u>

I, Karan Gogri, declare as follows:

I have read the foregoing **PETITION FOR ORDER: 1) SUSPENDING AND REMOVING MAHESH GOGRI AS TRUSTEE OF THE JAYANTILAL K. GOGRI TRUST; 2) COMPELLING AN ACCOUNTING BY TRUSTEE; 3) FOR RETURN OF TRUST PROPERTY AND IMPOSITION OF DOUBLE DAMAGES; AND 4) FOR SURCHARGE, PLUS INTEREST** and know its contents.  I am party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 27, 2023, at ___La Mesa_____, ___California_____.

DocuSigned by:

*Karan Gogri*

A890B78E693F463...

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA  94105
Tel: (415) 743-6900
Fax: (415) 743-6910

#233045924_v2

11

PETITION FOR SUSPENSION AND
REMOVAL OF TRUSTEE, ETC.

Case No. _____

# Exhibit 5

PLD-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Thornton Davidson  SBN #166487<br>THORNTON DAVIDSON, P.C.<br>1195 W. Shaw Avenue, Suite A<br>Fresno, California 93711<br>TELEPHONE NO.: (559) 916-6055    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* thornton@thorntondavidsonlaw.com<br>ATTORNEY FOR *(Name):* Defendant MAHESH GOGRI | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>04/13/2023 at 03:17:02 PM<br>By: Angela Linhares,<br>Deputy Clerk |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda<br>STREET ADDRESS: 24405 Amador Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Hayward 94544<br>BRANCH NAME: Hayward Hall of Justice |

| | |
|---|---|
| PLAINTIFF/PETITIONER:  KARAN GOGRI<br><br>DEFENDANT/RESPONDENT:  MAHESH GOGRI et al. | |
| **GENERAL DENIAL** | CASE NUMBER::<br>22CV023043 |

If you want to file a general denial, you MUST use this form if the amount asked for in the complaint or the value of the property involved is $1,000 or less.

You MAY use this form for a general denial if:
   1. The complaint is not verified; *or*
   2. The complaint is verified and the case is a limited civil case (the amount in controversy is $25,000 or less),
      BUT NOT if the complaint involves a claim for more than $1,000 that has been assigned to a third party for collection.

(See Code of Civil Procedure sections 85–86, 90–100, 431.30, and 431.40.)

1.  DEFENDANT *(name):* MASHESH GOGRI
    generally denies each and every allegation of plaintiff's complaint.

2.  ☑    DEFENDANT states the following FACTS as separate affirmative defenses to plaintiff's complaint *(attach additional pages if necessary):*
    See Affirmative Defense, attached hereto.

Date: Apr 13, 2023

Thornton Davidson, Esq.                                    *Thornton Davidson*
_____                    ▶ _____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF DEFENDANT OR ATTORNEY)

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your right to bring the claim. (See Code of Civil Procedure sections 426.10–426.40.)

The original of this *General Denial* must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. There are two main ways to serve this *General Denial*:  by personal delivery or by mail. It may be served by anyone at least 18 years of age EXCEPT you or any other party to this legal action.  Be sure that whoever serves the *General Denial* fills out and signs a proof of service.  You may use the applicable Judicial Council form (such as form POS-020, POS-030, or POS-040) for the proof of service.

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>PLD-050 [Rev. January 1, 2009] | **GENERAL DENIAL** | Code of Civil Procedure, §§ 431.30, 431.40<br>www.courtinfo.ca.gov |

**ATTACHMENT 1**
**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
**Failure to State a Cause of Action**

As a first, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant MAHESH GOGRI alleges that Complainant KARAN GOGRI's unverified Complaint, in its entirety, nor any purported cause of action set forth therein, alleges facts sufficient to constitute a cause of action against this answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**
**Ambiguity**

As a second, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's unverified Complaint does not clearly state the amount or issues in this case, making it difficult for this answering Defendant to respond. This answering Defendant requests that the court grant leave to amend this answer to allow additional defenses once additional information is discovered that will allow any additional defenses to be known by the Defendant.

**THIRD AFFIRMATIVE DEFENSE**
**Statute of Limitations**

As a third, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims are time barred due to the running of the applicable statutes of limitations on those claims.

**FOURTH AFFIRMATIVE DEFENSE**
**Laches**

As a fourth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's unverified Complaint is time barred by laches, due to Complainant's unreasonable delay in filing the Complaint. Defendant' ability to defend against the Complaint has been severely prejudiced due to Complainant's unreasonable delay in filing the Complaint.

## FIFTH AFFIRMATIVE DEFENSE
### Breach of Contract by Complainant

As a fifth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims are forfeited or proportionally reduced because of Complainant's breach of the terms of any and all agreements with Defendant, including any express and implied warranties, and negligently and carelessly performing their own obligations.

## SIXTH AFFIRMATIVE DEFENSE
### No Breach of Contract by Defendant

As a sixth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that he performed all duties owed under the contract with Complainant, other than any duties which were prevented or excused, and therefore never breached the agreement.

## SEVENTH AFFIRMATIVE DEFENSE
### Failure to Mitigate Damages

As a seventh, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims are forfeited or proportionally reduced due to Complainant's failure to mitigate any damages that he alleges.

## EIGHTH AFFIRMATIVE DEFENSE
### Waiver

As an eighth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant has waived each and every of the claims stated in their Complaint by their representations or actions, and therefore cannot sustain their Complaint.

///
///
///
///
///
///

GENERAL DENIAL AND AFFIRMATIVE DEFENSES

2

## NINTH AFFIRMATIVE DEFENSE
**Estoppel**

As a ninth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant is equitably estopped from making the claims contained in their Complaint against Defendant.

## TENTH AFFIRMATIVE DEFENSE
**Unjust Enrichment**

As a tenth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant is seeking to recover damages from Defendant to which Complainant is not entitled and Defendant are not liable, and any award of damages to Complainant would constitute unjust enrichment of the Complainant.

## ELEVENTH AFFIRMATIVE DEFENSE
**Statute of Frauds**

As an eleventh, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims are based on a theory of an oral contract, but such a contract would be unenforceable because it is required to be in writing pursuant to Civil Code § 1624(a)(1-7).

## TWELFTH AFFIRMATIVE DEFENSE
**Parol Evidence Rule**

As a twelfth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that the written agreement between the parties was intended to be the full agreement between the parties, and that the Complainant cannot present any evidence not in writing to establish any terms of the contract not in the written agreement.

## THIRTEENTH AFFIRMATIVE DEFENSE
**Accord and Satisfaction**

As a thirteenth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims in his Complaint are barred or proportionally reduced by the doctrine of accord and satisfaction.

GENERAL DENIAL AND AFFIRMATIVE DEFENSES

3

## FOURTEENTH AFFIRMATIVE DEFENSE
### Prevention of Performance

As a fourteenth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant prevented, precluded or excused Defendant from performing under the agreements as defined under Civil Code § 1511, if any were unperformed at all, and therefore Complainant's claims against Defendant are barred or proportionally reduced.

## FIFTEENTH AFFIRMATIVE DEFENSE
### Anticipatory Repudiation

As a fifteenth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant anticipatorily repudiated the contract, and therefore no further performance was required by the Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE
### Rescission of Contract

As a sixteenth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant rescinded the contract as described in Civil Code § 1691, and therefore no further performance was required by the Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### Fraud, Deceit, or Misrepresentation by Complainant

As a seventeenth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims are barred due to Complainant's fraud, deceit or misrepresentations in the inception of and throughout the transactions.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### Failure of Consideration

As an eighteenth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims contained in their Complaint are barred due to the failure of consideration on Complainant's behalf and due to no fault of Defendant, and that any recovery by Complainant would be unconscionable.

## NINETEENTH AFFIRMATIVE DEFENSE
### Quantum Meruit

As a nineteenth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims in his Complaint are barred or proportionally reduced under the doctrine of quantum meruit.

## TWENTIETH AFFIRMATIVE DEFENSE
### Offset

As a twentieth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims in their Complaint are barred or proportionally reduced because Complainant owes money or other valuable consideration to Defendant, and Complainant's claims are offset by the money or other valuable consideration owed to Defendant.

## TWENTY FIRST AFFIRMATIVE DEFENSE
### No Damage to Complainant

As a twenty first, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that, even if all of Complainant's other claims are true, Complainant did not suffer any damages and are thus barred from recovery from Defendant.

## TWENTY SECOND AFFIRMATIVE DEFENSE
### Novation

As a twenty second, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims in their Complaint are barred or proportionally reduced due to novation of the agreement.

## TWENTY THIRD AFFIRMATIVE DEFENSE
### Unclean Hands

As a twenty third, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims in their Complaint are barred or proportionally reduced by the doctrine of unclean hands, and that any recovery by Complainant would be unconscionable.

## TWENTY FOURTH AFFIRMATIVE DEFENSE
### Frustration of Purpose

As a twenty fourth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims in his Complaint are barred or proportionally reduced by the doctrine of frustration of purpose.

## TWENTY FIFTH AFFIRMATIVE DEFENSE
### Impracticality

As a twenty fifth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims in their Complaint are barred or proportionally reduced by the doctrine of impracticality.

## TWENTY SIXTH AFFIRMATIVE DEFENSE
### Release

As a twenty sixth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's actions constituted a full release by Complainant of any and all claims which he may have had against this answering Defendant.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE
### Full Performance

As a twenty seventh, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges his full performance of any agreement or act required of them, if there be such agreements or acts, fulfills all of their duties and obligations to Complainant, if any there be, contractual, fiduciary, or otherwise, and no other duty or obligation to Complainant remains on behalf of this answering Defendant.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE
### In Pari Delicto

As a twenty eighth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims in their Complaint are barred or proportionally reduced because Complainant's actions and courses of conduct rendered them in *pari delicto*.

GENERAL DENIAL AND AFFIRMATIVE DEFENSES

6

**TWENTY NINTH AFFIRMATIVE DEFENSE**
**Ratification of Acts**

As a twenty ninth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant, by his acts, conduct and/or omissions, has ratified the acts, conduct and omissions, if any, of this answering Defendant; therefore, Complainant is barred from seeking any relief from this answering Defendant.

**THIRTIETH AFFIRMATIVE DEFENSE**
**No Reasonable Reliance**

As a thirtieth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims in their Complaint are barred or proportionally reduced because Complainant did not reasonably rely upon any alleged misrepresentations or nondisclosure of material facts made by this answering Defendant. Therefore, Complainant is barred from seeking any recovery from this answering Defendant.

**THIRTY FIRST AFFIRMATIVE DEFENSE**
**Comparative Negligence**

As a thirty first, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims in his Complaint are barred or proportionally reduced due to Complainant's comparative negligence. This answering Defendant alleges that any and all events and happenings, injuries and damages, if any, referred to in the Complaint were proximately caused or contributed to by the negligence and fault of Complainant's in that Complainant did not exercise ordinary care on his own behalf at the time and places referred to in the Complaint.  Therefore, Complainant is completely barred from recovery herein. In the alternative, under the doctrine of pure comparative negligence and fault, said acts of Complainant reduce his right to recovery herein by the amount in which said acts contributed to their damages, if any.

**THIRTY SECOND AFFIRMATIVE DEFENSE**
**Failure of Condition Precedent**

As a thirty second, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims in his Complaint are barred or

GENERAL DENIAL AND AFFIRMATIVE DEFENSES

7

proportionally reduced due to the failure of conditions precedent in the agreement between the parties.

### THIRTY THIRD AFFIRMATIVE DEFENSE
### Failure to Act in a Commercially Reasonable Manner

As a thirty third, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims in his Complaint are barred or proportionally reduced due to Complainant's failure to act in a commercially reasonable manner.

### THIRTY FOURTH AFFIRMATIVE DEFENSE
### Mistake in Law or Fact

As a thirty fourth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims in his Complaint are barred or proportionally reduced due to a mistake in law or fact in the terms of the agreement.

### THIRTY FIFTH AFFIRMATIVE DEFENSE
### Unilateral Mistake

As a thirty fifth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims in their Complaint are barred or proportionally reduced due to a unilateral mistake.

### THIRTY SIXTH AFFIRMATIVE DEFENSE
### Mutual Mistake

As a thirty sixth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that Complainant's claims in their Complaint are barred or proportionally reduced due to a mutual mistake.

### THIRTY SEVENTH AFFIRMATIVE DEFENSE
### De Minimis

As a thirty seventh, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that the damages alleged by Complainant is *de minimis* and trivial in nature.

**THIRTY EIGHTH AFFIRMATIVE DEFENSE**
**No Attorney's Fees Available to Complainant**

As a thirty eighth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that the Complaint each of the purported causes of action therein fails to state facts sufficient to support an award of attorney's fees against this answering Defendant. This answering Defendant have incurred, and will incur in the future, attorney's fees costs and request an award of attorneys' fees and costs to be paid by the Complainant pursuant to the contract terms and provisions.

**THIRTY NINTH AFFIRMATIVE DEFENSE**
**No Attorney's Fees Available to Complainant**

As a thirty ninth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that the Complaint and each of the purported causes of action therein fails to state facts sufficient to support an award of attorney's fees against this answering Defendant. This answering Defendant has incurred, and will incur in the future, attorney's fees costs and request an award of attorneys' fees and costs to be paid by the Complainant pursuant to the contract terms and provisions.

**FORTIETH AFFIRMATIVE DEFENSE**
**Failure of Contract**

As a fortieth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that any duty or obligation to Complainant has been excused by the failure of consideration, waiver, breach of condition precedent, breach of contract, default, election of remedies, impossibility of performance, prevention, frustration of purpose and/or acceptance by Complainant, its representatives, agents, and/or employees.

**FORTY FIRST AFFIRMATIVE DEFENSE**
**Good Faith of Defendant**

As a forty first, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that answering Defendant have at all times acted in good faith and observed all reasonable standards in its actions and dealings with Complainant.

GENERAL DENIAL AND AFFIRMATIVE DEFENSES

9

**FORTY SECOND AFFIRMATIVE DEFENSE**
**Consent of Complainant**

As a forty second, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that each purported cause of action of the Complaint is barred by reason of Complainant's consent to the acts and/or conditions alleged in the complaint.

**FORTY SECOND AFFIRMATIVE DEFENSE**
**Intervening Negligence of Third Parties**

As a forty second, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant is informed and believe and based thereon alleges that any and all events and happenings in connection with the matters alleged in the Complaint, and the resulting injuring and damages, purportedly suffered by the Complainant, if any, were proximately caused and contributed to by the independent, intervening, negligent, intentional, willful and unlawful conduct of other Complainant, independent third parties and/or their agents, which therefore bars Complainant from recovering the damages sought in the Complaint from this answering Defendant.

**FORTY THIRD AFFIRMATIVE DEFENSE**
**Cross-Complaint**

As a forty third, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant asserts that he is entitled to the relief set forth in his Cross-Complaint against Complainant KARAN GOGRI and Cross-Defendant SHILPA GOGRI, which is filed concurrently with this Answer and Affirmative Defenses.

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
COUNTY OF FRESNO    )        ss.

I certify and declare as follows:

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years and not a party to the within above entitled action; my business address is 1195 W. Shaw Ave., Ste. A, Fresno, California 93711, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United Stated Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On April 13, 2023, at my place of business in Fresno, California, I served the within: General Denial and Affirmative Defenses, as follows:

| John Kern<br>David Holtzman<br>Holland & Knight<br>50 California St., 28th Floor<br>San Francisco, CA 94111<br>john.kern@hklaw.com<br>david.holtzman@hklaw.com | Attorney for Complainant |
|---|---|

[ ]    BY EMAIL: I electronically transmitted a true and correct copy thereof to the interested parties' electronic notification address(es) of record before close of business for the purpose of effecting service and the transmission was reported as complete and without error.

[x]    BY U.S. MAIL: I placed a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States at Fresno, California

[ ]    BY OVERNIGHT MAIL: I caused each envelope with postage thereon fully prepaid, to be sent by overnight express delivery carrier.

[ ]    BY FACSIMILE: I caused a true and correct copy thereof to be sent by facsimile transmission to the above-listed numbers.

[ ]    BY HAND DELIVERY: I caused a true and correct thereof to be delivered by hand to the offices listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 13, 2023, at Fresno, California.


Boden Davidson (Apr 13, 2023 14:50 PDT)

Boden Davidson

GENERAL DENIAL AND AFFIRMATIVE DEFENSES

11